Slip Op. 22-110

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **UNITED STATES,** | |
| Plaintiff, | Before: Jane A. Restani, Judge |
| v. | Court No. 22-00215 |
| **ZHE "JOHN" LIU, GL PAPER DISTRIBUTION, LLC,** | |
| Defendants, | |

OPINION AND ORDER

Dated: September 20, 2022

[Motion to strike portion of complaint denied.]

<u>William George Kanellis</u>, Commercial Litigation Branch, U.S. Department of Justice, of Washington, DC, for Plaintiff United States of America.  With him on the brief were <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, and <u>Franklin E. White, Jr.</u>, Assistant Director, Commercial Litigation Branch, U.S. Department of Justice, of Washington, DC.  Of counsel on the brief was <u>Steven J. Holtkamp</u>, Staff Attorney, U.S. Customs and Border Protection, Office of the Assistant Chief Counsel, of Chicago, IL.

<u>David John Craven</u>, Craven Trade Law LLC, of Chicago, IL, for Defendant Zhe "John" Liu and GL Paper Distribution, LLC.

Zhe "John" Liu and GL Paper Distribution, LLC (collectively, "Liu"), has moved pursuant to USCIT Rule 12(f) to strike portions of the complaint presented by the United States ("Government"), arguing that paragraphs 5–10, 14, 16, 17, 21, 22, and the majority of paragraph 3 of the complaint are "wholly unrelated to the underlying action and contain allegations that are potentially prejudicial."  Mot. to Strike at 2, ECF No. 6 (Aug. 8, 2022) ("Mot. to Strike").  The

Government opposes this motion, arguing "these paragraphs are directly relevant" to the claim

brought.  Opp'n. Resp. to the Mot. to Strike at 2, ECF No. 9 (Sept. 8, 2022) ("Opp'n.").

      USCIT Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."  USCIT Rule 12(f).

The court has broad discretion to grant or deny motions to strike.  See Aero Rubber Co. v.

United States, 43 CIT __, __, 359 F. Supp. 3d 1363, 1366 (2019).

       "The USCIT rules and procedures are designed to streamline litigation," United States v.

Peeples, 17 CIT 326, 327 (1993), and courts administer rules "to secure the just, speedy, and

inexpensive determination of every action and proceeding," Aero Rubber Co., 43 CIT at __, 359

F. Supp. 3d at 1366.  Therefore, the court has found Rule 12(f) motions to strike "constitut[e] an

extraordinary remedy," and that "courts will not grant motions to strike unless the brief

demonstrates a lack of good faith, or that the court would be prejudiced or misled by the

inclusion in the brief of the improper material."  Sumecht NA, Inc. v. United States, 42 CIT __,

__, 331 F. Supp. 3d 1408, 1411 (2018) (quoting United States v. Am. Cas. Co. of Reading, 39

CIT __, __, 49 F. Supp. 3d 1346, 1347, (2015)); Jimlar Corp. v. United States, 10 CIT 671, 673,

647 F. Supp. 932, 934 (1986).

      Liu argues that the challenged portions of the complaint referred to entities and

transactions not involved with the import transactions at issue.  Mot. to Strike at 2.  Relevancy,

as the Government properly notes, is not in the focus of USCIT Rule 12(f).  See Opp'n. at 4; see

also USCIT Rule 12(f).  To strike such references as irrelevant to the case at hand would be

premature, as the relevancy of these references is a question of evidence.  Wine Mkts. Int'l v.

Bass, 177 F.R.D. 128 (E.D.N.Y. 1998) ("Evidentiary questions . . . should especially be avoided

at such a preliminary stage of the proceedings.  Usually questions of relevancy . . . require the

context of an ongoing and unfolding trial in which to be properly decided.") (quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976)).

Removing the challenged paragraphs as "immaterial" or "impertinent" also would be inappropriate at this stage in the proceeding. The Government properly notes that at the heart of the case is whether Liu exercised "reasonable care." Opp'n. at 2 (citing United States v. Ford Motor Co., 463 F.3d 1267, 1279 (Fed. Cir. 2006)). Liu's involvement, knowledge of, and prior experience in the wire hanger industry are material to this claim. The extent of this involvement is a matter to be proved or disproved by the parties, not a matter to be stricken at this stage. Cf. Acciai Speciali Terni S.P.A. v. United States, 24 CIT 1211, 1216, 120 F. Supp.2d 1101, 1106 (2000), ("There is no occasion for a party to move to strike portions of an opponent's brief (unless they be scandalous or defamatory) merely because he thinks they contain material that is incorrect, inappropriate, or not a part of the record. The proper method of raising those issues is by so arguing, either in the brief or in a supplemental memorandum, but not by filing a motion to strike.") (citing Dillon v. United States, 229 Ct. Cl. 631, 636 (1981)).

Liu contends that because allegations he deems "irrelevant" are included, they are also "prejudicial" and "could mislead." Mot. to Strike at 4, 5. The court may consider whether a proceeding would be prejudiced as a part of 12(f) analysis. See Sumecht NA, Inc., 42 CIT at __, 331 F. Supp. 3d at 1408. Prejudice is found when a party is "unfairly disadvantaged or deprived of an opportunity to present facts or evidence." Former Emps. of Quality Fabricating, Inc. v. United States, 28 CIT 1061, 1071, 353 F. Supp. 2d 1284, 1293 (2004); Ford Motor Co. v. United States, 19 CIT 946, 956, 896 F. Supp. 1224, 1231 (1995). If Liu is not involved with the companies that he states are irrelevant to the case, then this should be proven through evidence presented to the court at the appropriate time, not excluded through a motion to strike.

Therefore, upon consideration of Liu's motion to strike, and upon due deliberation, it is hereby

**ORDERED** that Liu's motion to strike is denied.


_____
/s/ Jane A. Restani
Jane A. Restani, Judge

Dated:  September 20, 2022
New York, New York