UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| United States<br><br>          *Plaintiff,*<br><br>v.<br><br>Zhe "John" Liu and<br>GL Paper Distribution, LLC<br><br>          *Defendants*. | Ct. No. 22-000215 |

Motion to Dismiss

Defendant[1] Zhe "John" Liu, by and through his attorney, hereby asserts the affirmative defense that the Statute of Limitations has run, and thus moves pursuant to Rule 12(b) of the Rules of the Court of International Trade for dismissal of this case with respect to Defendant Liu as untimely filed. This affirmative defense was raised in Defendant Liu's answer. Defendant Liu further moves, in the alternative, pursuant to Rule 12(b) of the Rules of the Court of International Trade for dismissal of this case against Defendant Liu for failure to state a claim against Defendant Liu. This affirmative defense was also raised in Defendant Liu's answer.

---

[1] As defendant GL Paper Distribution is a corporation, it can only appear in this matter through counsel. Counsel of Defendant Liu's appearance was only for Defendant Liu and not for GL Paper. Accordingly, GL Paper has not, to date, appeared in this matter and thus would appear to be in default. The relative positions of Defendant Liu and GL Paper are, to some degree in opposition, and this filing expressly does not represent the views or opinions of GL Paper.

**Facts:**

On October 17, 2022 Defendant Liu requested admissions from the Plaintiff United States pursuant to Rule 36 of the Rules of the U.S. Court of International Trade.  The plaintiff did not respond to this request for admissions within 30 days, and thus, pursuant to Rule 36(3), such requests are deemed admitted.  In this request for admissions, defendant Liu requested that the plaintiff admit or deny:

- That the entry paperwork for each entry in question was submitted on or before July 20, 2017;
- That Defendant Liu was not the importer of record;
- That Defendant Liu's name does not appear in any fashion on the import documentation;  and
- That plaintiff did not have any evidence was an owner, officer, or employee of co-defendant GL Paper.

Accordingly, for purposes of this action, the entry paperwork in question for all of the entries in this matter were made on or before July 20, 2017 and that CBP has no facts or evidence establishing any relationship between defendant Liu and GL Paper, the unrelated other defendant.

Such admissions simplify the resolution of this case as they establish beyond a doubt that the case was untimely filed.  Such conclusions can also be solely derived

from the pleadings. The complaint reflects a number of these facts. In paragraph 18, the plaintiff acknowledged that "GL Paper's public documents did not disclose Liu's involvement with the company" and further claimed that "Liu caused GL Paper to introduce or attempt to introduce, steel wire hangers". The complaint does not claim that Liu introduced or attempted to introduce the goods. (Complaint at ¶18).

The complaint alleges dates of entry, but does not allege the dates of the purported conduct. Critically, the date of entry is not the date that the paperwork is submitted to Customs. It is the date that the submitted paperwork is accepted by Customs. 19 CFR 141.68 sets for the rules for determining the date of entry. The date of the submission of the paperwork is no later than the date of entry.

The complaint makes no specific factual allegation with respect to Defendant Liu. The only two factual allegations were in paragraph 3 and paragraph 18. The first allegation was a general allegation in which Defendant Liu was generally alleged to have operated, directed, act as an agent or handled the importation of merchandise for a number of entities including Defendant GL Paper and 5 other entities which are not a part of this action, but without specifying which conduct was undertaken by each entity. Critically, the allegation, which states that John Liu operated and directed the entities also stated that John Liu was an agent of such

entities. This is not possible. One cannot be both a principal and an agent, the two are mutually exclusive. This allegation combined multiple conduct which necessarily would not be part of this matter and thus is not a proper allegation.

Paragraph 3 states:

> Defendant Zhe "John" Liu (Liu) was a Florida resident who resided at 1448 Holts Grove Circle, Winter Park, Florida. He operated, directed, was an agent of, and handled the importation of merchandise for multiple companies incorporated in Florida, including defendant GL Paper Distribution, LLC (GL Paper), NC Supply, Inc., NC Supply Group, LLC, CEK Group, LLC (CEK), Garment Cover Supply, LLC (GCS), and AB MA Distribution Corp. (ABMA), all companies through which LIU directed and abetted the importation of steel wire hangers.

The second allegation claims that Defendant Liu formed or caused the formation of GL Paper in June, 2016. If the act is the formation of GL Paper and the provision of advice as how to set up and operate GL Paper, even if such conduct had occurred the statute of limitations for such conduct would have run more than 1 year before the date of filing of this action. The allegation makes an unsupported and general allegation that Liu "caused" GL Paper to act.

