Before:  Hon. Jane A. Restani, Senior Judge
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| United States <br><br> *Plaintiff,* <br><br><br> v. <br><br> Zhe "John" Liu and <br> GL Paper Distribution, LLC <br><br> *Defendants.* | Ct. No. 22-000215 |

Reply to Plaintiff's Response to
Defendant John Liu's Motion to Dismiss

David J. Craven
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 709-8506

February 7, 2023

# TABLE OF CONTENTS

I.  Introduction ...................................................................1

II.  Argument.....................................................................2

   1. THE PLAINTIFF FAILED TO TIMELY RESPOND TO REQUESTS FOR ADMISSIONS..............................................2

   2. THE PLAINTIFF IGNORES THE PLAIN MEANING OF THE STATUTE .................................................................3

   3. THE U.S. HAS FAILED TO PLEAD IN DETAIL THE "WHO, WHAT, WHEN, WHERE, AND HOW OF THE ALLEGED FRAUD........................................................................8

   4. RESPONSE RAISES NEW THEORIES NOT PREVIOUSLY ALLEGED ADMINISTRATIVELY OR IN THE COMPLAINT...........9

III.  CONCLUSION .........................................................20

# TABLE OF AUTHORITIES

## Court Cases

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327
(Fed. Cir. 2009) ................................................................................................8,9,13

*United States v. Chu-Chiang Ho*, 582 F. Supp. 3d 1325, 1330 (Ct. Int'l Trade
2022). ...............................................................................................................9

*United States v. F.A.G. Bearings Corp.*, 8 CIT 201, 206-07, 615 F. Supp. 562, 566
(1984)).............................................................................................................8

*United States v. Golden Ship Trading*, 22 CIT 950, 953 (1998) .......................12,13

*United States v. Greenlight Organic Inc*, 419 F.Supp.3d 1298 (Ct. Int'l Trade
2019) ..................................................................................................8,9,13,19,20

*United States v. Islip*, 18 F. Supp. 2d 1047 (Ct. Int'l Trade 1998)...........................8

*United States v. Matthews*, 31 Ct. Int'l Trade 2075, 2076, 533 F. Supp. 2d 1307,
1308 (2007) .....................................................................................................12

*United States v. Optrex America, Inc*., 29 CIT 1494, (Ct. Int'l Trade 2005)......4,5,8

*United States v. Rockwell International Corp.,* 628 F.Supp. 206............................4

*United States v. Univar USA, Inc.*, 40 CIT __, __, 195 F. Supp. 3d 1312, 1317, SLIP
OP. 2016-119 (2016).......................................................................................8

*United States ex rel. Heath v. AT & T, Inc.*, 791 F.3d 112, 123-24, 416 U.S. App.
D.C. 289 (D.C. Cir. 2015)..............................................................................9

## Statutes

19 U.S.C 1484...............................................................................................5,6,18

19 U.S.C 1490...............................................................................................6, 18

19 U.S.C. 1498 ................................................................................................6, 18

19 U.S.C. 1552 ................................................................................................6, 18

19 U.S.C. 1553 ................................................................................................6, 19

19 U.S.C 1592 ...............................................................................3,4,9,10,11,14,17

19 U.S.C 1592(a) ...................................................................................................11

19 U.S.C. 1592(b)(1)(A)(iv) ..................................................................................10

19 U.S.C 1592 (d) ...................................................................................................3

19 U.S.C 1592(e) ...................................................................................................12

19 U.S.C 1592(e)(4)...............................................................................................19

19 U.S.C 1593a(d) ...................................................................................................3

19 U.S.C 1621 ..........................................................................................................4

**Regulations**

19 C.F.R 142.3(a)....................................................................................................5

19 C.F.R 142.2 .........................................................................................................6

19 C.F.R 141.68 .......................................................................................................6

19 C.F.R Part 171 ....................................................................................................9

19 C.F.R 142.3 .........................................................................................................5

Before:  Hon. Jane A. Restani, Senior Judge

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| United States | |
| | *Plaintiff,* |
| v. | Ct. No. 22-000215 |
| Zhe "John" Liu and GL Paper Distribution, LLC | |
| | *Defendants.* |

**Reply to Response to Motion to Dismiss**

Defendant[1] Zhe "John" Liu, by and through his attorney, hereby replies to the response of the plaintiff United States ("plaintiff") to Defendant Liu's motion to dismiss.  As a motion to dismiss is a dispositive motion, pursuant to Rule 7(d) Defendant Liu is entitled to file this reply.

## I.  Introduction

This reply is submitted to the response of plaintiff United States to Defendant

Liu's motion to dismiss.  As will be explained below, Defendant Liu's motion

---

[1] As defendant GL Paper Distribution is a corporation, it can only appear in this matter through counsel.   Counsel of Defendant Liu's appearance was only for Defendant Liu and not for GL Paper.  Accordingly, GL Paper has not, to date, appeared in this matter and thus would appear to be in default.   The relative positions of Defendant Liu and GL Paper are, to some degree in opposition, and this filing expressly does not represent the views or opinions of GL Paper.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 2

to dismiss should be granted.   The plaintiff failed to file this Court case in time to meet the state of limitations, and even if such filing were timely, said filing does not contain sufficient allegations.   Finally, even if the allegations, as expanded upon in plaintiff's response, were sufficient, plaintiff failed to present such arguments at the administrative stage and is thus precluded from raising them now.

## II. Argument

Prior to moving to the substance of the response, Defendant Liu wishes to address certain procedural issues.

### 1.  The Plaintiff Failed to Timely Respond to Requests for Admissions

It is not contested by the plaintiff  that on October 17, 2022, Defendant Liu requested admissions from the plaintiff pursuant to Rule 36 of the Rules of the U.S. Court of International Trade.   The deadline for response, pursuant to Rule 36, was November 16, 2022.   The motion to dismiss was filed on December 13, 2022, and relied, in part, on the requested admissions. [2]  It is not contested that the plaintiff did not timely reply to this request for admissions in accordance with Rule 36, and prior to the filing to the motion to dismiss.   Plaintiff finally responded to this request for

---

[2] Defendant Liu also filed a request for production pursuant to Rule 34 on December 22, 2022. To date, notwithstanding a due date of January 21, 2023, the plaintiff has not responded to this request or otherwise responded to this request.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 3

admissions on December 16, 2022.   It cannot be contested that plaintiff did not

request for an extension of time to respond to the request for admissions, nor did

plaintiff file a motion pursuant to Rule 36 to set aside the admissions.   Plaintiff's

defense to its failure to make a timely response, as set forth in footnote 1 in its

response, is the claim that since the Court ordered that discovery be completed by

March 17, 2023, and thus under the plaintiff's interpretation, no discovery is actually

due until this date.   This does not reflect the principles of discovery.   Discovery is

a process wherein a series of steps are taken, each built on the prior requests.   To

claim that all discovery can be provided on a single day would frustrate the purpose

of discovery.

In fact, as will be discussed in the motion to compel to be filed with this Court,

the plaintiff has failed to respond or responded inadequately to multiple discovery

requests and has still failed to make the initial disclosure required by Rule 26.

## 2.    The Plaintiff Ignores the Plain Meaning of the Statute

In its response, the plaintiff characterizes the jurisdictional statute as running

from the date of the entry.   This is not true.   The statute expressly states, with respect

to 19 USC 1592 matters, reads in relevant part:

> No suit or action to recover any duty under section 1592(d), 1593a(d) of this title,
> or any pecuniary penalty or forfeiture of property accruing under the customs laws
> shall be instituted unless such suit or action is commenced within five years after
> the time when the alleged offense was discovered, or in the case of forfeiture, within

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 4

> 2 years after the time when the involvement of the property in the alleged offense
> was discovered, whichever was later; except that—
>
> (1)**in the case of an alleged violation of section 1592** or 1593a of this title, no suit
> or action (including a suit or action for restoration of lawful duties under subsection
> (d) of such sections) may be **instituted unless commenced within 5 years after
> the date of the alleged violation** or, if such violation arises out of fraud, within 5
> years after the date of discovery of fraud, and
>
> (2)the time of the absence from the United States of the person subject to the penalty
> or forfeiture, or of any concealment or absence of the property, shall not be
> reckoned within the 5-year period of limitation.
> 19 U.S.C. 1621 (emphasis added)

Under the plain language of the statute, any action, other than one based on fraud,

must be commenced within 5 years after **the date of the alleged violation**.   The

language of the statute does not state 5 years from the date of entry, it states five

years from the date of the alleged violation.

The United States has cited several cases for the proposition that the date of entry is

the date from which the statute of limitations runs.   These cases are not, however,

relevant.  In those cases, the issue related to a material false statement by the importer

of record or an officer or official of the importer of record.   In *United States v.

Rockwell International Corp.,* 628 F.Supp. 206, 209 as acknowledged by the United

States, the Court expressly noted that "Therefore, the timeliness of this action is

determined not by the date on which the estimated declaration of assembly costs was

filed, but rather by the dates **on which Rockwell entered the** merchandise."

Rockwell was the importer of record.  In a similar fashion, the Court in *United States*

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 5

*v. Optrex America, Inc*., 29 CIT 1494, (Ct. Int'l Trade 2005) again addressed the

issue of the statute of limitations as it applied to the importer of record.  That is not

the case with respect to Mr. Liu.  The United States, as a result of its failure to timely

respond to the request for admissions under Rule 36(3), has admitted that Liu was

not the importer of record.

As detailed further below, the United States has admitted that:

    a.  Defendant Liu was not the importer of record;

    b.  that Defendant Liu's name does not appear in any fashion on the import

       documentation;

    c.  and that it does not have any evidence was an owner, officer, or employee of

       co-defendant GL Paper.

In other words, since Liu was not involved in any fashion with the "importer of

record", the "false" statement or other conduct must have been something other than

the actual entry filing described in 19 U.S.C. 1484, and such act must necessarily

have occurred prior to the date of entry.  These alleged acts, unrelated with the actual

filing of the entry, must have necessarily occurred prior to the filing of the entry

documentation as defined in 19 CFR 142.3(a)[3].

---

[3] 19 C.F.R. § 142.3 (Lexis Advance through the Jan. 31, 2023 issue of the Federal Register, with
the exception of the amendments appearing at 88 FR 6376, 88 FR 6578, 88 FR 6597, 88 FR
6600, and 88 FR 6145).

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 6

The terms "entry of merchandise" and "importer of record" is expressly defined

in statute and regulation.  The statute provides:

> 19 U.S.C. § 1484. Entry of merchandise (a) Requirement and time.
> (1) Except as provided in sections 490, 498, 552, and 553 {19 USCS
> §§ 1490, 1498, 1552, and 1553}, one of the parties qualifying as
> "**importer of record**" under paragraph (2)(B), either in person or by an
> agent authorized by the party in writing, shall, using reasonable care—
> (A) make entry therefor by filing with the Bureau of Customs and
> Border Protection such documentation or, pursuant to an authorized
> electronic data interchange system, such information as is necessary to
> enable the Bureau of Customs and Border Protection to determine
> whether the merchandise may be released from custody of the Bureau
> of Customs and Border Protection . (Emphasis Added)

The "date of entry" is also a term of art and is defined by the CFR as
follows:

> 19 C.F.R. § 142.2 Time for filing entry.
>
> **(a) General rule:** After arrival of merchandise. Merchandise for which
> entry is required will be entered within **15 calendar days after landing
> (emphasis added)** from a vessel, aircraft or vehicle, or after arrival at
> the port of destination in the case of merchandise transported in bond.
> **(b) Before arrival of merchandise —**
> **(1)** Entry. The entry documentation required by § 142.3(a) may be
> submitted before the merchandise arrives within the limits of the port
> where entry is to be made, **in which case the time of entry shall be
> the time specified in § 141.68(a) (emphasis added)[4].**

Furthermore, 19 C.F.R. § 141.68[5], in relevant part, defines the time of
entry of merchandise as either:

---

[4] 19 C.F.R. § 142.2 (Lexis Advance through the Jan. 31, 2023 issue of the Federal Register, with
the exception of the amendments appearing at 88 FR 6376, 88 FR 6578, 88 FR 6597, 88 FR
6600, and 88 FR 6145).

[5] 19 C.F.R. § 141.68 (Lexis Advance through the Jan. 31, 2023 issue of the Federal Register,

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 7

> (1) "the time the appropriate CBP officer authorizes the release of the merchandise," (requires an entry number to release – aka filing of an entry)
> (2) "the time the entry documentation is filed (ELECTRONICALLY OR NOT), or (3) if entry documents are submitted before arrival, "the time the merchandise arrives within the port limits"

ACE is the system through which electronic trade transactions are recorded by CBP. Filers now typically submit documents previously submitted on paper (colloquially "paperwork") to CBP. Additionally, other documents that may ultimately be submitted to CBP with Forms 3461 and 7501 may be transmitted to CBP prior to the date of entry.

In all such cases, the date of entry would occur after the filing of the initial entry documentation. If the "false statement" by Mr. Liu, as alleged by CBP and by the U.S., is that he assisted in the preparation of the entry documentation, an assertion which is unsupported by the record, such action necessarily occurred prior to the "date of entry", and in fact, CBP had the entry paperwork, which purportedly contained the false statement well before the formal date of entry – which date is controlled by CBP.

---

with the exception of the amendments appearing at 88 FR 6376, 88 FR 6578, 88 FR 6597, 88 FR 6600, and 88 FR 6145).

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 8

**3.    The U.S. Has Failed to Plead in Detail The "Who, What, When, Where, And How" of the Alleged Fraud**

It is well established that any penalty action must raise all relevant claims in the administrative process and cannot raise in Court, for the first time, new and different allegations.  *See i.e. United States v. Optrex America, Inc., 29 CIT 1494, (Ct. Int'l Trade 2005)*.  The Plaintiff must exhaust its administrative remedies. Plaintiff must also clearly state its claims in the complaint.  For reference as to how deficient the Government's case is, we present that the court has held that "[t]he plaintiff must . . . plead[] in detail 'the who, what, when, where, and how of the alleged fraud.'" *Greenlight II*, 44 CIT at __, 466 F. Supp. 3d at 1263 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (citation omitted)); *see also United States v. Islip*, 18 F. Supp. 2d 1047 at 1063 (Ct. Int'l Trade 1998) (noting that the court had previously determined that providing the "'time, place, and contents' of the alleged false misrepresentations" was sufficient (quoting *United States v. F.A.G. Bearings Corp.*, 8 CIT 201, 206-07, 615 F. Supp. 562, 566 (1984))). *See generally United States v. Univar USA, Inc.*, 40 CIT __, __, 195 F. Supp. 3d 1312, 1317, SLIP OP. 2016-119 (2016) (including references to analogous Federal Rules of Civil Procedure ("FRCP")). Further, "[a]lthough intent and knowledge may be pled with generality, the pleading must contain 'sufficient

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 9

underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" *Greenlight II*, 44 CIT at _, 466 F. Supp. 3d at 1263 (quoting *Exergen Corp.*, 575 F.3d at 1327) (citing *United States ex rel. Heath v. AT & T, Inc.*, 791 F.3d 112, 123-24, 416 U.S. App. D.C. 289 (D.C. Cir. 2015))[6].

The United States has failed to present, both at the administrative level and before this Court, sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.

## 4.    Response Raises New Theories Not Previously Alleged Administratively or in the Complaint

In its response[7] the United States, for the first time, alleges some sort of conspiracy or scheme, never-before alleged at the administrative level[8].  For the Honorable Court's ease of reference, CBP handled this case administratively, following 19 U.S.C. 1592 and CBP Regulations at 19 C.F.R. Part 171.  Below is the chronological order of events of CBP's pre-penalty and penalty process against GL Paper and Mr. Liu:

---

[6] *United States v. Chu-Chiang Ho*, 582 F. Supp. 3d 1325, 1330 (Ct. Int'l Trade 2022).