Paragraph 18 states:

> Beginning in June 2016, Liu formed or caused the formation of GL Paper. GL Paper's public documents did not disclose Liu's involvement with the company. Liu, however, controlled and directed the operations of the company and its entry of steel wire hangers into the United States. From February through August 2017, Liu caused GL Paper to

introduce, or attempt to introduce, steel wire hangers into the commerce of the United States, claiming that they were manufactured in Malaysia. These steel wire hangers were, in fact, manufactured in PRC. Liu and GL Paper did not exercise reasonable care to ensure the country of origin declared for these steel wire hangers was accurate. By falsely declaring that these hangers were manufactured in Malaysia, GL Paper avoided paying the antidumping duty rate on steel wire hangers from PRC. The time, place, ports of entry, and other details relating to these entries are identified in Exhibit A to this complaint.

**Claims Presented by Defendant Liu:**

### a. *The Statute of Limitations has Run*

The Statute of Limitations has run and this action is untimely. Under the Rules of this Court, defendant must raise the issue of the Statute of Limitations early in the proceedings. Defendant Liu has done so. In *United States v. Zeigler Bolt and Parts Company,* 111 F.3d 878 (Fed. Cir. 1997) the Court stated:

> CIT Rules 12(g) and 12(h) provide for waiver of the defenses of inadequate service and personal jurisdiction if those defenses are omitted from the defendant's answer or omitted from a motion to dismiss under CIT Rule 12. Ziegler complied with the express terms of these rules by including affirmative defenses eight and nine in its answer. The Government concedes that Ziegler did not waive its defenses under the express terms of these rules.

Defendant Liu included the affirmative defense of the statute of limitations in its answer at 31 – 32 and also expressly stated this at page 10 of its initial answer.

United States v. Liu
December 13, 2022
Page 6

The issue as to the expiration of the statute of limitations is straightforward issue, there are no legitimate factual disputes, and the facts of record establish that the filing of this matter by the plaintiff with this Court was not timely.

The Statutes of Limitation in 19 USC 1592 matters based on negligence are governed by 19 U.S.C. 1621.   It reads in relevant part:

> No suit or action to recover any duty under section 1592(d), 1593a(d) of this title, or any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered, or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, whichever was later; except that—
>
> (1)**in the case of an alleged violation of section 1592** or 1593a of this title, no suit or action (including a suit or action for restoration of lawful duties under subsection (d) of such sections) may be **instituted unless commenced within 5 years after the date of the alleged violation** or, if such violation arises out of fraud, within 5 years after the date of discovery of fraud, and
>
> (2)the time of the absence from the United States of the person subject to the penalty or forfeiture, or of any concealment or absence of the property, shall not be reckoned within the 5-year period of limitation.

Under the plain language of the statute, any action, other than one based on fraud, must be commenced within 5 years after **the date of the alleged violation**. The language of the statute does not state 5 years from the date of entry, it states five years from the date of the alleged violation.  As this case was filed on July 21, 2022, it could only properly include negligent or grossly negligent conduct which occurred on or after July 21, 2017.  This is consistent with the Court decision in *United States v. Islip*, 18 F.Supp.2d 1047 (Ct. Int'l Trade 1987) and shifts the burden to the United

States to establish that some exception applies. *Islip* also confirms that the limitation period begins to run "on the date of the alleged violation". The Court in *Islip* stated:

> Defendant argues that the statute of limitations bars the Government's claims that are based upon grossly negligent or negligent acts which occurred more than five years prior to August 10, 1993. Defendant's Motion to Dismiss at 14-16. Defendant bears only the initial burden of production to show that the Government's claims are time-barred in connection with extinguished causes of action; the burden then shifts to the Government to show that the extinguished claims are actionable by virtue of some exception to the statute of limitations. United States v. Hitachi America. Ltd.. 964 F.SUPP. 344, 388 (CIT 1997)
>
> * * *
>
> 19 U.S.C. § 1621 imposes a five year limitation period on claims involving violations of 19 U.S.C. § 1592 which arise out of gross negligence or negligence. **The limitation period begins running on the date of the alleged violation**. 19 U.S.C. § 1621.
> *Islip* at 1068 (Emphasis Added)

Thus, a key question in this matter is the date of the alleged violation. In this case, the date of the alleged violation is in the possession of U.S. Customs and Border Protection and the non-responsive defendant GL Paper, and is not in the possession of Defendant Liu. Plaintiff has never stated this date in either the administrative proceedings or the Court filing. As claimed by Defendant Liu in both the administrative proceeding and the answer, Defendant Liu was not involved in the transaction nor was an owner, officer employee or director of GL Paper and the plaintiff has not alleged the specific act or acts undertaken by Defendant Liu.