[7] THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE. Case 1:22-cv-00215-JAR Document 9 Filed 09/08/22.

[8] For ease of reference, all of the Administrative Documents are appended to this reply.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 10

a.   Pre-Penalty Notice issued Jointly and Severally to GL Paper Distribution
     LLC and John Liu, dated March 29, 2022, accompanied by a Pre-Penalty
     Statement, and with administrative case number 2022-4601-300560-01.  It is
     Mr. Liu's position that CBP failed to follow  disclose all the material facts
     which  establish  the  alleged  violation  as  required  by  19  U.S.C.
     1592(b)(1)(A)(iv).

b.   Penalty Notice issued in the amount of $7,271,233.19, which is equal to
     calculations completed by the Base Metal Center. The penalty is based on a
     determination of negligence and, we again assert  that CBP failed to disclose
     all the material facts which establish the alleged violation as required by 19
     U.S.C. 1592(b)(1)(A)(iv).

c.   Penalty Decision issued by CBP Headquarters, Case # H325552 on June 17,
     2022, stating that CBP has sufficiently established by a preponderance of the
     evidence that GL Paper Distribution, LLC and Mr. Liu committed violations
     of 19 U.S.C. 1592 at a level of culpability of negligence. In this administrative
     decision[9], CBP stated that:

          "However, based on the preponderance of the evidence in the record,

---

[9] CBP's Administrative Decision H325552 RDJ, issued by CBP Office of Trade, Regulations and Rulings, Penalties
Branch, dated June 17, 2022, denying relief for petition filed by Mr. John Liu for penalty case 2022-4601-300560-
01 issued against GL Paper Distribution, LLC, Analysis Section, page 10 of 13.  Hereinafter "Administrative Denial,
06-17-2022". Page 10 of 13.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 11

> CBP determined that, even if Mr. Liu was not the named importer of record and not listed in GL Paper Distribution's corporate structure, Mr. Liu was, nonetheless, a "person" within the meaning of the statute because he arranged for the entry of the hangers and produced documentation with which to file the entries."

CBP did not provide a single document, legal reference or proof to back said conclusion.

    i.   CBP did not establish how Liu was a "person" within the meaning of the statute.

    ii.  CBP did not establish how he arranged for the entry of the hangers and produced documentation with which to file the entries for GL Distribution.

    iii.  CBP did not establish how Mr. Liu was "anyone in a position to satisfy the other elements of a 19 U.S.C. 1592(a) violation as it relates to GL Distribution.

    iv.  CBP fails to provide Mr. Liu with "the evidence gathered by the BMCEE" mentioned in this Administrative Decision which allegedly indicates that Mr. Liu had a role in the importation for any entries pertaining to GL Distribution.

    v.   CBP fails to provide any evidence to support that Mr. Liu's participation in other businesses not related to GL Distribution,  his knowledge of AD duties and the fact that he had imported steel wire hangers at another time had anything to do with GL Distribution's purported violations of the statute.

    vi.  CBP cannot meet its own assertion[10] that other individuals that are not the importer of record can violate 19 U.S.C. 1592 because they have failed to

---

[10] "Administrative Denial, 06-17-2022". Page 11 of 13, footnote 7.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 12

prove Mr. Liu personally participated in the violation.

If the monetary penalty is based on negligence, not only CBP in the administrative realm, but also the United States in the instant case, **shall have the burden of proof (emphasis added)** to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence. 19 U.S.C.S. § 1592(e)[11]. If CBP in the administrative process, and the U.S. in the CIT, both failed to establish the actual act or omission allegedly effected by Mr. Liu, then Mr. Liu is deprived of an adequate defense as until he knows of the act, it is impossible for him to establish that the act or omission did not occur as a result of negligence. Critically, Mr. Liu was not involved with the filing of the entry and this appears to be the only act or omission cited by CBP. As an example, CBP's Administrative Decision H325552[12] cites to *United States v. Golden Ship Trading*, 22 CIT 950, 953 (1998), to attempt to explain how someone who is not the importer of record can be held liable for a violation he did not commit or for an omission of an action he was not required to

---

[11] United States v. Matthews, 31 Ct. Int'l Trade 2075, 2076, 533 F. Supp. 2d 1307, 1308 (2007).

[12] CBP's Administrative Decision H325552 RDJ, issued by CBP Office of Trade, Regulations and Rulings, Penalties Branch, dated June 17, 2022, denying relief for petition filed by Mr. John Liu for penalty case 2022-4601-300560-01 issued against GL Paper Distribution, LLC, Analysis Section, page 10 of 13. Hereinafter "Administrative Denial, 06-17-2022". Page 10 of 13.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 13

take. CBP fails to cite a pertinent portion of *Golden Ship*, which states that the defendant was found to have negligently introduced merchandise into the commerce of the United States because, despite not exercising reasonable care, "she still signed and certified the accuracy of the information contained in the entry documents.[13]" In this case, Mr. Liu did not sign or certify any entry documentation for GL Paper so CBP's analysis comparing the finding in *Golden Ship* to mean the defendant in that case and Mr. Liu took the same actions to evade or make false statements, is faulty and insufficient to plead in detail[14] the who, what, when, where, and how of the alleged fraud.

Critically, as detailed below, many of the allegations made in the response were never made administratively, and many of these allegations are even contrary to the response to the motion to strike filed by the plaintiff earlier in this case. The plaintiff continues to "change" its arguments leaving defendant with a moving target.  **Specifically, the Plaintiff, in its response, now, alleges, though had previously never alleged:**

1) The U.S. *now* alleges that Mr. Liu orchestrated a multi-year fraud scheme through GL Paper.

---

[13] *United States v. Golden Ship Trading,* Page 14, https://www.cit.uscourts.gov/sites/cit/files/01-7.pdf

[14] *Greenlight II*, 44 CIT at, 466 F. Supp. 3d at 1263 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 14

- The CBP Pre-Penalty or Penalty notices issued by CBP include no mention of an alleged multi-year fraud scheme. No multi-year fraud scheme was also alleged in the response to the motion to strike.

2.  The U.S. *now* alleges that Mr. Liu, since 2004, had imported steel wire hangers from the People's Republic of China through other companies.  The CBP Pre-Penalty or Penalty notices issued by CBP include no mention of importations since 2004 through other companies and, even if it did, they are irrelevant to prove the alleged involvement as a contributor to GL Paper's alleged violations of 19 U.S.C. 1592.  Furthermore, in the response to the motion to strike (Document 9) the basis for the citation to these other companies was claimed to be presented to show that Mr. Liu knew the processes and procedures and thus did not engage in reasonable care.  Even at this late date,  well after the conclusion of the administrative proceedings, and well after the filing of the action, the plaintiff was not arguing that such data established control by Mr. Liu.

3.  The U.S. *now* alleges that after antidumping duties were imposed on steel wire hangers from PRC, Mr. Liu formed GL Paper and through it, transshipped hangers from PRC through Malaysia to avoid paying these duties.

The CBP Pre-Penalty or Penalty notices issued by CBP include no mention of the above-captioned allegation.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 15

4. The U.S. *now* alleges that when the Government inspected GL Papers' purported

Malaysian wire hanger manufacturer and exposed that it did not produce hangers,

Mr. Liu dissolved GL Paper and opened other companies to continue the scheme.

The CBP Pre-Penalty or Penalty notices issued by CBP include no mention of the

above-captioned allegation.

5. The U.S. *now* alleges that over the course of more than a decade, Mr. Liu formed

and used multiple companies, including GL Paper, to evade paying antidumping

duties. The CBP Pre-Penalty or Penalty notices issued by CBP include no mention

of the above-captioned allegation and, if alleged, provided no proof that Mr. Liu

"formed" GL Paper and/or used multiple companies with the specific intent to evade

paying antidumping duties, which would warrant allegation of fraud and not

negligence as stated in the notices.

6. The U.S. *now* alleges that Mr. Liu's ample history in the industry, his knowledge

of antidumping duties, and his efforts to conceal his role in the scheme.

The CBP Pre-Penalty or Penalty notices issued by CBP include no examples or proof

of any alleged efforts to conceal his unproved role in an alleged scheme.

7. The U.S. *now* alleges that Mr. Liu discussed with third parties the costs associated

with these duties and the prospect of importing hangers through other countries.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 16

The CBP Pre-Penalty or Penalty notices issued by CBP include no mention of these discussions and, even if these alleged discussions took place, discussing the costs associated with duties for a specific merchandise does not constitute fraudulent or criminal behaviors, CBP failed to provide proof of these discussions and how these discussions allegedly constituted negligent (as opposed to fraudulent) behavior attributed to Liu.

8. The U.S. *now* alleges that after the antidumping order had been announced, Liu set up a succession of shell companies through which Liu continued to import steel wire hangers, including: CEK Group, LLC (CEK) in 2012, id., ¶ 7, Garment Cover Supply, LLC (GCS) in 2013, id., ¶ 8; defendant GL Paper in 2016, id., ¶ 4; and AB MA Distribution Corp. (ABMA) in 2018.

The CBP Pre-Penalty or Penalty notices issued by CBP include no evidence of the alleged succession of shell companies and, even if Mr. Liu did establish companies, CBP did not provide any evidence to support a statement that these companies were "shell" companies established to evade or to fraudulently behave. Quite to the contrary, in the response to the motion to strike, the existence of these other companies was only alleged to provide knowledge sufficient to defeat reasonable care.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 17

9.  The U.S. *now* alleges that Mr. Liu tried to conceal his role in the scheme by forming companies using names of other individuals.

The CBP Pre-Penalty or Penalty notices issued by CBP include no mention of the above-captioned conduct or that the formation of other companies and the collaboration with other individuals rises proves violations of 19 U.S.C. 1592.

10.  The U.S. *now* alleges that when the Government sought to recover duties owed from a company that Mr. Liu had created, or discovered that a company that Mr. Liu had created, had submitted false statements regarding its imports, Mr. Liu shut down that company and continued to import hangers through a new one.

The CBP Pre-Penalty or Penalty notices issued by CBP include no mention of the above-captioned actions and CBP has not provided a single piece of evidence proving Mr. Liu gave false statements to CBP or anyone else at the U.S. Government.

Secondly, plaintiff argues "semantic gamesmanship" such as the argument that Mr. Liu cannot be both a principal and agent of G.L. Paper.  Such arguments hide critical facts.  In the complaint the United States alleged:

Paragraph 3 states:

Defendant Zhe "John" Liu (Liu) was a Florida resident who resided at 1448 Holts Grove Circle, Winter Park, Florida. He **operated, directed, was an agent** of, and handled the importation of merchandise for multiple companies incorporated in Florida, including defendant GL

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 18

> Paper Distribution, LLC (GL Paper), NC Supply, Inc., NC Supply Group, LLC, CEK Group, LLC (CEK), Garment Cover Supply, LLC (GCS), and AB MA Distribution Corp. (ABMA), all companies through which LIU directed and abetted the importation of steel wire hangers.

In other words, the plaintiff made this impossible allegation.  Critically, as discussed above, plaintiff has never stated Liu's relationship with G.L. Paper, nor, until the response to the motion to dismiss, set forth its theory as to why Liu might be responsible for the acts of a company that he did not own, was not an officer, nor was an agent.

Rather, plaintiff has argued that since this action was brought solely under a basis of negligence, the burden shifted to Liu to show that he engaged in reasonable care, without first establishing that he has the burden of reasonable care.  This ignores the statute regarding reasonable care.   19 USC 1484 states in relevant part:".

> Except as provided in sections 1490, 1498, 1552, and 1553 of this title, one of the parties qualifying as "importer of record" under paragraph (2)(B), either **in person or by an agent** authorized by the party in writing, shall, using reasonable care –

>> (A) make entry therefor by filing with the Bureau of Customs and Border Protection such documentation or, pursuant to an authorized electronic data interchange system, such information as is necessary to enable the Bureau of Customs and Border Protection to determine whether the merchandise may be released from custody of the Bureau of Customs and Border Protection;

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 19

As Liu was neither the importer of record nor the agent of the importer of record, the reasonable care requirement does not apply.

The United States also seeks to argue that *United States v. Greenlight Organic Inc*, 419 F.Supp.3d 1298 (Ct. Int'l Trade 2019) is not relevant as such case involved a customs penalty brought under a fraud allegation and this matter is brought under a negligence claim.   Liu submits that while this case has purportedly been brought under a negligence claim, with the burden shifting of 19 USC 1592(e)(4), the actual allegations, as improperly expanded upon in the response to the motion to dismiss, with respect to Mr. Liu's conduct are based on allegations of a "scheme" and an "intent to conceal" – which allegations fall within the concept of fraud.  Due to the purported value and loss of duty, the amount of the penalty is the same, whether it is based on negligence, gross negligence, or fraud.   As such, the U.S. appears to be executing an end-run around the protections in the statute,  and now seeks to raise facts purportedly showing fraud for the first time in the Court action.   The Court should not permit them to do so, and the Court should apply *Greenlight.*

Finally, the matter must fail because of a failure to exhaust administrative remedies.   In this response, for the first time, the United States provides an entirely new justification for why it included references to unrelated entities and actions which occurred well after any alleged false statements in this matter.  However, as

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 20

discussed above, and as can be seen from the Pre-Penalty Notice, Penalty Notice,

and all of the administrative decisions, the United States never mentioned, let alone

discussed, any of these allegations.   The entire administrative matter was based on

some purported (and unidentified) personal conduct by Mr. Liu.    In fact, as of the

September 8, 2022 response to the motion to strike, the plaintiff was still claiming

that, at most, these other entities provided proof that Liu knew the procedures and

did not engage in reasonable care.   As made clear by *Greenlight* the United States

must do more than make general allegations.   *Greenlight*  clearly states:

> Absent adequate facts supporting the fraud allegations, **Plaintiff cannot impute knowledge to Aulakh merely by virtue of his position of power and influence over Greenlight**. See *Exergen*. 575 F.3d at 1327 & n,4.
> *Greenlight*  at 1305. (Emphasis Added)

In this matter the plaintiff fail to allege, let alone demonstrate, a relationship

between Liu and G.L. Paper.  Plaintiff cannot now raise a new theory seeking to

establish a relationship between G.L. Paper and Liu.  Such attempt is barred by the

requirement of exhaustion of remedies.

### III.    Conclusion:

Based on the foregoing, it is clear that the statute of limitations has run and

that the action was untimely filed.   The purported act or acts of Defendant Liu, as

clearly stated in the complaint, was not the filing of the entry, it was an event which

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 21

occurred prior to entry when Defendant Liu purportedly caused Defendant GL Paper to file an entry with a false statement.  Such action necessarily occurred at some unspecified period prior to the date of entry.   As the United States has admitted that all entries were submitted 5 years before the filing of this Court matter, and as the statute of limitation period is five years, such action was necessarily untimely filed.

Furthermore, even if this action were timely filed, which it is not, the complaint (and the underlying administrative action) fail to identify any specific action undertaken by Defendant Liu and also fail to identify any specific power that Defendant Liu would have over Defendant GL Paper.  Accordingly, the complaint fails to make sufficient allegations to support the bringing of an action against Defendant Liu.

Finally, in the response to the motion to dismiss, plaintiff raised for the first time a new argument with respect to Liu's relationship with G.L. Paper based on a broad claim that the existence of multiple companies showed the existence of a scheme and thus the control by Liu of G.L. Paper.   As such allegation was never made in the underlying administrative action, nor in the complaint (and is contrary to the theory presented by plaintiff in its response to the motion to strike) the plaintiff failed to exhaust its administrative remedies and the case must fail and cannot continue.

United States v. Liu - Ct. No. 22-000215
Reply to Response to Motion to Dismiss
February 7, 2023
Page 22

Defendant Liu respectfully submits that he should be severed and dismissed from this action and to have this action, with respect to Defendant Liu, dismissed with prejudice.