Defendant Liu can, however, based on the complaint and the admissions by the plaintiff establish a date by which any such action would have occurred.

The complaint's most detailed allegation is that Defendant Liu caused the formation of GL Paper in June of 2016, but even if this were true, such conduct was more than 5 years before the filing of the Court action and thus beyond the statute of limitations period.

In its complaint, the plaintiff alleges that **GL Paper made** the improper declaration. Plaintiff does not state the date of filing of the entry documentation with CBP. It does not allege that Defendant Liu **made** the declaration. The complaint alleges that Defendant Liu **caused** GL Paper to introduce or attempt to introduce the hangers. Plaintiff does not specify the act or acts made by Defendant Liu nor the date that such act was undertaken. In other words, the complaint alleges that Defendant Liu caused GL Paper to make the entry with specific information without specifying either the act or the date of the act. While Defendant Liu denies that he engaged in any such action, Defendant Liu's conduct necessarily occurred before the entry paperwork was prepared and submitted by GL Paper to Customs. As in its admissions, the United States admitted that the entry paperwork was submitted to CBP on or before July 20, 2017, Defendant Liu's action occurred at some unspecified date prior to July 20, 2017. As this action was commenced more than 5

years after the date of Defendant Liu's actions with respect to the last entry in time, it is thus untimely. Defendant Liu offers no opinion as to whether or not the statute of limitations has run for the other Defendant GL Paper, but as it has run against Defendant Liu, the matter, at least with respect to Defendant Liu should be dismissed.

### b. *Plaintiff Fails to State a Claim Against Defendant Liu*

Defendant Liu also moves under Rule 12(b) for dismissal of the action for failure to state a claim against Defendant Liu. The allegations against Defendant Liu are both minimal and devoid of fact.

Paragraph 3 of the complaint states:

> Defendant Zhe "John" Liu (Liu) was a Florida resident who resided at 1448 Holts Grove Circle, Winter Park, Florida. He operated, directed, was an agent of, and handled the importation of merchandise for multiple companies incorporated in Florida, including defendant GL Paper Distribution, LLC (GL Paper), NC Supply, Inc., NC Supply Group, LLC, CEK Group, LLC (CEK), Garment Cover Supply, LLC (GCS), and AB MA Distribution Corp. (ABMA), all companies through which LIU directed and abetted the importation of steel wire hangers.

Paragraph 18 of the complaint states:

> Beginning in June 2016, Liu formed or caused the formation of GL Paper. GL Paper's public documents did not disclose Liu's involvement with the company. Liu, however, controlled and directed the operations of the company and its entry of steel wire hangers into the United States. From February through August 2017, Liu caused GL Paper to introduce, or attempt to introduce, steel wire hangers into the commerce

of the United States, claiming that they were manufactured in Malaysia. These steel wire hangers were, in fact, manufactured in PRC. Liu and GL Paper did not exercise reasonable care to ensure the country of origin declared for these steel wire hangers was accurate. By falsely declaring that these hangers were manufactured in Malaysia, GL Paper avoided paying the antidumping duty rate on steel wire hangers from PRC. The time, place, ports of entry, and other details relating to these entries are identified in Exhibit A to this complaint.

These allegations are devoid of any facts in support of the allegations against Defendant Liu. This is akin to the situation in *United States v. Greenlight Organic Inc*, 419 F.Supp.3d 1298 (Ct. Int'l Trade 2019). In *Greenlight* CBP made insufficient allegations in the administrative matter and the subsequent court complaint. While the *Greenlight* case involved Fraud, the legal standard enumerated therein was relevant. As noted by the Court:

> To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Iqbal.* 556 U.S, at 678, 129 S.Ct, 1937 (quoting *Bell Atl. Corp, v. Twombly*, 550 U.S. 544, 570. 127 S.Ct. 1955. 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Courts are not required to accept as true "legal conclusions" or "[threadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id*.; *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012).
>
> Although intent or knowledge may be alleged generally, "the circumstances constituting fraud" must be stated "with particularity[.]" USCIT R. 9(b); *Exergen Corp. v. Wal-Mart Stores. Inc.*, 575 F.3d 1312,

1326 Fed. Cir. 2009). The plaintiff must inject factual precision or some measure of substantiation, i.e., pleading in detail "the who, what, when, where, and how of the alleged fraud." *Exergen,* 575 F.3d at 1327. *Greenlight Organic Inc* at 1303.