Respectfully Submitted,

/s/   David J. Craven

David J. Craven
Craven Trade Law LLC
3744 N Ashland Avenue
Chicago, IL 606013
(773) 709-8506

Counsel to Zhe "John" Liu

List of Documents Appended to the Response

| Document Name | Date |
|---|---|
| Pre-Penalty Notice | March 29, 2022 |
| Penalty Notice | May 2, 2022 |
| Headquarter Decision on Penalty Notice in Case No. 2022-4601-300560-01 | June 17, 2022 |

Pre-Penalty Notice
March 29, 2022

Exhibit A

## Pre-Penalty Statement

1. **Description of Merchandise:** Steel wire garment hangers

2. **Importer of Record:** GL Paper Distribution, LLC (IOR No. 30-094554100)

3. **Details of Entries or Introduction:** 113 entries filed between March 31, 2017 and August 8, 2017.  See Appraisal Worksheet – Exhibit B.

4. **Loss of Revenue:** $4,139,105.19.  See Appraisal Worksheet – Exhibit B.

5. **Domestic Value of the Merchandise:** $7,271,233.19

6. **Law Violated:** 19 U.S.C. § 1592(a)

7. **Facts Establishing the Violation:**

   GL Paper Distribution, LLC and John Liu, jointly and severally, entered, introduced, or attempted to introduce, or aided and abetted the entry, introduction, or attempted entry or introduction of the merchandise referenced above into the commerce of the United States, by means of material false statements, acts, or omissions.  Specifically, GL Paper Distribution, LLC and John Liu falsely declared that 113 entries of steel wire hangers, filed between March 31, 2017 and August 8, 2017, were manufactured by Pole Econ Industries and Genius Hanger in Malaysia which enabled them to avoid paying anti-dumping duties on steel wire garment hangers from the People's Republic of China which are the subject of Department of Commerce anti-dumping case A-570-918.

8. **Proposed Level of Culpability:** Negligence

9. **Proposed Penalty:** $7,271,233.19

1100 Raymond Blvd
Newark, NJ 07102



**U.S. Customs and Border Protection**

**MAR 2 9 2022**

ISSSUED JOINTLY AND SEVERALLY TO:

GL Paper Distribution, LLC
c/o Spiegel & Utrera, P.A.
1840 SW 22nd St., 4th Floor
Miami, FL 33145

John Liu
1448 Holts Grove Circle
Winter Park, FL 32789

Dear Sir / Madam:

Pursuant to Title 19, Code of Federal Regulations, Section 162.77, notice is hereby given that U.S. Customs and Border Protection (CBP) is contemplating assessing a penalty, jointly and severally, against GL Paper Distribution, LLC and John Liu in the amount of $7,271,233.19 for falsely declaring that 113 entries of steel wire hangers filed between March 31, 2017, to August 8, 2017, were manufactured in Malaysia.

The proposed penalty of $7,271,233.19 represents a penalty for the entry or introduction, or attempted entry or introduction of merchandise into the United States in violation of Title 19 United States Code, Section 1592, with a proposed culpability of negligence. The total loss of revenue associated with the violation is $4,139,105.19 and the domestic value of the merchandise is $7,271,233.19.

The enclosed Exhibit A (Pre-Penalty Statement) contains specific details concerning the violation. The enclosed Exhibit B (Appraisal Worksheet) identifies the entries involved in the proposed penalty action, along with the applicable loss of revenue and domestic value.

Prior to the issuance of a notice of penalty, you have the right to make an oral and written response as to why the monetary penalty should not be issued in the amount proposed. Normally, we would be able to provide you with at least 30 days to respond however, under Title 19, Code of Federal Regulations, Section 162.78(a), the Fines, Penalties and Forfeitures (FP&F) Officer may reduce the response time to as little as seven days, if less than 1 year remains before the statute of limitations will expire. As less than one year remains on the statute of limitations in this case, your presentations (both oral and written) must be made within seven (7) business days from the date of the issuance of this pre-penalty notice. The penalty notice will be issued automatically should you fail to respond to the pre-penalty notice within the effective period. Additional time to respond to this pre

penalty notice will be granted, provided that such request is accompanied by a statute of limitations waiver. A waiver is enclosed for both GL Paper Distribution, LLC and John Liu. The original waivers should be forwarded to our office at the address below and should include a corporate resolution for GL Paper Distribution, LLC. You will need to contact us within seven days if you wish to provide a waiver.

Please contact Ms. Dorota Kirkicka of my staff at (973) 368-6048 if you wish to arrange a date and time for an oral presentation. Please be advised that we prefer an oral presentation be arranged after submission of the written response. All correspondence should be addressed to the office listed below. All correspondence should include port case number 2022460130056001.

U.S. Customs and Boarder Protection
Fines, Penalties and Forfeitures Office
110 Raymond Blvd., Suite 502
Newark, NJ 07102

If you have any questions regarding this matter, please contact Ms. Dorota Kirkicka of my staff at (973) 368-6048.

Sincerely,

CHRISTOPHER B LATOURETTE
Digitally signed by CHRISTOPHER B LATOURETTE
Date: 2022.03.23 14:23:57 -04'00'

Christopher LaTourette
Fines Penalties and Forfeitures Officer
New York Area

Enclosures

Penalty Notice
May 2, 2022



1100 Raymond Blvd
Newark, NJ 07102

**U.S. Customs and Border Protection**

MAY 0 2 2022

CN: 2022-4601-300560-01

Jennifer Diaz, Esq., B.C.S.
Diaz Trade Law
12700 Biscayne Blvd, Suite 301,
North Miami, FL, 33181

Dear Ms. Diaz:

This is regarding your oral presentation submitted to CBP on April 7, 2022, in response to the pre penalty notice of March 29, 2022, issued jointly and severally to GL Paper Distribution, LLC and John Liu in the above referenced case number.

We have reviewed your claims as well as the facts of the case, and we have determined to move forward with the penalty and with no changes. CBP determined John "Zhe" Liu personally took action to introduce the merchandise that is the subject of this penalty into the United States' commerce and, accordingly, he is liable for a penalty under 19 U.S.C. § 1592.

Enclosed is the 19 USC 1592(a) penalty notice in the amount of $7,271,233.19 and a copy of the revised appraisal showing the calculation of the domestic values.

You have the right to file a formal petition for relief due on May 9, 2022. If within the specified time frame, we have not received your payment or a petition, the penalty will be referred for collection action.

Payment can be made for in the form of a business check, cashier's check, or money order payable to the "U.S. Customs and Border Protection" and mailed to U.S. Customs and Border Protection, FP&F Division, 1100 Raymond Blvd., Newark, NJ 07102, to be received within 7 days from the date of this letter.

If you require additional information, please contact Ms. Dorota Kirkicka of my staff at (973) 368-6048 or DOROTA.KIRKICKA@cbp.dhs.gov.

Sincerely,

CHRISTOPHER B LATOURETTE
Digitally signed by
CHRISTOPHER B LATOURETTE
Date: 2022.05.02 09:50:56
-04'00'

CHRISTOPHER LATOURETTE
Fines, Penalties and Forfeitures Officer New York Area

Encl. as stated above

| DEPARTMENT OF HOMELAND SECURITY<br>U.S. CUSTOMS AND BORDER PROTECTION<br>NOTICE OF PENALTY OR LIQUIDATED DAMAGES INCURRED<br>AND DEMAND FOR PAYMENT<br>19 USC 1618 AND 19 USC 1623 | **Case Number**<br>2022460130056001 |
|---|---|
| | **Port Code and Name**<br>4601 NEWARK |
| | 30094554100 |

**TO: GL PAPER DISTRIBUTION LLC**
    **1840 Coral Way**
    **PMB4-1076**
    **MIAMI, FL 33145-2748**

Demand is hereby made for payment of $7,271,233.19 , representing ☑ Penalties ☐ Liquidated damages assessed against you for violation of law or regulation, or breach of bond, as set forth below:

United States Customs and Border Protection (CBP) has determined you have acted in violation of the provisions of title 19, United States Code, section 1592(a), (19 USC 1592(a)), in that you entered, introduced or attempted the entry or introduction of the following merchandise steel wire garment hangers into the United States through a false document, electronic transmission of data or information, written or oral statement, or act that is material and false or an omission that is material.

The date the violation began is 03/31/2017. The total amount of monetary loss, including duties, taxes, and fees is $4,139,105.19, which includes an actual loss of $0.00 and potential loss of $4,139,105.19.

The penalty is in the amount of $7,271,233.19, which is equal to calculations completed by the Base Metals Center. This penalty is based upon a determination of Negligence.

Material facts establishing the violation were attached to the pre-penalty notice. CBP's analysis of issues raised in the pre-penalty notice are in the attached document.

You have the right to petition for relief from the penalty under the provisions of title 19, United States Code, section 1618 (19 U.S.C. 1618).

Please be advised that this penalty notice is being issued jointly and severally against GL Paper Distribution, LLC and John Liu.

| LAW OR REGULATION VIOLATED | | BOND BREACHED | |
|---|---|---|---|
| 19 USC 1592 | | **Bond Activity Type:**<br>**Bond #:** | |
| **Description of Bond** | **Bond Type** | **Amount**<br>$ | **Bond Effective Date** |
| **Name and Address of Principal on Bond** | | | |
| **Name and Address of Surety on Bond**<br><br>1450 AMERICAN LN<br>Ste 1900<br>SCHAUMBURG, IL 60173-4989 | | **Surety Identification No** | |

CBP Form 5955A (01/15)

| DEPARTMENT OF HOMELAND SECURITY U.S. CUSTOMS AND BORDER PROTECTION NOTICE OF PENALTY OR LIQUIDATED DAMAGES INCURRED AND DEMAND FOR PAYMENT 19 USC 1618 AND 19 USC 1623 | Case Number 2022460130056001 |
|---|---|
| | Port Code and Name 4601 NEWARK |
| | 30094554100 |

| TO: GL PAPER DISTRIBUTION LLC 1840 Coral Way PMB4-1076 MIAMI, FL 33145-2748 | |
|---|---|

If you feel there are extenuating circumstances, you have the right to object to the above action. Your petition should explain why you should not be penalized for the cited violation. Write the petition as a letter or in legal form; submit in duplicate, addressed to the Fines, Penalties and Forfeitures Officer at: FPF OFFICE, 1100 RAYMOND BLVD, STE 502, NEWARK, NJ 07102-5234, NEWYORKFPF@CBP.DHS.GOV.

| Unless the amount herein demanded is paid or a petition for relief is filed with the FP&F officer within the indicated time limit, further action will be taken in connection with your bond or the matter will be referred to the Justice Department. Payment may be made through pay.gov or by remitting to the address above. Any partial payments will not be considered an accord and satisfaction of the claim. | TIME LIMIT FOR PAYMENT OR FILING PETITION FOR RELIEF  7 days from the date of this notice |
|---|---|

| Signature CHRISTOPHER LATOURETTE | Title FPF Officer (973) 368-6960 | Date 05/02/2022 |
|---|---|---|

CBP Form 5955A (01/15)

**Appraisal Worksheet**
**Violator: G.L. Paper Distribution LLC - IOR #30-094554100**

| Port | Entry | Line | Entry Date | Entered Value | HMF Fees | MPF Fees | HTS |
|------|-------|------|-----------|---------------|----------|----------|-----|
| 5201 | EH317705752 | 1 | 03/31/2017 | $21,721.00 | $27.15 | $75.24 | 7326200020 |
| 5201 | EH317711602 | 1 | 03/31/2017 | $15,743.00 | $19.68 | $54.53 | 7326200020 |
| 2704 | ACN31273178 | 1 | 04/04/2017 | $22,181.00 | $27.73 | $76.83 | 7326200020 |
| 3001 | ACN31273574 | 1 | 04/08/2017 | $17,436.00 | $21.80 | $60.40 | 7326200020 |
| 4601 | EH317709119 | 1 | 04/10/2017 | $20,368.00 | $25.46 | $70.55 | 7326200020 |
| 0401 | ACN31262163 | 1 | 04/15/2017 | $19,533.00 | $24.42 | $67.66 | 7326200020 |
| 1801 | ACN31262338 | 1 | 04/15/2017 | $18,080.00 | $22.60 | $62.63 | 7326200020 |
| 4601 | EH317710612 | 1 | 04/17/2017 | $20,288.00 | $25.36 | $70.28 | 7326200020 |
| 4601 | EH317710422 | 1 | 04/17/2017 | $20,183.00 | $25.23 | $69.91 | 7326200020 |
| 4601 | EH317710414 | 1 | 04/17/2017 | $17,657.00 | $22.07 | $61.16 | 7326200020 |
| 4601 | EH317710406 | 1 | 04/17/2017 | $19,522.00 | $24.40 | $67.62 | 7326200020 |
| 2704 | ACN31279795 | 1 | 04/18/2017 | $17,223.00 | $21.53 | $59.66 | 7326200020 |
| 0401 | ACN31285743 | 1 | 04/24/2017 | $21,335.00 | $26.67 | $73.90 | 7326200020 |
| 4601 | EH317710653 | 1 | 05/01/2017 | $14,238.00 | $17.80 | $49.32 | 7326200020 |
| 4601 | EH317711339 | 1 | 05/01/2017 | $22,452.00 | $28.07 | $77.77 | 7326200020 |
| 4601 | EH317712337 | 1 | 05/01/2017 | $15,979.00 | $19.97 | $55.35 | 7326200020 |
| 4601 | EH317711313 | 1 | 05/01/2017 | $20,007.00 | $25.01 | $69.30 | 7326200020 |
| 1803 | EH317711347 | 1 | 05/01/2017 | $19,664.00 | $24.58 | $68.12 | 7326200020 |
| 4601 | ACN31284217 | 1 | 05/02/2017 | $17,608.00 | $22.01 | $60.99 | 7326200020 |
| 4601 | EH317713707 | 1 | 05/02/2017 | $20,530.00 | $25.66 | $71.12 | 7326200020 |
| 1803 | ACN31284985 | 1 | 05/06/2017 | $18,760.00 | $23.45 | $64.98 | 7326200020 |
| 0401 | ACN31284969 | 1 | 05/08/2017 | $20,478.00 | $25.60 | $70.94 | 7326200020 |
| 4601 | EH317713749 | 1 | 05/08/2017 | $20,984.00 | $26.23 | $72.69 | 7326200020 |
| 4601 | EH317713723 | 1 | 05/08/2017 | $17,657.00 | $22.07 | $61.16 | 7326200020 |
| 4601 | EH317713731 | 1 | 05/08/2017 | $20,350.00 | $25.44 | $70.49 | 7326200020 |
| 2704 | ACN31293440 | 1 | 05/10/2017 | $16,953.00 | $21.19 | $58.73 | 7326200020 |
| 1703 | ACN31283300 | 1 | 05/10/2017 | $20,721.00 | $25.90 | $71.78 | 7326200020 |
| 5201 | ACN31283086 | 1 | 05/10/2017 | $21,112.00 | $26.39 | $73.13 | 7326200020 |
| 5201 | ACN31283078 | 1 | 05/10/2017 | $20,075.00 | $25.09 | $69.54 | 7326200020 |
| 4601 | ACN31292475 | 1 | 05/15/2017 | $16,220.00 | $20.28 | $56.19 | 7326200020 |
| 1803 | ACN31293457 | 1 | 05/15/2017 | $19,496.00 | $24.37 | $67.53 | 7326200020 |
| 4601 | ACN31293473 | 1 | 05/15/2017 | $20,451.00 | $25.56 | $70.84 | 7326200020 |
| 4601 | ACN31292483 | 1 | 05/15/2017 | $18,380.00 | $22.98 | $63.67 | 7326200020 |
| 4601 | ACN31289141 | 1 | 05/15/2017 | $19,270.00 | $24.09 | $66.75 | 7326200020 |
| 4601 | EH317714945 | 1 | 05/15/2017 | $20,970.00 | $26.21 | $72.64 | 7326200020 |
| 1512 | ACN31299405 | 1 | 05/17/2017 | $18,105.00 | $22.63 | $62.72 | 7326200020 |
| 3001 | ACN31301821 | 1 | 05/21/2017 | $17,851.00 | $22.31 | $61.84 | 7326200020 |
| 4601 | ACN31302720 | 1 | 05/24/2017 | $19,863.00 | $24.83 | $68.81 | 7326200020 |
| 5201 | ACN31292038 | 1 | 05/24/2017 | $20,105.00 | $25.13 | $69.64 | 7326200020 |
| 4601 | ACN31302704 | 1 | 05/24/2017 | $22,604.00 | $28.26 | $78.30 | 7326200020 |
| 1401 | ACN31302936 | 1 | 05/26/2017 | $20,560.00 | $25.70 | $71.22 | 7326200020 |