In *Greenlight* the deficiencies included:

And nowhere does Plaintiff identify or attribute to a specific Defendant who made what statements that were false and material, or critically, the degree of each Defendant's participation in the fraudulent scheme; (*Greenlight* at 1305)

Instead, Plaintiff combines Greenlight, Aulakh, and "and other Greenlight agents" together to allege that they "knowingly made material false statements" about the classification and value of the subject merchandise. See Am. Compl. ¶¶ 6-8, 10-16, 24 (alleging as a group that "Greenlight, under the direction of Aulakh, and other Greenlight agents," made false statements aimed at misclassifying and undervaluing the subject merchandise). (Greenlight at 1305)

The complaint is replete with allegations that, because of his high-level role as Greenlight's owner and president, Aulakh must have directed Greenlight to make materially false and misleading statements. (Greenlight at 1305)

There are similarities between *Greenlight* and this matter. In *Greenlight* the complaint does not identify any specific false material or statement made by Defendant Liu. In this matter, the complaint does not allege that Defendant Liu made any specific statement, rather the complaint combines Defendant GL Paper and Defendant Liu and a number of companies having nothing to do with this matter together and then alleges some general complaint against this group. In this matter, the complaint is not "replete" with allegations based on Defendant Liu's purported

high-level role with the other defendant, but such allegation is the primary, if not only, basis for including Defendant Liu. It is a factual unsupported allegation that "Liu, however, controlled and directed the operations of the company and its entry of steel wire hangers into the United States." Such allegation is legally insufficient. The claim does not have sufficient factual content to support a conclusion that defendant is liable for the misconduct alleged. Rather, it is a threadbare recital of the elements of a cause of action supported by mere conclusory statements. Critically, the Courts have also held that:

> Absent adequate facts supporting the fraud allegations, **Plaintiff cannot impute knowledge to Aulakh merely by virtue of his position of power and influence over Greenlight**. See *Exergen*. 575 F.3d at 1327 & n,4.
> *Greenlight* at 1305. (Emphasis Added)

In this matter, the complaint seeks to input not only knowledge to Defendant Liu of the actions of GL Paper, but also control, by making factually unsupported allegations that Defendant Liu had a position of power and influence over GL Paper.

Finally, Defendant Liu submits that the burden shifting of 19 USC 1592(e)(4) is inapplicable in this case. The provision provides:

> (4) if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence.

United States v. Liu
December 13, 2022
Page 13

Defendant Liu submits that before the burden of proof shifts to the alleged violator, the United States must establish the act or omission that constituted the violation and must establish some tie between the Defendant and the action. In this case, while Defendant GL Paper may have committed an act or omission which constitutes the violation, there is simply no showing that Defendant Liu engaged in any act or omission which constitutes a violation. The fact that a violation may have occurred does not shift the burden if the purported defendant was not involved in the conduct.

***Conclusion:***

Based on the foregoing, it is clear that the statute of limitations has run and that the action was untimely filed. The purported act or acts of Defendant Liu, as clearly stated in the complaint, was not the filing of the entry, it was an event which occurred prior to entry when Defendant Liu purportedly caused Defendant GL Paper to file an entry with a false statement. Such action necessarily occurred at some unspecified period prior to the date of entry. As the United States has admitted that all entries were filed 5 years before the filing of this Court matter, and as the statute of limitation period is five years, such action was necessarily untimely filed.

Furthermore, even if this action were timely filed, which it is not, the complaint (and the underlying administrative action) fail to identify any specific action undertaken by Defendant Liu and also fail to identify any specific power that Defendant Liu would have over Defendant GL Paper. Accordingly, the complaint fails to make sufficient allegations to support the bringing of an action against Defendant Liu.

Defendant Liu respectfully moves to be severed and dismissed from this action and to have this action, with respect to Defendant Liu, dismissed with prejudice.

Respectfully Submitted,

/s/   David J. Craven

David J. Craven
Craven Trade Law LLC
3744 N Ashland Avenue
Chicago, IL 606013
(773) 709-8506

Counsel to Zhe "John" Liu

December 13, 2022