| 1803 | ACN31293507 | 1 | 05/29/2017 | $19,956.00 | $24.95 | $69.13 | 7326200020 |
|------|-------------|---|------------|------------|--------|--------|------------|
| 4601 | EH317719324 | 1 | 05/29/2017 | $21,051.00 | $26.31 | $72.92 | 7326200020 |
| 4601 | ACN31309246 | 1 | 06/01/2017 | $21,605.00 | $27.01 | $74.84 | 7326200020 |
| 4601 | EH317719332 | 1 | 06/05/2017 | $21,355.00 | $26.69 | $73.97 | 7326200020 |
| 1801 | ACN31302332 | 1 | 06/06/2017 | $17,980.00 | $22.48 | $62.28 | 7326200020 |
| 4601 | ACN31307331 | 1 | 06/08/2017 | $19,205.00 | $24.01 | $66.53 | 7326200020 |
| 0401 | ACN31301839 | 1 | 06/08/2017 | $18,202.00 | $22.75 | $63.05 | 7326200020 |
| 4601 | ACN31307349 | 1 | 06/08/2017 | $19,135.00 | $23.92 | $66.28 | 7326200020 |
| 1803 | ACN31303421 | 1 | 06/09/2017 | $18,948.00 | $23.69 | $65.64 | 7326200020 |
| 5201 | ACN31315243 | 1 | 06/14/2017 | $21,506.00 | $26.88 | $74.50 | 7326200020 |
| 2704 | EKJ00109728 | 1 | 06/16/2017 | $13,513.00 | $16.89 | $46.81 | 7326200020 |
| 4601 | EH317719340 | 1 | 06/21/2017 | $20,049.00 | $25.06 | $69.45 | 7326200020 |
| 4601 | EH317719357 | 1 | 06/21/2017 | $20,403.00 | $25.50 | $70.68 | 7326200020 |
| 4601 | EH317719548 | 1 | 06/21/2017 | $20,101.00 | $25.13 | $69.63 | 7326200020 |
| 2809 | ACN31309204 | 1 | 06/22/2017 | $22,216.00 | $27.77 | $76.96 | 7326200020 |
| 0401 | ACN31309196 | 1 | 06/23/2017 | $20,227.00 | $25.28 | $70.07 | 7326200020 |
| 2704 | ACN31312844 | 1 | 6/26/2017 | $16,954.00 | $21.19 | $58.73 | 7326200020 |
| 5201 | ACN31312919 | 1 | 06/26/2017 | $20,247.00 | $25.31 | $70.14 | 7326200020 |
| 4601 | ACN31324153 | 1 | 06/26/2017 | $19,091.00 | $23.86 | $66.13 | 7326200020 |
| 4601 | EH317720975 | 1 | 06/26/2017 | $20,543.00 | $25.68 | $71.16 | 7326200020 |
| 4601 | EH317721783 | 1 | 06/26/2017 | $20,743.00 | $25.93 | $71.85 | 7326200020 |
| 4601 | EH317721791 | 1 | 06/26/2017 | $20,540.00 | $25.68 | $71.15 | 7326200020 |
| 4601 | EH317720983 | 1 | 06/26/2017 | $20,540.00 | $25.68 | $71.15 | 7326200020 |
| 1803 | ACN31313016 | 1 | 06/27/2017 | $19,134.00 | $23.92 | $66.28 | 7326200020 |
| 1803 | ACN31313040 | 1 | 06/27/2017 | $19,825.00 | $24.78 | $68.67 | 7326200020 |
| 4601 | ACN31312893 | 1 | 06/27/2017 | $18,947.00 | $23.68 | $65.63 | 7326200020 |
| 4601 | ACN31309212 | 1 | 06/28/2017 | $19,242.00 | $24.05 | $66.65 | 7326200020 |
| 4601 | ACN31321852 | 1 | 06/28/2017 | $19,314.00 | $24.14 | $66.90 | 7326200020 |
| 0401 | ACN31324815 | 1 | 06/28/2017 | $18,834.00 | $23.54 | $65.24 | 7326200020 |
| 0401 | ACN31323387 | 1 | 06/28/2017 | $18,804.00 | $23.51 | $65.14 | 7326200020 |
| 4601 | ACN31312992 | 1 | 06/29/2017 | $20,164.00 | $25.21 | $69.85 | 7326200020 |
| 4601 | ACN31323445 | 1 | 07/03/2017 | $19,407.00 | $24.26 | $67.23 | 7326200020 |
| 4601 | EH317721940 | 1 | 07/03/2017 | $23,635.00 | $29.54 | $81.87 | 7326200020 |
| 4601 | EH317722179 | 1 | 07/03/2017 | $20,101.00 | $25.13 | $69.63 | 7326200020 |
| 4601 | EH317721957 | 1 | 07/03/2017 | $20,693.00 | $25.87 | $71.68 | 7326200020 |
| 2704 | ACN31312901 | 1 | 07/05/2017 | $18,840.00 | $23.55 | $65.26 | 7326200020 |
| 2704 | ACN31321860 | 1 | 07/07/2017 | $18,241.00 | $22.80 | $63.19 | 7326200020 |
| 1803 | ACN31312984 | 1 | 07/07/2017 | $19,676.00 | $24.60 | $68.16 | 7326200020 |
| 4601 | ACN31334004 | 1 | 07/10/2017 | $19,200.00 | $24.00 | $66.51 | 7326200020 |
| 4601 | ACN31333998 | 1 | 07/10/2017 | $19,944.00 | $24.93 | $69.09 | 7326200020 |
| 2704 | ACN31323346 | 1 | 07/11/2017 | $17,815.00 | $22.27 | $61.71 | 7326200020 |
| 5201 | ACN31326174 | 1 | 07/13/2017 | $18,869.00 | $23.59 | $65.36 | 7326200020 |
| 5201 | ACN31312976 | 1 | 07/13/2017 | $19,063.00 | $23.83 | $66.03 | 7326200020 |
| 1801 | ACN31329509 | 1 | 07/15/2017 | $17,322.00 | $21.65 | $60.00 | 7326200020 |
| 1401 | ACN31340746 | 1 | 07/16/2017 | $19,306.00 | $24.13 | $66.88 | 7326200020 |
| 3001 | EKJ00113167 | 1 | 07/16/2017 | $19,782.00 | $24.73 | $68.52 | 7326200020 |
| 3001 | EKJ00113175 | 1 | 07/16/2017 | $22,080.00 | $27.60 | $76.49 | 7326200020 |

| 4601 | ACN31331356 | 1 | 07/17/2017 | $20,151.00 | $25.19 | $69.80 | 7326200020 |
|------|-------------|---|------------|------------|--------|--------|------------|
| 2809 | ACN31331364 | 1 | 07/17/2017 | $20,171.00 | $25.21 | $69.87 | 7326200020 |
| 4601 | EH317725701 | 1 | 07/17/2017 | $20,220.00 | $25.28 | $70.04 | 7326200020 |
| 4601 | EH317725487 | 1 | 07/17/2017 | $19,799.00 | $24.75 | $68.58 | 7326200020 |
| 4601 | EH317725719 | 1 | 07/17/2017 | $20,101.00 | $25.13 | $69.63 | 7326200020 |
| 4601 | EH317725727 | 1 | 07/17/2017 | $19,584.00 | $24.48 | $67.84 | 7326200020 |
| 3001 | EKJ00113746 | 1 | 07/17/2017 | $20,855.00 | $26.07 | $72.24 | 7326200020 |
| 2704 | ACN31312927 | 1 | 07/18/2017 | $19,031.00 | $23.79 | $65.92 | 7326200020 |
| 2704 | EH317725693 | 1 | 07/19/2017 | $18,271.00 | $22.84 | $63.29 | 7326200020 |
| 2704 | EKJ00113381 | 1 | 07/19/2017 | $19,865.00 | $24.83 | $68.81 | 7326200020 |
| 4601 | EH317726543 | 1 | 07/24/2017 | $18,968.00 | $23.71 | $65.71 | 7326200020 |
| 4601 | EH317726535 | 1 | 07/24/2017 | $19,996.00 | $25.00 | $69.27 | 7326200020 |
| 0401 | ACN31336017 | 1 | 07/26/2017 | $20,239.00 | $25.30 | $70.11 | 7326200020 |
| 5201 | EH317725263 | 1 | 07/26/2017 | $18,655.00 | $23.32 | $64.62 | 7326200020 |
| 1803 | ACN31330168 | 1 | 07/27/2017 | $20,613.00 | $25.77 | $71.40 | 7326200020 |
| 1401 | EH317726550 | 1 | 07/27/2017 | $19,504.00 | $24.38 | $67.56 | 7326200020 |
| 1803 | ACN31330234 | 1 | 07/28/2017 | $19,841.00 | $24.80 | $68.73 | 7326200020 |
| 3801 | EH317725800 | 1 | 07/28/2017 | $19,334.00 | $24.17 | $66.97 | 7326200020 |
| 1801 | ACN31337114 | 1 | 07/29/2017 | $21,249.00 | $26.56 | $73.61 | 7326200020 |
| 3001 | EKJ00115147 | 1 | 07/30/2017 | $20,855.00 | $26.07 | $72.24 | 7326200020 |
| 4601 | ACN31348434 | 1 | 07/31/2017 | $19,073.00 | $23.84 | $66.07 | 7326200020 |
| 4601 | EH317728119 | 1 | 07/31/2017 | $20,101.00 | $25.13 | $69.63 | 7326200020 |
| 1803 | EH317725743 | 1 | 08/04/2017 | $20,102.00 | $25.13 | $69.63 | 7326200020 |
| 0401 | ACN31344458 | 1 | 08/08/2017 | $19,390.00 | $24.24 | $67.17 | 7326200020 |
| 3307 | EH317725735 | 1 | 08/08/2017 | $19,441.00 | $24.30 | $67.34 | 7326200020 |

** estimated values for ocean freight filed for ACN and EH3 entries were calculated @ .1837/kg based on
Domestic value calculated   to include the entered value, HMF, MPF, duty paid, antidumping/countervail

| | Duty Paid | Duty Owed | Case | ADD Rate | ADD Owed | CVD Owed | Freight Charges |
|---|---|---|---|---|---|---|---|
| 3.90% | $847.12 | $0.00 | A570918000 | 187.25% | $40,672.57 | $0.00 | $3,890.77 |
| 3.90% | $613.98 | $0.00 | A570918000 | 187.25% | $29,478.77 | $0.00 | $2,884.64 |
| 3.90% | $865.06 | $0.00 | A570918000 | 187.25% | $41,533.92 | $0.00 | $4,167.78 |
| 3.90% | $680.00 | $0.00 | A570918000 | 187.25% | $32,648.91 | $0.00 | $3,791.57 |
| 3.90% | $794.35 | $0.00 | A570918000 | 187.25% | $38,139.08 | $0.00 | $3,697.88 |
| 3.90% | $761.79 | $0.00 | A570918000 | 187.25% | $36,575.54 | $0.00 | $3,692.37 |
| 3.90% | $705.12 | $0.00 | A570918000 | 187.25% | $33,854.80 | $0.00 | $3,347.75 |
| 3.90% | $791.23 | $0.00 | A570918000 | 187.25% | $37,989.28 | $0.00 | $3,653.79 |
| 3.90% | $787.14 | $0.00 | A570918000 | 187.25% | $37,792.67 | $0.00 | $4,528.76 |
| 3.90% | $688.62 | $0.00 | A570918000 | 187.25% | $33,062.73 | $0.00 | $4,041.40 |
| 3.90% | $761.36 | $0.00 | A570918000 | 187.25% | $36,554.95 | $0.00 | $4,532.80 |
| 3.90% | $671.70 | $0.00 | A570918000 | 187.25% | $32,250.07 | $0.00 | $3,450.80 |
| 3.90% | $832.07 | $0.00 | A570918000 | 187.25% | $39,949.79 | $0.00 | $4,390.43 |
| 3.90% | $555.28 | $0.00 | A570918000 | 187.25% | $26,660.66 | $0.00 | $2,847.35 |
| 3.90% | $875.63 | $0.00 | A570918000 | 187.25% | $42,041.37 | $0.00 | $4,176.42 |
| 3.90% | $623.18 | $0.00 | A570918000 | 187.25% | $29,920.68 | $0.00 | $3,122.90 |
| 3.90% | $780.27 | $0.00 | A570918000 | 187.25% | $37,463.11 | $0.00 | $4,503.22 |
| 3.90% | $766.90 | $0.00 | A570918000 | 187.25% | $36,820.84 | $0.00 | $3,981.15 |
| 3.90% | $686.71 | $0.00 | A570918000 | 187.25% | $32,970.98 | $0.00 | $3,168.64 |
| 3.90% | $800.67 | $0.00 | A570918000 | 187.25% | $38,442.43 | $0.00 | $4,574.13 |
| 3.90% | $731.64 | $0.00 | A570918000 | 187.25% | $35,128.10 | $0.00 | $3,545.41 |
| 3.90% | $798.64 | $0.00 | A570918000 | 187.25% | $38,345.06 | $0.00 | $3,655.63 |
| 3.90% | $818.38 | $0.00 | A570918000 | 187.25% | $39,292.54 | $0.00 | $4,574.13 |
| 3.90% | $688.62 | $0.00 | A570918000 | 187.25% | $33,062.73 | $0.00 | $4,280.21 |
| 3.90% | $793.65 | $0.00 | A570918000 | 187.25% | $38,105.38 | $0.00 | $4,589.93 |
| 3.90% | $661.17 | $0.00 | A570918000 | 187.25% | $31,744.49 | $0.00 | $3,159.64 |
| 3.90% | $808.12 | $0.00 | A570918000 | 187.25% | $38,800.07 | $0.00 | $3,729.11 |
| 3.90% | $823.37 | $0.00 | A570918000 | 187.25% | $39,532.22 | $0.00 | $3,868.90 |
| 3.90% | $782.93 | $0.00 | A570918000 | 187.25% | $37,590.44 | $0.00 | $3,701.56 |
| 3.90% | $632.58 | $0.00 | A570918000 | 187.25% | $30,371.95 | $0.00 | $3,214.75 |
| 3.90% | $760.34 | $0.00 | A570918000 | 187.25% | $36,506.26 | $0.00 | $3,870.92 |
| 3.90% | $797.59 | $0.00 | A570918000 | 187.25% | $38,294.50 | $0.00 | $4,555.76 |
| 3.90% | $716.82 | $0.00 | A570918000 | 187.25% | $34,416.55 | $0.00 | $3,448.05 |
| 3.90% | $751.53 | $0.00 | A570918000 | 187.25% | $36,083.08 | $0.00 | $3,589.50 |
| 3.90% | $817.83 | $0.00 | A570918000 | 187.25% | $39,266.33 | $0.00 | $4,575.97 |
| 3.90% | $706.10 | $0.00 | A570918000 | 187.25% | $33,901.61 | $0.00 | $3,471.93 |
| 3.90% | $696.19 | $0.00 | A570918000 | 187.25% | $33,426.00 | $0.00 | $3,949.55 |
| 3.90% | $774.66 | $0.00 | A570918000 | 187.25% | $37,193.47 | $0.00 | $3,679.51 |
| 3.90% | $784.10 | $0.00 | A570918000 | 187.25% | $37,646.61 | $0.00 | $3,729.11 |
| 3.90% | $881.56 | $0.00 | A570918000 | 187.25% | $42,325.99 | $0.00 | $4,390.43 |
| 3.90% | $801.84 | $0.00 | A570918000 | 187.25% | $38,498.60 | $0.00 | $4,335.32 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3.90% | $778.28 | $0.00 | A570918000 | 187.25% | $37,367.61 | $0.00 | $3,725.80 |
| 3.90% | $820.99 | $0.00 | A570918000 | 187.25% | $39,418.00 | $0.00 | $4,592.13 |
| 3.90% | $842.60 | $0.00 | A570918000 | 187.25% | $40,455.36 | $0.00 | $3,857.70 |
| 3.90% | $832.85 | $0.00 | A570918000 | 187.25% | $39,987.24 | $0.00 | $4,578.54 |
| 3.90% | $701.22 | $0.00 | A570918000 | 187.25% | $33,667.55 | $0.00 | $3,329.01 |
| 3.90% | $749.00 | $0.00 | A570918000 | 187.25% | $35,961.36 | $0.00 | $3,674.00 |
| 3.90% | $709.88 | $0.00 | A570918000 | 187.25% | $34,083.25 | $0.00 | $3,410.21 |
| 3.90% | $746.27 | $0.00 | A570918000 | 187.25% | $35,830.29 | $0.00 | $3,453.56 |
| 3.90% | $738.97 | $0.00 | A570918000 | 187.25% | $35,480.13 | $0.00 | $3,502.06 |
| 3.90% | $838.73 | $0.00 | A570918000 | 187.25% | $40,269.99 | $0.00 | $4,047.64 |
| 3.90% | $527.01 | $0.00 | A570918000 | 187.25% | $25,303.09 | $0.00 | $2,755.50 |
| 3.90% | $781.91 | $0.00 | A570918000 | 187.25% | $37,541.75 | $0.00 | $4,202.87 |
| 3.90% | $795.72 | $0.00 | A570918000 | 187.25% | $38,204.62 | $0.00 | $4,729.72 |
| 3.90% | $783.94 | $0.00 | A570918000 | 187.25% | $37,639.12 | $0.00 | $4,468.87 |
| 3.90% | $866.42 | $0.00 | A570918000 | 187.25% | $41,599.46 | $0.00 | $3,815.45 |
| 3.90% | $788.85 | $0.00 | A570918000 | 187.25% | $37,875.06 | $0.00 | $3,612.28 |
| 3.90% | $661.21 | $0.00 | A570918000 | 187.25% | $31,746.37 | $0.00 | $3,228.67 |
| 3.90% | $789.63 | $0.00 | A570918000 | 187.25% | $37,912.51 | $0.00 | $4,188.36 |
| 3.90% | $744.55 | $0.00 | A570918000 | 187.25% | $35,747.90 | $0.00 | $3,820.96 |
| 3.90% | $801.18 | $0.00 | A570918000 | 187.25% | $38,466.77 | $0.00 | $3,729.11 |
| 3.90% | $808.98 | $0.00 | A570918000 | 187.25% | $38,841.27 | $0.00 | $4,544.19 |
| 3.90% | $801.06 | $0.00 | A570918000 | 187.25% | $38,461.15 | $0.00 | $3,989.04 |
| 3.90% | $801.06 | $0.00 | A570918000 | 187.25% | $38,461.15 | $0.00 | $3,989.04 |
| 3.90% | $746.23 | $0.00 | A570918000 | 187.25% | $35,828.42 | $0.00 | $3,857.70 |
| 3.90% | $773.18 | $0.00 | A570918000 | 187.25% | $37,122.31 | $0.00 | $3,674.00 |
| 3.90% | $738.93 | $0.00 | A570918000 | 187.25% | $35,478.26 | $0.00 | $3,563.78 |
| 3.90% | $750.44 | $0.00 | A570918000 | 187.25% | $36,030.65 | $0.00 | $3,416.82 |
| 3.90% | $753.25 | $0.00 | A570918000 | 187.25% | $36,165.47 | $0.00 | $3,802.59 |
| 3.90% | $734.53 | $0.00 | A570918000 | 187.25% | $35,266.67 | $0.00 | $3,527.04 |
| 3.90% | $733.36 | $0.00 | A570918000 | 187.25% | $35,210.49 | $0.00 | $3,583.62 |
| 3.90% | $786.40 | $0.00 | A570918000 | 187.25% | $37,757.09 | $0.00 | $3,670.33 |
| 3.90% | $756.87 | $0.00 | A570918000 | 187.25% | $36,339.61 | $0.00 | $3,527.04 |
| 3.90% | $921.77 | $0.00 | A570918000 | 187.25% | $44,256.54 | $0.00 | $4,543.27 |
| 3.90% | $783.94 | $0.00 | A570918000 | 187.25% | $37,639.12 | $0.00 | $4,729.72 |
| 3.90% | $807.03 | $0.00 | A570918000 | 187.25% | $38,747.64 | $0.00 | $4,571.37 |
| 3.90% | $734.76 | $0.00 | A570918000 | 187.25% | $35,277.90 | $0.00 | $3,453.56 |
| 3.90% | $711.40 | $0.00 | A570918000 | 187.25% | $34,156.27 | $0.00 | $3,471.93 |
| 3.90% | $767.36 | $0.00 | A570918000 | 187.25% | $36,843.31 | $0.00 | $3,710.74 |
| 3.90% | $748.82 | $0.00 | A570918000 | 187.25% | $35,952.00 | $0.00 | $3,802.59 |
| 3.90% | $777.82 | $0.00 | A570918000 | 187.25% | $37,345.14 | $0.00 | $3,931.18 |
| 3.90% | $694.79 | $0.00 | A570918000 | 187.25% | $33,358.59 | $0.00 | $3,460.91 |
| 3.90% | $735.89 | $0.00 | A570918000 | 187.25% | $35,332.20 | $0.00 | $3,583.99 |
| 3.90% | $743.46 | $0.00 | A570918000 | 187.25% | $35,695.47 | $0.00 | $3,527.04 |
| 3.90% | $675.46 | $0.00 | A570918000 | 187.25% | $32,435.45 | $0.00 | $3,343.34 |
| 3.90% | $752.93 | $0.00 | A570918000 | 187.25% | $36,150.49 | $0.00 | $3,600.52 |
| 3.90% | $771.50 | $0.00 | A570918000 | 187.25% | $37,041.80 | $0.00 | $3,950.00 |
| 3.90% | $861.12 | $0.00 | A570918000 | 187.25% | $41,344.80 | $0.00 | $3,950.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3.90% | $785.89 | $0.00 | A570918000 | 187.25% | $37,732.75 | $0.00 | $3,618.89 |
| 3.90% | $786.67 | $0.00 | A570918000 | 187.25% | $37,770.20 | $0.00 | $4,065.83 |
| 3.90% | $788.58 | $0.00 | A570918000 | 187.25% | $37,861.95 | $0.00 | $4,571.37 |
| 3.90% | $772.16 | $0.00 | A570918000 | 187.25% | $37,073.63 | $0.00 | $4,468.87 |
| 3.90% | $783.94 | $0.00 | A570918000 | 187.25% | $37,639.12 | $0.00 | $4,564.39 |
| 3.90% | $763.78 | $0.00 | A570918000 | 187.25% | $36,671.04 | $0.00 | $3,637.26 |
| 3.90% | $813.35 | $0.00 | A570918000 | 187.25% | $39,050.99 | $0.00 | $4,076.30 |
| 3.90% | $742.21 | $0.00 | A570918000 | 187.25% | $35,635.55 | $0.00 | $3,894.44 |
| 3.90% | $712.57 | $0.00 | A570918000 | 187.25% | $34,212.45 | $0.00 | $3,487.91 |
| 3.90% | $774.74 | $0.00 | A570918000 | 187.25% | $37,197.21 | $0.00 | $3,950.00 |
| 3.90% | $739.75 | $0.00 | A570918000 | 187.25% | $35,517.58 | $0.00 | $3,545.59 |
| 3.90% | $779.84 | $0.00 | A570918000 | 187.25% | $37,442.51 | $0.00 | $3,784.22 |
| 3.90% | $789.32 | $0.00 | A570918000 | 187.25% | $37,897.53 | $0.00 | $3,659.85 |
| 3.90% | $727.55 | $0.00 | A570918000 | 187.25% | $34,931.49 | $0.00 | $3,306.60 |
| 3.90% | $803.91 | $0.00 | A570918000 | 187.25% | $38,597.84 | $0.00 | $3,761.44 |
| 3.90% | $760.66 | $0.00 | A570918000 | 187.25% | $36,521.24 | $0.00 | $4,445.54 |
| 3.90% | $773.80 | $0.00 | A570918000 | 187.25% | $37,152.27 | $0.00 | $3,681.35 |
| 3.90% | $754.03 | $0.00 | A570918000 | 187.25% | $36,202.92 | $0.00 | $4,004.66 |
| 3.90% | $828.71 | $0.00 | A570918000 | 187.25% | $39,788.75 | $0.00 | $3,913.18 |
| 3.90% | $813.35 | $0.00 | A570918000 | 187.25% | $39,050.99 | $0.00 | $3,950.00 |
| 3.90% | $743.85 | $0.00 | A570918000 | 187.25% | $35,714.19 | $0.00 | $4,041.40 |
| 3.90% | $783.94 | $0.00 | A570918000 | 187.25% | $37,639.12 | $0.00 | $4,564.39 |
| 3.90% | $783.98 | $0.00 | A570918000 | 187.25% | $37,641.00 | $0.00 | $3,656.91 |
| 3.90% | $756.21 | $0.00 | A570918000 | 187.25% | $36,307.78 | $0.00 | $3,658.95 |
| 3.90% | $758.20 | $0.00 | A570918000 | 187.25% | $36,403.27 | $0.00 | $4,188.36 |

ٱ shipping charges information included in ES EKJ-00113381
ling duties owed, ocean freight charges, brokerage fees and profit margin per 19 CFR 162.43

| | Actual Loss of Revenue | Potential Loss of Revenue | Total Loss of Revenue | Domestic Value | Liquidation Date |
|---|---|---|---|---|---|
| $85.00 | $40,672.57 | $0.00 | $40,672.57 | $71,021.39 | 06/01/2018 |
| $85.00 | $29,478.77 | $0.00 | $29,478.77 | $51,567.98 | 06/01/2018 |
| $85.00 | $41,533.92 | $0.00 | $41,533.92 | $72,728.87 | 06/04/2018 |
| $85.00 | $32,648.91 | $0.00 | $32,648.91 | $57,733.48 | 06/04/2018 |
| $85.00 | $38,139.08 | $0.00 | $38,139.08 | $66,655.24 | 06/01/2018 |
| $85.00 | $36,575.54 | $0.00 | $36,575.54 | $64,080.47 | 06/04/2018 |
| $85.00 | $33,854.80 | $0.00 | $33,854.80 | $59,246.58 | 06/04/2018 |
| $85.00 | $37,989.28 | $0.00 | $37,989.28 | $66,362.60 | 06/01/2018 |
| $85.00 | $37,792.67 | $0.00 | $37,792.67 | $66,962.66 | 06/01/2018 |
| $85.00 | $33,062.73 | $0.00 | $33,062.73 | $58,676.97 | 06/01/2018 |
| $85.00 | $36,554.95 | $0.00 | $36,554.95 | $64,933.28 | 06/01/2018 |
| $85.00 | $32,250.07 | $0.00 | $32,250.07 | $56,718.66 | 06/04/2018 |
| $85.00 | $39,949.79 | $0.00 | $39,949.79 | $70,360.97 | 06/04/2018 |
| $85.00 | $26,660.66 | $0.00 | $26,660.66 | $46,898.35 | 06/01/2018 |
| $85.00 | $42,041.37 | $0.00 | $42,041.37 | $73,571.75 | 06/01/2018 |
| $85.00 | $29,920.68 | $0.00 | $29,920.68 | $52,545.42 | 06/01/2018 |
| $85.00 | $37,463.11 | $0.00 | $37,463.11 | $66,394.22 | 06/01/2018 |
| $85.00 | $36,820.84 | $0.00 | $36,820.84 | $64,788.17 | 06/01/2018 |
| $85.00 | $32,970.98 | $0.00 | $32,970.98 | $57,605.46 | 06/04/2018 |
| $85.00 | $38,442.43 | $0.00 | $38,442.43 | $68,078.10 | 06/01/2018 |
| $85.00 | $35,128.10 | $0.00 | $35,128.10 | $61,547.21 | 06/04/2018 |
| $85.00 | $38,345.06 | $0.00 | $38,345.06 | $66,949.10 | 06/04/2018 |
| $85.00 | $39,292.54 | $0.00 | $39,292.54 | $69,474.88 | 06/01/2018 |
| $85.00 | $33,062.73 | $0.00 | $33,062.73 | $58,928.92 | 06/01/2018 |
| $85.00 | $38,105.38 | $0.00 | $38,105.38 | $67,540.98 | 06/01/2018 |
| $85.00 | $31,744.49 | $0.00 | $31,744.49 | $55,580.79 | 06/04/2018 |
| $85.00 | $38,800.07 | $0.00 | $38,800.07 | $67,774.23 | 06/04/2018 |
| $85.00 | $39,532.22 | $0.00 | $39,532.22 | $69,124.67 | 06/04/2018 |
| $85.00 | $37,590.44 | $0.00 | $37,590.44 | $65,757.69 | 06/04/2018 |
| $85.00 | $30,371.95 | $0.00 | $30,371.95 | $53,383.78 | 06/04/2018 |
| $85.00 | $36,506.26 | $0.00 | $36,506.26 | $64,155.00 | 06/04/2018 |
| $85.00 | $38,294.50 | $0.00 | $38,294.50 | $67,815.67 | 06/04/2018 |
| $85.00 | $34,416.55 | $0.00 | $34,416.55 | $60,275.38 | 06/04/2018 |
| $85.00 | $36,083.08 | $0.00 | $36,083.08 | $63,162.80 | 06/04/2018 |
| $85.00 | $39,266.33 | $0.00 | $39,266.33 | $69,433.75 | 06/01/2018 |
| $85.00 | $33,901.61 | $0.00 | $33,901.61 | $59,454.51 | 06/04/2018 |
| $85.00 | $33,426.00 | $0.00 | $33,426.00 | $59,176.94 | 06/04/2018 |
| $85.00 | $37,193.47 | $0.00 | $37,193.47 | $65,082.18 | 06/04/2018 |
| $85.00 | $37,646.61 | $0.00 | $37,646.61 | $65,879.05 | 06/04/2018 |
| $85.00 | $42,325.99 | $0.00 | $42,325.99 | $74,265.18 | 06/04/2018 |
| $85.00 | $38,498.60 | $0.00 | $38,498.60 | $67,918.45 | 06/04/2018 |

| | | | | | |
|---|---|---|---|---|---|
| $85.00 | $37,367.61 | $0.00 | $37,367.61 | $65,417.13 | 06/04/2018 |
| $85.00 | $39,418.00 | $0.00 | $39,418.00 | $69,700.00 | 06/01/2018 |
| $85.00 | $40,455.36 | $0.00 | $40,455.36 | $70,629.62 | 06/04/2018 |
| $85.00 | $39,987.24 | $0.00 | $39,987.24 | $70,620.96 | 06/01/2018 |
| $85.00 | $33,667.55 | $0.00 | $33,667.55 | $58,919.15 | 06/04/2018 |
| $85.00 | $35,961.36 | $0.00 | $35,961.36 | $63,051.96 | 06/04/2018 |
| $85.00 | $34,083.25 | $0.00 | $34,083.25 | $59,687.83 | 06/04/2018 |
| $85.00 | $35,830.29 | $0.00 | $35,830.29 | $62,604.04 | 06/04/2018 |
| $85.00 | $35,480.13 | $0.00 | $35,480.13 | $62,079.87 | 06/04/2018 |
| $85.00 | $40,269.99 | $0.00 | $40,269.99 | $70,525.42 | 06/04/2018 |
| $85.00 | $25,303.09 | $0.00 | $25,303.09 | $44,570.90 | 06/01/2018 |
| $85.00 | $37,541.75 | $0.00 | $37,541.75 | $66,206.57 | 06/01/2018 |
| $85.00 | $38,204.62 | $0.00 | $38,204.62 | $67,851.52 | 06/01/2018 |
| $85.00 | $37,639.12 | $0.00 | $37,639.12 | $66,647.18 | 06/01/2018 |
| $85.00 | $41,599.46 | $0.00 | $41,599.46 | $72,464.84 | 06/04/2018 |
| $85.00 | $37,875.06 | $0.00 | $37,875.06 | $66,131.13 | 06/04/2018 |
| $85.00 | $31,746.37 | $0.00 | $31,746.37 | $55,656.71 | 06/04/2018 |
| $85.00 | $37,912.51 | $0.00 | $37,912.51 | $66,800.43 | 06/04/2018 |
| $85.00 | $35,747.90 | $0.00 | $35,747.90 | $62,856.27 | 06/04/2018 |
| $85.00 | $38,466.77 | $0.00 | $38,466.77 | $67,226.60 | 06/01/2018 |
| $85.00 | $38,841.27 | $0.00 | $38,841.27 | $68,701.83 | 06/01/2018 |
| $85.00 | $38,461.15 | $0.00 | $38,461.15 | $67,491.59 | 06/01/2018 |
| $85.00 | $38,461.15 | $0.00 | $38,461.15 | $67,491.59 | 06/01/2018 |
| $85.00 | $35,828.42 | $0.00 | $35,828.42 | $63,027.33 | 06/04/2018 |
| $85.00 | $37,122.31 | $0.00 | $37,122.31 | $64,959.46 | 06/04/2018 |
| $85.00 | $35,478.26 | $0.00 | $35,478.26 | $62,141.91 | 06/04/2018 |
| $85.00 | $36,030.65 | $0.00 | $36,030.65 | $62,894.48 | 06/04/2018 |
| $85.00 | $36,165.47 | $0.00 | $36,165.47 | $63,522.98 | 06/04/2018 |
| $85.00 | $35,266.67 | $0.00 | $35,266.67 | $61,755.50 | 06/04/2018 |
| $85.00 | $35,210.49 | $0.00 | $35,210.49 | $61,722.89 | 06/04/2018 |
| $85.00 | $37,757.09 | $0.00 | $37,757.09 | $65,998.56 | 06/04/2018 |
| $85.00 | $36,339.61 | $0.00 | $36,339.61 | $63,518.39 | 06/04/2018 |
| $85.00 | $44,256.54 | $0.00 | $44,256.54 | $77,598.41 | 06/01/2018 |
| $85.00 | $37,639.12 | $0.00 | $37,639.12 | $66,922.38 | 06/01/2018 |
| $85.00 | $38,747.64 | $0.00 | $38,747.64 | $68,576.67 | 06/01/2018 |
| $85.00 | $35,277.90 | $0.00 | $35,277.90 | $61,696.43 | 06/04/2018 |
| $85.00 | $34,156.27 | $0.00 | $34,156.27 | $59,872.93 | 06/04/2018 |
| $85.00 | $36,843.31 | $0.00 | $36,843.31 | $64,539.80 | 06/04/2018 |
| $85.00 | $35,952.00 | $0.00 | $35,952.00 | $63,172.24 | 06/04/2018 |
| $85.00 | $37,345.14 | $0.00 | $37,345.14 | $65,596.90 | 06/04/2018 |
| $85.00 | $33,358.59 | $0.00 | $33,358.59 | $58,550.67 | 06/04/2018 |
| $85.00 | $35,332.20 | $0.00 | $35,332.20 | $61,923.26 | 06/04/2018 |
| $85.00 | $35,695.47 | $0.00 | $35,695.47 | $62,460.04 | 06/04/2018 |
| $85.00 | $32,435.45 | $0.00 | $32,435.45 | $56,909.87 | 06/04/2018 |
| $85.00 | $36,150.49 | $0.00 | $36,150.49 | $63,285.18 | 06/04/2018 |
| $85.00 | $37,041.80 | $0.00 | $37,041.80 | $65,118.35 | 06/01/2018 |
| $85.00 | $41,344.80 | $0.00 | $41,344.80 | $72,188.38 | 06/01/2018 |

| | | | | | |
|---|---|---|---|---|---|
| $85.00 | $37,732.75 | $0.00 | $37,732.75 | $65,904.29 | 06/04/2018 |
| $85.00 | $37,770.20 | $0.00 | $37,770.20 | $66,437.34 | 06/04/2018 |
| $85.00 | $37,861.95 | $0.00 | $37,861.95 | $67,121.44 | 06/01/2018 |
| $85.00 | $37,073.63 | $0.00 | $37,073.63 | $65,718.05 | 06/01/2018 |
| $85.00 | $37,639.12 | $0.00 | $37,639.12 | $66,747.96 | 06/01/2018 |
| $85.00 | $36,671.04 | $0.00 | $36,671.04 | $64,179.24 | 06/01/2018 |
| $85.00 | $39,050.99 | $0.00 | $39,050.99 | $68,552.79 | 06/01/2018 |
| $85.00 | $35,635.55 | $0.00 | $35,635.55 | $62,749.20 | 06/04/2018 |
| $85.00 | $34,212.45 | $0.00 | $34,212.45 | $59,982.09 | 06/01/2018 |
| $85.00 | $37,197.21 | $0.00 | $37,197.21 | $65,373.70 | 06/01/2018 |
| $85.00 | $35,517.58 | $0.00 | $35,517.58 | $62,187.33 | 06/01/2018 |
| $85.00 | $37,442.51 | $0.00 | $37,442.51 | $65,601.83 | 06/01/2018 |
| $85.00 | $37,897.53 | $0.00 | $37,897.53 | $66,218.24 | 06/04/2018 |
| $85.00 | $34,931.49 | $0.00 | $34,931.49 | $60,972.23 | 06/01/2018 |
| $85.00 | $38,597.84 | $0.00 | $38,597.84 | $67,476.07 | 06/04/2018 |
| $85.00 | $36,521.24 | $0.00 | $36,521.24 | $64,785.84 | 06/01/2018 |
| $85.00 | $37,152.27 | $0.00 | $37,152.27 | $65,016.43 | 06/04/2018 |
| $85.00 | $36,202.92 | $0.00 | $36,202.92 | $63,797.70 | 06/01/2018 |
| $85.00 | $39,788.75 | $0.00 | $39,788.75 | $69,592.87 | 06/04/2018 |
| $85.00 | $39,050.99 | $0.00 | $39,050.99 | $68,419.55 | 06/01/2018 |
| $85.00 | $35,714.19 | $0.00 | $35,714.19 | $63,033.45 | 06/04/2018 |
| $85.00 | $37,639.12 | $0.00 | $37,639.12 | $66,747.96 | 06/01/2018 |
| $85.00 | $37,641.00 | $0.00 | $37,641.00 | $65,793.65 | 06/01/2018 |
| $85.00 | $36,307.78 | $0.00 | $36,307.78 | $63,605.26 | 06/04/2018 |
| $85.00 | $36,403.27 | $0.00 | $36,403.27 | $64,320.69 | 06/01/2018 |

$4,139,105.19   $7,271,233.19

Headquarter Decision on Penalty Notice
in Case No. 2022-4601-300560-01
June 17, 2022



1100 Raymond Blvd
Newark, NJ 07102

**U.S. Customs and
Border Protection**

Jennifer Diaz, Esq.
Diaz Trade Law
12700 Biscayne Blvd, Suite 301
North Miami, FL, 33181

**JUN 1 7 2022**

Re: Petition – FP&F case 2022-4601-300560-01
    John ("Zhe") Liu, Violations: 19 USC 1592, Amount: $7,271,233.19

Dear Ms. Diaz:

This is in response to your petition for mitigation submitted on behalf of your client, John Liu, in the above referenced penalty case.

After reviewing the merits of your petition and all the facts surrounding this case, it has been determined by the Office of Trade Regulations & Rulings to deny the petition. A copy of the decision is enclosed with this correspondence.

Please be advised that, pursuant to 19 CFR § 171.22, this decision will be effective for no more than seven (7) days considering that you have not provided a waiver of the Statute of Limitations. If payment of the stated amount is not received, FP&F will enforce the debt by promptly forwarding the matter to the pertinent Office of the Chief Counsel (OCC) for referral of the matter to the Department of Justice (DOJ) for collection.

If you have any questions regarding this matter, please contact Ms. Dorota Kirkicka of my staff at (973) 368-6048.

Sincerely,

*Maryann Appel*

Christopher LaTourette
Fines, Penalties, and Forfeitures Officer
New York Area

Enclosure: As stated



**U.S. Department of Homeland Security**
Washington, DC 20229

**U.S. Customs and Border Protection**

June 17, 2022

OT:RR:BSTC:PEN: H325552 RDJ

Fines, Penalties & Forfeitures Officer
U.S. Customs and Border Protection
1100 Raymond Blvd., Suite 501
Newark, NJ  07102

      Re:  FP&F Case No. 2022-4601-300560-01; GL Paper Distribution, LLC and
          John ("Zhe") Liu; 19 U.S.C. § 1592

Dear Sir:

This letter is in response to your electronic transmission made to the Office of Trade ("OT"),
Regulations and Rulings ("RR"), Penalties Branch ("PB"), on June 1, 2022, where you forwarded a
petition for relief dated May 16, 2022 for Fines, Penalties & Forfeitures ("FP&F") case number
2022-4601-300560-01.  The petition was filed by Jennifer R. Diaz, Esq. (Diaz Trade Law)
("Counsel") on behalf of John ("Zhe") Liu.

On May 2, 2022,  the FP&F Office in Newark (NJ) issued Penalty Notice 2022-4601-300560-01
against GL Paper Distribution, jointly and severally, with Mr. Liu, stating that United States
Customs and Border Protection ("CBP") was assessing a penalty in amount of **$7,271,233.19**,
pursuant to Title 19, United States Code ("U.S.C.") Section 1592 ("19 U.S.C. § 1592"), for alleged
negligence, after CBP determined that, between March 31, 2017 and August 8, 2017, GL Paper
Distribution and/or John Liu entered, introduced and/or attempted to enter or introduce
merchandise (113 entries of "steel wire garment hangers" or "steel wire hangers") into the
commerce of the United States, by means of material false statements, acts and/or omissions. GL
Paper Distribution was the importer of record for the 113 entries and GL Paper falsely declared the
goods to be from Malaysia. That the goods were produced in Malaysia was not established, and the
goods were found likely to have been sourced from the People's Republic of China ("China"). Mr.
Liu was the person who CBP determined enabled the importer to falsely indicate to CBP that the
goods were produced in Malaysia. The merchandise was found to be subject to Department of
Commerce ("DOC") antidumping duties ("AD") under antidumping  case number A-570-918.[1] The
Penalty Notice stated that the violations, committed by GL Paper Distribution and/or John Liu,
resulted in a total loss of revenue of $4,139,105.19.[2]  Inasmuch as two times the total loss of revenue
would have exceeded the statutory limit set for 19 U.S.C. § 1592 violations, the penalty was assessed
at the domestic value of the merchandise ($7,271,233.19).

---

[1] See, Notice of Antidumping Order: Steel Wire Garment Hangers from the People's Republic of China, 73 Fed. Reg.
   58111 (Dept. Commerce Oct. 6, 2008).
[2] CBP intends to collect the loss of revenue through debt collection proceedings.

Counsel for the petitioner claims that CBP has no legal authority to assess a penalty for the matter at issue because Mr. Liu "was neither an owner or officer of GL Paper Distribution, LLC.("GL Paper"), the importer of record for the subject transactions and critically, was not involved in the preparation of the entry or related customs documents. Critically, CBP has made no allegation of any kind whatsoever against any officer or owner of GL Paper." Counsel for the petitioner claims that Mr. Liu is simply being "targeted" by CBP because he is the owner of "NC Supply," which bought *domestic* goods from GL Paper and, as a *purchaser*, Mr. Liu was not involved in the actual importation of the merchandise. Moreover, Counsel claimed that CBP's calculation of the domestic value of the goods is "inflated" and an "abuse of discretion." Counsel requested that the reviewing office [Penalties Branch] contact Counsel if it intends to issue a decision contrary to the claims alleged herein.

For the record, on June 7, 2022, Counsel made an oral presentation by teleconference with the Penalties Branch reviewer to discuss the penalty assessment. During the teleconference, Counsel for the petitioner addressed the claims made in its petition for relief and made additional claims that will be noted below. Our decision on this case is set forth below.

**FACTS:**

GL Paper Distribution, LLC. is the importer of record for the steel wire garment hanger entries at issue. In 2017, CBP found that GL Paper was importing steel wire garment hangers of Chinese origin into the United States by falsely claiming them to be of Malaysian origin in order to avoid the payment of antidumping duties owed on Chinese goods. The claimed Malaysian "manufacturers" were said to be "Pole Econ Industries" and "Genius Hanger Manufacturer," with facilities in Malaysia. However, upon investigation, it was determined that the locations at the stated physical addresses did not exist.

Consequently, CBP determined that the goods were falsely claimed to be from Malaysia, a country for which this commodity is not subject to AD and that the steel wire garment hangers were instead manufactured in China. Mr. John Liu was determined to be the person behind the false entry of the merchandise into the United States. On August 17, 2017, CBP issued to GL Paper a notice of initiation of a CBP investigation, and, on the same date, the Base Metal Center of Excellence and Expertise ("BMCEE") took interim measures to protect the U.S. revenue. As goods produced in China, they were found subject to AD under DOC antidumping case A-570-918-000, having an AD rate of 187.25%.[3] On August 18, 2017, CBP sent a CBP Form 29 Notice of Action, advising GL

---

[3] The merchandise, subject to AD, should have been claimed as type 03 entries (to indicate to CBP that the merchandise is subject to AD and/or CVD (rather than 01 consumption entries). The applicable AD case is:
A-570-918-000 (China) steel wire garment hangers Initiated case 10/16/2007 Preliminary determination 04/22/2008 Final 08/27/2008, Order date 10/07/2008 effective for shipments on or after September 15, 2008. The scope of the AD case is: "THE MERCHANDISE THAT IS SUBJECT TO THIS INVESTIGATION IS STEEL WIRE GARMENT HANGERS, FABRICATED FROM CARBON STEEL WIRE, WHETHER OR NOT GALVANIZED OR PAINTED, WHETHER OR NOT COATED WITH LATEX OR EPOXY OR SIMILAR GRIPPING MATERIALS, AND/OR WHETHER OR NOT FASHIONED WITH PAPER COVERS OR CAPES (WITH OR WITHOUT PRINTING) AND/OR NONSLIP FEATURES SUCH AS SADDLES OR TUBES . THESE PRODUCTS MAY ALSO BE REFERRED TO BY A COMMERCIAL DESIGNATION, SUCH AS SHIRT, SUIT, STRUT, CAPED, OR LATEX (INDUSTRIAL) HANGERS. SPECIFICALLY, EXCLUDED FROM THE SCOPE OF THIS INVESTIGATION ARE WOODEN, PLASTIC, AND OTHER GARMENT HANGERS THAT ARE NOT MADE OF STEEL WIRE. THE PRODUCTS SUBJECT TO THIS INVESTIGATION ARE CURRENTLY CLASSIFIED UNDER HTSUS SUBHEADING 7326.20.0020 AND 7323.99.9060. ALTHOUGH

Case 1:22-cv-00215-JAR   Document 18   Filed 02/07/23   Page 49 of 59

Paper of the CBP investigation and of rate advances for GL Paper's unliquidated entries. CBP rate advanced 154 unliquidated entries to include the antidumping rate of 187.25% by adding the "all others" antidumping case, A-570-918-000, and changing the entry type from "01" consumption to "03" antidumping entry type code. CBP found that GL Paper had correctly classified the goods using subheading 7326.20.0020, Harmonized Tariff Schedule of the United States ("HTSUS"), with an *ad valorem* duty rate of 3.9%. However, the total loss of revenue for GL Paper's undeclared ADs amounted to $4,139,105.19. The domestic value of the subject merchandise was determined by CBP to be $7,271,233.19.

As further background to this case, on May 12, 2017, domestic wire hanger manufacturer, M&B Metal Products Company, Inc. ("M&B") filed an Enforce and Protect Act (EAPA) allegation with CBP, pursuant to 19 Code of Federal Regulations ("C.F.R.") § 165.11 against various importers, among them, GL Paper Distribution LLC. That allegation became EAPA Investigation No. 7191.[4] M&B alleged that various companies, among them GL Paper, were declaring a false country of origin on entries for steel wire garment hangers by falsely claiming them as goods from Malaysia. M&B's allegations were referred to the BMCEE to initiate an investigation. Consequently, on May 25, 2017, CBP sent a CBP Form 28: Request for Information to GL Paper requesting full production records for its entries of steel wire hangers. The subject CBP Form 28 requested all information relating to the production of the steel wire hangers, including, but not limited to, all production processes, references to raw material, machine descriptions, purchase orders, packaging processes as well as transportation information and loading-to-final destination information. On June 22, 2017, GL Paper provided to the BMCEE a company profile and brochure from "Pole Econ Industries," one of the two manufacturers in Malaysia that GL Paper claimed had manufactured the steel wire hangers that they imported. GL Paper also produced an electric bill for Pole Econ Industries and a transportation bill issued to Pole. Both documents referenced physical addresses in Malaysia. The company also produced two purchase orders purportedly for raw materials related to Pole. After reviewing these documents, the BMCEE determined that GL Paper's response to the May 25, 2017 CBP Form 28 request for Information was inadequate and sent a second (CBP Form 28) request for records to GL Paper on July 19, 2017. According to the record, GL Paper did not respond to the second CBP Form 28. Consequently, based on those documents, CBP could not determine if the steel wire garment hangers imported by GL Paper had been manufactured in Malaysia as claimed by GL Paper at the time of entry. CBP conducted further investigation and sent a CBP team from various offices in CBP to perform on-site visits in Malaysia from July 26 to July 28, 2017. The purpose of the on-site visits was to ascertain whether the hangers imported by GL Paper during the time period of review had, in fact, been made in Malaysia by Pole Econ Industries and/or Genius Hanger Manufacturer Supplies. On or about July 27, 2017, upon the

---

THE HTSUS SUBHEADING IS PROVIDED FOR CONVENIENCE AND CUSTOMS PURPOSES, THE WRITTEN DESCRIPTION OF THE MERCHANDISE IS DISPOSITIVE."

[4] In the Enforce and Protect Act ("EAPA") Consolidated Investigation No. 7191, U.S. Customs and Border Protection ("CBP") "determined that substantial evidence exists on the record that the following companies entered steel wire garment hangers covered by antidumping ("AD") duty order A-570-9181 into the customs territory of the United States through evasion: Brooklyn Knights Trading, Inc. ("Brooklyn Knights"), Casa USA, Inc. ("Casa USA"), Garment Cover Supply, LLC ("Garment Cover"), GL Paper Distribution, LLC ("GL Paper"), Masterpiece Supply, Ltd. ("Masterpiece Supply"), Newtown Supply NY, Inc. ("Newtown Supply"), Nice Guy Trading, Inc. ("Nice Guy"), and Subcos Percha De Metal Factory ("Subcos Percha") (collectively the "Companies"). Specifically, substantial evidence demonstrates that the Companies imported wire hangers from the People's Republic of China ("China") that were transshipped through Malaysia to the United States." The applicable AD order: Notice of Antidumping Order: Steel Wire Garment Hangers from the People's Republic of China, 73 Fed. Reg. 58111 (Dept. Commerce Oct. 6, 2008).

Page 3 of 13

CBP team visiting the stated addresses, CBP determined that those alleged manufacturing facilities did not exist. Consequently, due to the lack of evidence of manufacturing facilities at the claimed Malaysian locations, the goods were determined not to be from Malaysia but from China. Therefore, on August 17, 2017, CBP sent a notice to GL Paper pursuant to 19 C.F.R. § 165.15(d) stating that it had initiated an EAPA investigation into the company's importation of its steel wire hangers. The company did not respond to requests for information related to the EAPA investigation and did not provide a final written argument or response to the allegations. On August 18, 2017, CBP sent a CBP Form 29 Notice of Action to GL Paper stating:

> This is to inform you that the Base Metals Center of Excellence and Expertise is conducting an investigation under 19 USC 1592 into U.S. Customs and Border Protection transactions involving your company as the importer of record, mainly GL Paper Distribution LLC. The subject merchandise being reviewed is steel wire garment hangers from China. CBP has reason to believe this merchandise is subject to antidumping case A570-918-000, with a deposit rate of 187.25%. The date of the transactions entered were on or after 5/12/2016 (more recent entries will be addressed separately). You are requested to deposit the applicable ADD duties associated with the entries of steel wire hangers from 5/12/2016 to present at this time. Any duties not deposited at this time will accrue interest from the date of the original deposit was due and you will be billed accordingly. All future entries of this merchandise must be submitted with all applicable antidumping duties. **amended for date error***

Finally, on March 15, 2018, pursuant to 19 C.F.R. § 165.27, CBP made a final determination as to the allegations contained in the EAPA case, finding, among other things, that there was substantial evidence that GL Paper had entered steel wire garment hangers subject to anti-dumping duties into the United States through evasion. The determination was based on the aforementioned site visits conducted in July 2017 and a finding of no actual production by Pole Econ Industries. For Genius Hanger Manufacturer Supplies, no physical location was found and CBP apparently applied adverse inferences to that effect. All of GL Paper's steel wire garment hangers were determined to be "imported Chinese origin hangers that were transshipped through Malaysia, and thus covered by the AD order on steel wire hangers from China."[5]

On March 29, 2022,  FP&F in Newark issued a Pre-Penalty Notice to GL Paper Distribution, LLC and John Liu, jointly and severally, stating that CBP was considering assessing a penalty in the amount of **$7,271,233.19** pursuant to 19 U.S.C. § 1592, for alleged **negligence**, for 113 entries that were filed with CBP between March 31, 2017 and August 8, 2017, relating to entries of "steel wire garment hangers."  The Pre-Penalty stated, among other things:

> 7.  Facts Establishing the Violation:
>
> GL Paper Distribution, LLC and John Liu, jointly and severally, entered, introduced, or attempted to enter or introduce, or aided and abetted the entry, introduction, or attempted entry or introduction of the merchandise referenced above into the commerce of the United States, by means of material false statements, acts, or omissions. Specifically, GL Paper Distribution LLC and John Liu falsely  declared that 113 entries of steel wire hangers, filed between March 31, 2017 and August 8, 2017, were manufactured by Pole Econ Industries and Genius Hanger in Malaysia which enabled

---

[5] See, EAPA Notice of Final Determination as to Evasion, EAPA Cons. Case Number 7191 March 15, 2018.

them to avoid paying anti-dumping duties on steel wire garment hangers from the
People's Republic of China which are subject of Department of Commerce anti-dumping
Case A-570-918.

8. Level of Culpability: Negligence

9. Proposed Penalty $7,271,233.19

The Entry Appraisal Spreadsheet listed the entries at issue which were entered at various ports of entry. The
Entry Appraisal Spreadsheet provided the loss of revenue ("LOR") and the Domestic Value as:

> "**estimated values for ocean freight filed for ACN and EH3 entries
> were calculated @ .1837/kg based on shipping charges included in
> ES EKJ-0013381. Domestic value calculated  to include entered value,
> HMF, MPF, duty paid, antidumping/countervailing duties owed, ocean
> freight charges, brokerage fees and profit margin per 19 CFR 162.43."

Because of the imminent running of the statute of limitations, FP&F provided seven days for both parties to
respond to the Pre-Penalty Notice.  On April 5, 2022, Jennifer Diaz sent a written response to the pre-penalty
notice. According to the record, on April 7, 2022, an oral presentation was held via TEAMS with Counsel
Jennifer Diaz and associates Sharath Patil and David Craven, as well as with officials from CBP's FP&F,
BMCEE, and Office of the Chief Counsel. Counsel for the petitioner disputed Mr. Liu's involvement with
GL Paper Distribution, LLC. and stated that Mr. Liu  should not be named in the subject action, inasmuch as
he was neither, at present nor in the past, an officer for GL Paper Distribution, LLC.  Upon review of the
claims made by Counsel,  FP&F issued a Penalty Notice dated May 2, 2022 with  "no changes" against GL
Paper Distribution and Mr. Liu (jointly and severally), as alleged by CBP in the pre-penalty statement.

Specifically, the Penalty Notice dated May 2, 2022 stated:
> Demand is hereby made for payment of $7,271,233.19 representing penalties
> assessed against you for violation of law or regulation, or breach of bond, as set
> forth below:
>
> United States Customs and Border Protection (CBP) has determined you have
> acted in violation of  the provisions of title 19, United States Code 1592(a),
> 19 U.S.C. 1592(a), in that you entered, introduced or attempted the entry or
> introduction of the following merchandise steel wire hangers into the
> United States commerce  through a false document, electronic transmission
> of data or information, written or oral statement, or act that is material and
> false or an omission that is material.
>
> The date the violation began is 03/31/2017. The total amount of monetary
> loss, including duties, taxes, and fees is $4,139,105.19, which includes an actual
> loss of 0.00 and a potential loss of $4,139,105.19.
>
> The penalty in the amount of $7,271,233.19, which is equal to calculations
> completed by the Base Metal Center. The penalty is based on a determination
> of Negligence.
>
> Material facts establishing the violation were attached to the pre-penalty notice.
> CBP's analysis of issues raised in the pre-penalty notice are in the attached document.
>
> You have the right to petition for relief from the penalty under the provisions of

Title 19, United States Code, section 1618 (19 U.S.C. 1618).

Please be advised that this penalty notice is being issued jointly and severally against GL Paper Distribution, LLC and John Liu.

On May 16, 2022, Counsel for the petitioner filed the instant petition for relief and which is now the subject of our review.  On June 7, 2022, Counsel made an oral presentation to the Penalties Branch.

**LAW:**

Title 19 U.S.C. § 1592(a)(1) provides in applicable part that:

[N]o person, by fraud, gross negligence, or negligence –

(A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of –

(i)             any document or electronically transmitted data or information, written or oral statement, or act which is material and false, or

(ii)            any omission which is material.

Negligence is defined as

[A]n act or acts (of commission or omission) done through either the failure to exercise the degree of reasonable care and competence expected from a person in the same circumstances either: (a) in ascertaining the facts or in drawing inferences therefrom, in ascertaining the offender's obligations under the statute, or (b) in communicating information so that it may be understood by the recipient.  As a general rule, a violation is determined to be negligent if it results from failure to exercise reasonable care and competence: (a) to ensure that statements made and information provided in connection with the importation of merchandise are complete and accurate; or (b) to perform any material act required by statute or regulation (19 CFR Part 171, App. B, Para. (C)(1)).

19 U.S.C. § 1592(c)(3) Negligence. A negligent violation of subsection (a) is punishable by a civil penalty in an amount not to exceed—

(A) the lesser of—
(i) the domestic value of the merchandise, or
(ii) two times the lawful duties, taxes, and fees of which the United States is or may be deprived, or
(B) if the violation did not affect the assessment of duties, 20 percent of the dutiable value of the merchandise.

Title 19 U.S.C. § 1592(e)(4) provides that if the penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence.

With regard to the reasonable care standard, in reporting the Customs Modernization Act ("Mod Act") to the House floor, the House Ways and Means Committee commented:

> In meeting the "reasonable care" standard, the Committee believes that an importer should consider utilization of one or more of the following aids to establish evidence of proper compliance: seeking guidance from the Customs Service through the pre-importation or formal ruling program; consulting with a Customs broker, a Customs consultant, or a public accountant or an attorney; using in-house employees such as counsel, a Customs administrator, or if valuation is an issue, a corporate controller, who have experience and knowledge of customs laws, regulations, and procedures. . .
>
> For example, in seeking advice for a classification issue, the Committee expects an importer to consult with an attorney or an in-house employee having technical expertise about the particular merchandise in question. . .
>
> In using a qualified expert, the importer is also responsible for providing such expert with full and complete information sufficient for the expert to make entry or to provide advice as to how to make entry.  If the above steps are taken, the importer will be presumed to have acted with "reasonable care" in making entry.
>
> The following are two examples of how the reasonable care standard should be interpreted by Customs: (a) the failure to follow a binding ruling is a lack of reasonable care; and (b) an honest, good faith professional disagreement as to correct classification of a technical matter shall not be lack of reasonable care unless such disagreement has no reasonable basis (e.g., snow skis are entered as water skis).
>
> To the extent that an importer fails to use reasonable care in classifying and valuing the merchandise and presenting other entry data, the Customs Service may impose a penalty under the appropriate culpability level of 19 U.S.C. § 1592

(House Ways and Means Committee Report at 120 (H.R. Rep. 103-361, 103d Cong., 1st Session).

Title 19 U.S.C. § 1671 and relevant provisions concern countervailing duties and the procedures to initiate a countervailing duty investigation.  Title 19 U.S.C. § 1673 and relevant provisions concern antidumping duties and the procedures to initiate an antidumping duty investigation.

To ensure that antidumping duties and countervailing duties ("AD/CVDs") are properly deposited, CBP, pursuant to 19 U.S.C. § 1484(a)(2)(A), promulgated 19 CFR § 141.61(c), which provides that "the entry summary filed for merchandise subject to antidumping or countervailing duty order shall include the unique identifying number assigned by DOC's International Trade Administration." CBP has placed the instructions for completing the CBP Form 7501 (Entry Summary) on its website.  These instructions require importers to specify entry type code 03 in block 2 for entries subject to AD or CVD.  The instructions for block 29B instruct importers to record the applicable AD/CVD case number(s) as assigned by DOC.  The instructions for block 33B instruct importers to record the AD and/or CVD rate(s) designated by DOC, directly opposite the respective AD/CVD case number.  The CIT has held that negligent failure to declare on entry that goods are

subject to AD [or CVD] is a violation of 19 U.S.C. § 1592. *United States v. Ferro Union, Inc.*, 24 C.I.T. 762 (2000).

Title 19 U.S.C. § 1618 provides CBP's authority for the remission or mitigation of penalties and 19 CFR Part 171, App B sets forth the guidelines for the imposition and mitigation of section 1592 penalties.

**CLAIMS MADE IN THE PETITION DATED MAY 16, 2022:**

Counsel for the petitioner requested confidential treatment. Counsel claimed that the penalty must be rescinded inasmuch as it is egregious, extraordinary, arbitrary, and CBP has no legal authority to issue the penalty notice to the petitioner under the facts as alleged by CBP. Counsel claims that neither the subject Pre-Penalty Notice nor Penalty Notice provide "the barest detail" as to what actions the petitioner engaged in order to give rise to the alleged violation. Counsel claims that by failing to articulate the basis for this penalty, "CBP has deprived petitioner of its due process rights by failing to identify any actual alleged violation."

Counsel claims that John Liu is the President of NC Supply, Inc., a U.S. distributor of a variety of goods including, but not limited to, plastic bags, film, dry cleaning, and garment supplies. NC Supply is a Florida Profit Corporation founded on November 17, 2004. (Exhibit "C"). Counsel claims that neither NC Supply nor John Liu "are related to, nor is there any ownership or control over GL Paper, the Importer of Record listed on the Penalty Notice." Counsel asserts that John Liu's actions (as president of NC Supply, Inc.) are to have merely purchased "domesticated" goods from GL Paper after importation.  Thus, according to Counsel, Mr. Liu's actions were legal, and did not constitute negligence, and not even "clerical error." Counsel claims that GL Paper and Mr. Liu (and his company, NC Supply) are entirely unrelated entities and they operate independently of one another. According to Counsel, GL Paper was dissolved, allegedly since August 15, 2017 ("Exhibit D").
According to Counsel, Mr. Liu was not involved in the preparation of the entry or related customs documents. According to Counsel, it is "black letter law" that a purchaser of goods in the United States, imported by third parties, is not responsible for the importations.  Counsel enclosed under its "Exhibit F," the purported "agreement between GL Paper and NC Supply in which NC Supply agreed to purchase the subject merchandise" and asserts that as demonstrated by the transaction documents, neither the petitioner nor NC Supply had any role in the importation of the subject merchandise, and NC Supply served only as a domestic purchaser. Counsel claims that the Mr. Liu is simply being targeted because CBP has no ability to access funds due to GL Paper's dissolution. Counsel claims that CBP's actions are "unfairly and unconstitutionally reaching for Petitioner's assets, in violation of the Takings Clause of the Fifth Amendment of the U.S. Constitution." Counsel adds that if CBP believes that it has authority to impose duties on *U.S.* customers for products imported by others and to establish liability for their actions, it can only do so (if at all) through a notice and comment process under the "Administrative Practices Act."

In terms of CBP's allegation of negligence, Counsel avers that GL Paper's alleged unlawful conduct does not rise to the level of negligence being that a violation is determined to be negligent if it results from an act or acts (of commission or omission) done through either the failure to exercise the degree of reasonable care and competence expected from a person in the same circumstances either: (a) in ascertaining the facts or in drawing inferences therefrom, in ascertaining the offender's obligations under the statute; or (b) in communicating information in a manner so that it may be

understood by the recipient. As a general rule, a violation is negligent if it results from failure to exercise reasonable care and competence: (a) to ensure that statements made and information provided in connection with the importation of merchandise are complete and accurate; or (b) to perform any material act required by statute or regulation. Counsel avers there is no allegation of negligence involving the subject import transactions, thus, "we cannot address the level of culpability because CBP is NOT claiming any specific action taken. In order to take action to introduce merchandise, a specific action MUST be alleged."

Additionally, even if CBP were to specifically identify and allege some action by NC Supply to be violative, NC Supply's president, as an individual, cannot be found personally liable, inasmuch as 19 U.S.C. § 1592(a)(1) prohibits any person from fraudulently or negligently entering, introducing, or attempting to enter or introduce merchandise into U.S. commerce by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false or any material omission. Thus, according to Counsel, in landmark court case, *U.S. v. Trek Leather, Inc. and Harish Shadadpuri,* 724 F.3d 1330 (Fed. Cir. Jul. 30, 2013), the U.S. Court of Appeals for the Federal Circuit ("CAFC") was faced with the question of whether or not the standard described under 19 U.S.C. § 1592(a)(1) applied to a person who was acting in his or her capacity as a corporate officer of the "importer of record." The CAFC held that persons who "enter" goods include individuals. However, the court further clarified that the decision did not go so far as to "pierce the corporate veil," stating that Shadadpuri was not being held personally liable because of his status as the officer or owner but instead because he himself personally violated the statute and there was a "core principle" in the law that "a person who personally commits a wrongful act is not relieved of liability because the person was acting for another." According to Counsel, the facts in relation to Mr. Liu can be distinguished from *Trek Leather* because Mr. Liu was not involved in the importation of the subject merchandise, as he served as the president of another company, NC Supply, which for all purposes, was the purchaser and consignee.

Furthermore, Counsel claims that CBP's calculation of the domestic value for the entries at issue is entirely unsubstantiated and exorbitantly inflated. Counsel presents, as comparison, the values relating to "exact goods" but from an entry filed by NC Supply (NC Supply's Entry No. CH317705752). Counsel claims that such "same goods" received a "CBP alleged appraisal of domestic value" that was significantly lower.  While Counsel understands that in GL Paper entries, the domestic value was calculated using a formula purportedly based on the customs regulation (19 CFR § 162.43), the calculation, notwithstanding, is arbitrary and an abuse of discretion. Counsel avers that "such calculation bears no relationship at all to the calculation nor has CBP explained how such calculation bears any relationship to domestic value."

In conclusion, Counsel claims that CBP does not have legal authority to issue a penalty against the president of company that purchased "domesticated" goods. It is also inequitable for Mr. Liu to be held liable for any alleged duties owed by the importer of record, GL Paper, and, therefore, the penalty action must be rescinded.

**Summary of Claims Made in the Oral Presentation of June 7, 2022:**

Counsel vocalized the claims made above and presented the following e-mail discussion regarding its NC Supply entry (CH317705752, which is **not** included in the 113 entries comprising this case. Counsel stated the following:

Thank you for the opportunity to discuss the case with you today. We believe that you should now agree this penalty case is entirely unfounded and unlawful, Mr. Liu has no direct relationship with GL Paper and its importation activities, and this penalty as it relates to Mr. Liu should be immediately cancelled.

As it relates to the "domestic value" and Exhibit "G" - Entry Number CH317705752. In the original submission Exhibit "G" contained a commercial invoice from Pole Econ to GL Paper, (NC Supply obtained this document from GL Paper in response to a request to GL Paper for a sample entry packet). **What was missing, and should have additionally have been provided** was the attached a commercial invoice from NC Supply to its customer, JL Imports LLC. We are providing this commercial invoice to demonstrate that the markup is modest, and much less than the exorbitant 327% markup suggested by CBP. Specifically, we encourage you to compare the attached commercial invoice with the commercial invoice issued by the foreign seller (Pole Econ) to GL Paper (see attached under Exhibit G). As shown, for the white collar shirt hangers, GL Paper purchased the hangers for $11.45 per carton. Meanwhile, the retail price from NC Supply to its customer is $15 per carton. **This represents a markup of 31% rather than the 327%.**

Additionally, please note that NC Supply sold imported hangers before purchasing them domestically from GL Paper and continued to sell imported hangers after terminating its relationship with GL Paper.

Please let us know if you have any additional questions.

**ANALYSIS:**

Title 19 U.S.C. § 1592(a)(1) states, in general, that, without regard to whether the United States is or may be deprived of all or a portion of any lawful duty, tax, or fee thereby, no person, by fraud, gross negligence, or negligence—(A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of --(i) any document or electronically transmitted data or information, written or oral statement, or act or omission which is material and false or (ii) any omission that is material. Exceptions to the aforementioned prohibition are clerical error(s) or a mistake of fact unless it constitutes a pattern of negligent conduct. In the case of penalties assessed based on alleged negligence, CBP has the burden to establish that a material false statement, act, or omission was made and, once established, the burden then shifts to the alleged violator to affirmatively demonstrate that it exercised reasonable care under the circumstances (see, *United States v. Ford Motor Co.,* 29 Ct. Int'l Trade 827, 395 F. Supp. 2d 1190 (2005), aff'd in part, rev'd in part on other grounds, 463 F.3d 1267 (Fed. Cir. 2006)).

In the present 19 U.S.C. § 1592 penalty action with GL Paper, the documents filed with the Florida Secretary of State identify Liang Wang, Sr., as the president of GL Paper Distribution. However, based on the preponderance of the evidence in the record, CBP determined that, even if Mr. Liu was not the named importer of record and not listed in GL Paper Distribution's corporate structure, Mr. Liu was, nonetheless, a "person" within the meaning of the statute because he arranged for the entry of the hangers and produced documentation with which to file the entries. The fact that Mr. Liu was not the importer of record, does not mean that he cannot be found liable under the statute. Under Footnote 14 of *United States v. Pan Pac. Textile Grp., Inc.,* 395 F. Supp. 2d 1244 (CIT, 2005), the CIT stated that, in addition to the liabilities that properly correspond to importers, "There is also support for the proposition that anyone in a position to satisfy the other elements of a 19 U.S.C.§ 1592(a) violation is a "person" within the meaning of the statute, regardless of any other legal status they might hold. See *United States v. Golden Ship Trading,* 22 CIT 950, 953 (1998) ("One who violates the statute is always liable whether or not the importer of record.")." Therefore, the evidence gathered

by the BMCEE during the course of its investigation of GL Paper indicates that Mr. Liu had a role in the importation or in the introduction of the steel wire garment hangers and making false claims at the time of their entry relating to country of origin. Moreover,  Mr. Liu had an economic motive to evade. We can reasonably infer that Mr. Liu was cognizant that steel wire hangers imported from China were subject to anti-dumping duties and if such steel wire hangers were imported as "manufactured in Malaysia," the goods would not be subject to AD. Moreover, this was known to Mr. Liu well before GL Paper imported hangers on February 6, 2017, inasmuch as Mr. Liu, at previous times, had properly declared importations of steel wire garment hangers as being subject to anti-dumping duties for his companies NC Supply and/or NC Supply Group. Additionally, Mr. Liu had participated in DOC reviews (DOC's "new shipper reviews") as early as 2013.[6] GL Paper appears to have imported the steel wire hangers for a period of seven months and it was Mr. Liu who used GL Paper to evade liabilities associated with AD for goods originating in China.[7] We conclude that Mr. Liu introduced or facilitated the introduction by directing entry filing and producing entry documentation. Furthermore, the BMCEE discovered that Mr. Liu had also been involved with similar companies in the United States that imported steel wire garment hangers that falsely claimed the commodity as manufactured in places such as Malaysia, India, and Thailand.

We conclude that CBP has sufficiently established by a preponderance of the evidence that GL Paper Distribution, LLC. and Mr. Liu committed violations of 19 U.S.C. § 1592. These violations were *material* violations of 19 U.S.C. § 1592 because they deprived the U.S. government of lawful revenue. The false country of origin designation also resulted in the evasion or avoidance of AD liabilities which is a Priority Trade Issue ("PTI") for CBP.

Once the false statement for a 19 U.S.C. § 1592 violation is established, the burden then shifts to the alleged violator(s) to establish that it used reasonable care. No claims of using reasonable care were made in the petition. In accordance with 19 U.S.C. § 1481, § 1484 and § 1485 GL Paper was responsible for the content of the CBP Form 7501s, and for the information contained in the supporting documentation pertaining to classification, value, and the applicable rate of duty, including ADs and/or CVDs. If GL Paper was not aware of the falsity of the claim of manufacturing in Malaysia, the capacity to manufacture overseas should have been an area of inquiry with the pertinent parties. There are resources/methods which U.S. parties can rely upon to verify production capabilities for goods that are manufactured overseas. We conclude that, in view of the circumstances, it cannot be said that GL Paper exercised reasonable care to ensure the correctness of the country of origin for the subject entries. As for Mr. Liu, while he may have complied with the reasonable care standard that is expected from importers pursuant to 19 U.S.C. § 1484 when he imported for his companies NC Supply and/or NC Supply Group, LLC, Mr. Liu clearly failed to comply with that standard with regard to GL Paper Distribution.  He assisted GL Paper Distribution by arranging for the importer to falsely claim the goods to be of Malaysian origin so as to avoid the AD duties imposed on goods originating in China.

---

[6] The record also shows that Mr. Liu imported wire hangers using NC Supply, Inc. from May 10, 2005 to January 8, 2011 and for NC Supply Group, LLC., from March 4, 2012 to August 23, 2012. For those companies, Mr. Liu properly declared AD liabilities.

[7] On September 16, 2014, in *United States v Trek Leather, Inc.*, 767 F.3d 288 (Fed. Cir. Sept. 16, 2014)(*en banc*), the ten Court of Appeals judges participating in the decision unanimously reaffirmed that individual officers and employees of the corporate importer of record can violate 19 U.S.C. § 1592 by gross negligence or negligence, provided the government can prove that they personally participated in the violation.  While such a person may not "enter" the merchandise, he or she does "introduce" the merchandise into the United States in violation of 19 U.S.C. § 1592.  In *Trek Leather*, the government proved that the individual officer/employee personally participated in the violation by directing the broker to transfer the ownership of the merchandise from another of his corporations to Trek Leather, and by sending the undervalued invoices to the broker to complete the entry.  In the subject case against Mr. Liu, Mr. Liu helped introduce the merchandise.

As for the claims made that the domestic value was inflated, we affirm the domestic value as established by CBP's BMCEE. CBP considers the price at which such or similar property is freely offered for sale at the time and place of appraisement, of like quantity and quality, and in the ordinary course of trade (which includes including taxes, fees and related charges) to determine the U.S. domestic value.[8] However, we cannot confirm the claims by Counsel that the "exact" or "same" merchandise was entered by NC Supply under Entry No. CH317705752 which CBP had appraised at a lower value. In the invoices for those goods (i.e., merchandise that was not part of the 113 entries at issue in this case) provided by email on June 7, 2022, we cannot determine if the goods are the same, if the alleged country of origin (Malaysia) is correct and whether those invoices are indeed what they are claimed to represent. We also do not know if that entry liquidated with values "as entered" by the broker or importer or, if CBP actually determined such value. Consequently, the claim made that the domestic values are "inflated" is not supported in the petition. The values, as determined by CBP, will stand.

**DECISION:**

With respect to the entries that are the subject of this case we find that GL Paper Distribution, LLC, and Mr. John "Zhe" Liu committed  violations of 19 U.S.C. § 1592 at a level of culpability of negligence.

For 19 U.S.C. § 1592 violations involving a loss of duties CBP's Mitigation Guidelines (19 CFR Part 171 App. B) allow mitigation for a negligent violation from a minimum of .5 times the loss of duty to a maximum to 2 times the loss of duties (not to exceed the domestic value of the merchandise) and, in consideration of any aggravating and mitigating factors found. Generally stated, mitigating factors include contributory customs error, cooperation with the investigation, immediate remedial action taken, inexperience in importing, prior good record and inability to pay [sufficiently established with financial records]. Aggravating factors include obstruction of a CBP investigation, withholding evidence, providing misleading information, having prior violations of 19 U.S.C. § 1592, violations involving textiles, having a motive to evade and/or failure to comply with a lawful request for records or summons.

We find no mitigating factors. As aggravating factors we consider GL Paper and Mr. Liu to be experienced entities which understood the commodity to be potentially subject to AD liabilities and that the violations (113 entries) involved a CBP Priority Trade Issue.  As such, the assessed penalty amount of $ **$7,271,233.19** will not be mitigated.  **The petition for relief is hereby DENIED.**

Please be advised that, pursuant to 19 CFR § 171.22, this decision will be effective for no more than **seven (7) days** considering that the petitioner has not provided a waiver of the Statute of Limitations.  If payment of the stated amount is not received, FP&F will enforce the debt by promptly forwarding the matter to the pertinent Office of the Chief Counsel (OCC) for referral of the matter to the Department of Justice (DOJ) for collection.

---

[8] In *United States v. Pan Pac. Textile Grp., Inc.,* 30 Ct. Int'l Trade 138 (U.S. 2006) footnote 2, the CIT states that "domestic value is defined as the "price at which such or similar property is freely offered for sale at the time and place of appraisement[.]" 19 C.F.R. § 162.43(a) (2005). "Freight, profit *and duty* are therefore included." *United States v. Quintin,* 7 CIT 153, 158 n.3 (1984) (emphasis added)."

Please notify the petitioner of this decision, through Counsel, and include a copy of this letter with your notification.

Sincerely,

# Paul Pizzeck

Digitally signed by Paul Pizzeck
Date: 2022.06.17 10:23:54 -04'00'

Paul Pizzeck
Chief, Penalties Branch
Office of Trade-Regulations & Rulings
U.S. Customs & Border Protection