IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| THE UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 22-215 |
| ) | |
| ) | |
| ZHE "JOHN" LIU, and ) | |
| GL PAPER DISTRIBUTION, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO ZHE "JOHN' LIU'S MOTION TO COMPEL**

Pursuant to Rule 36 of the Rules of the United States Court of International Trade (USCIT R.), plaintiff, the United States, respectfully submits this response to the motion to compel filed by defendant Zhe "John" Liu (Motion).

First, the Government does not oppose Mr. Liu's request to extend the discovery period. The Government has experienced delays identifying and obtaining records sought by Mr. Liu in his requests for production, and it has only recently obtained some of these records. It has produced some records and expects to produce additional records within the next ten days. The Government believes that extending discovery beyond the extant deadline will allow the parties to continue to exchange information and conduct adequate discovery.

By contrast, the Government's responses to Mr. Liu's requests for admission met the standard set forth in Rule 36. Mr. Liu's requests were problematic because they sought information that the Government does not possess. The Government responded properly, and this aspect of his motion to compel should be denied.

I.        The Government Will Continue To Comply With Defendant's Requests For Production

Generally, the Government does not disagree with the argument made by Mr. Liu about delays in response his requests for production, and it is working to complete its recovery of the requested records. As of the date of this filing, the Government has produced more than 1,900 pages of documents in response to Mr. Liu's requests. It will produce more documents soon, as it expects to recover certain entry records requested by Mr. Liu within the next ten days.

The Government does take issue with respect to Mr. Liu's characterization of these records and his claim that he does not have them. In fact, virtually all of the records sought by Mr. Liu are already in his possession. Each of the 31 requests for production centers upon documents created or received by companies that Mr. Liu personally operated: NC Supply (NCS), NC Supply Group (NCSG), GL Paper Distribution (GL PAPER), CEK Group, Garment Cover Supply, and AB MA Distribution Corp. Mr. Liu is well aware that he has access to these records because he formed these companies and directed their import operations.

Mr. Liu has claimed to this Court that, except for NCS and NCSG, he did not form or operate any of these companies. These representations are false: Mr. Liu not only formed these companies, but also oversaw and directed their importation of the steel wire hangers at issue. Thus, his complaint that he is impeded because these records have not been disclosed in discovery, and that he does not have access to these records, is misleading.

Nonetheless, the Government agrees that because of its delays in obtaining records, it is appropriate to extend the discovery period. It defers to the Court on the length of any extension.

II.      The Government's Responses to Defendant's Requests For Admission Meet The Standard Set Forth In Rule 36

Mr. Liu contends that the Government's responses to his requests for admission (RFA) were "not responsive" and "not adequate." Motion at 4, 6, 7. In fact, as discussed below, the Government responded to each of Mr. Liu's 75 separate RFA in a manner prescribed by and consistent with Rule 36 and the caselaw interpreting the rule.

Mr. Liu cites to no legal authority supporting his argument. Accordingly, before it addresses the adequacy of its responses to Mr. Liu's RFA, the Government here recapitulates Rule 36 and the jurisprudence emerging from it.

      A.      Rule 36 and Requests for Admission

USCIT R. 36, provides, in relevant part, that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." The rule instructs that, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." The rule directs a denial to "fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id*. Importantly, an "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id*.

### 1. Purpose of Rule 36 and the Import of Admissions

Rule 36 is a prudential device designed to "narrow the issues for trial to those which are genuinely contested." *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988); *Harris v. Koenig*, 271 F.R.D. 356, 372 (D.D.C. 2010) (noting purpose "is to narrow the scope of issues to be litigated and to thereby expedite the litigation process."). Accordingly, requests for admission are normally used *surgically*, to "establish the admission of facts about which there is no real dispute." *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94 Fed. Cl. 413, 416 (2010); *United States v. Watchmakers of Switzerland Information Center*, 25 F.R.D. 197, 200 (S.D.N.Y. 1959). Specificity and detail are, thus, necessary and appropriate in each individual request, so that the extent of each admission or denial can be ascertained without excessive qualification. *See Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (E.D. Pa. 1960). "'[T]he facts should be stated singly, so that the party called upon to make answers need not write an essay in reply.'" *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988) (quoting 4A J. Moore, Federal Practice, ¶ 36.05(2) at 51 (1987)).

To this end,

> the request for admission should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification. A request for admission . . . should be such that it could be answered yes, no, the answered [sic] does not know, or very simple direct explanation be given as to why he cannot answer, such as in the case of privilege[.] Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.

*Levito v. Hussman Food Service Co., Victory Refrigeration Div.*, 1991 WL 21608, at *1–2 (E.D. Pa. 1991) (quoting *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988)).

Great care is required both in the construction of a RFA and the response because, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." USCIT R. 36(b).  Since "Rule 36 admissions . . . are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Amergen Energy Co.*, 94 Fed. Cl. at 420; *Matter of Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992) (Rule 36 admission is treated as a judicial admission.).  Together, these decisions teach that great precision must be exercised in crafting and responding to RFA.

2. *Responses to Misleading, Ambiguous or Poorly Constructed Requests*

Where precision is lacking, the party responding to misleading or problematic RFA has a duty to qualify its responses.  *E.g.*, *Flanders v. Claydon*, 115 F.R.D. 70, 71–72 (D. Mass. 1987). "Generally, qualification is permitted if the statement, although containing some truth, 'standing alone out of context of the whole truth . . . convey[s] unwarranted and unfair inferences.'" *Diederich v. Department of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) (internal citations omitted).  Courts have long recognized that, "[r]equests which are phrased so as to infer unfairly a particular or varied conclusion from the fact admitted are objectionable. Likewise, requests which are half truths are objectionable if such half truths would infer a conclusion different from the whole truth." *Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (E.D. Pa. 1960).

3. *Responses Where Information Is Lacking*

As the Government explained in many of its responses, it does not possess the information needed to answer Mr. Liu's RFA.  A party is not required to admit a request for admission where it does not possess adequate information to respond to a request.  *See Neogenix*

*Oncology, Inc. v. Gordon*, 2017 WL 4233028, at *6 (E.D.N.Y. 2017). If the answering party responds to a RFA by stating that it lacks sufficient information to answer, the response should explain why this is so. Wright, Miller & Marcus, Fed/ Practice and Procedure Civil § 2261 (3d ed.); *accord Milbank, Tweed, Hadley & McCloy LLP v. Milbank Holding Corp.*, 2006 WL 8434708, at *2 (C.D. Cal. 2006) (the response must "detail the reasons why [it could not] truthfully admit or deny the matter").

      B.      <u>The Responses to Mr. Liu's RFA Complied with Rule 36</u>

One problem infecting a majority of Mr. Liu's RFA is that he sought information from the Government that it did not possess. Each and every one of Mr. Liu's first 65 RFA sought information about when one of the companies he operated "submitted" information about the wire hangers at issue. *See* RFA 1-65. These RFA are predicated upon the fiction that Mr. Liu did "not have access to much of this information, nor does he have any knowledge as to the dates of submission of documents and information to U.S. Customs and Border Protection." Motion at 5.

But even setting aside this fiction, the Government explained that it does not know when Mr. Liu or another agent of Mr. Liu's companies "submitted" information to CBP. On its face, it is preposterous to assume the Government could have knowledge of the circumstances underlying how or when agents of GL PAPER tendered entry documentation to CBP. As the Government explained in response to Mr. Liu's motion to dismiss, Rec. Doc. 17 at 5-7, the entry of merchandise into the United States is multi-faceted: An importer must file an entry within 15 calendar days after arrival. 19 C.F.R. § 141.5. Filers (ordinarily a licensed customs brokers) use CBP Form 3461 to file the initial entry and obtain release of the goods. Once released, the importer has 10 working days to file the entry summary. 19 C.F.R. § 142.12(b). Mr. Liu's

questions about when his companies "submitted" certain records in this process incorrectly presupposes both this process and the manner in which records are collected and maintained by CBP.  In short, the Government's response explicated that it inquired into whether it the U.S. Customs import process tracked when documents such as those identified by Mr. Liu were "submitted."  It did not.

Yet, rather than just deny Mr. Liu's poorly considered RFA, each of the Government's responses supplied what information the Government *did* possess:  For example, RFA 64 asked the Government to admit that "the Commercial Invoice for entry EH317725735 was submitted to U.S. Customs and Border Protection on or before July 19, 2017."  Motion at 65.  The Government's response explained that, "[t]he United States does not know the circumstances relating to or the date when GL PAPER, LIU, or another agent "submitted" the CI regarding this entry, and has been unable to ascertain whether GL PAPER transmitted any data to CBP before July 20, 2017.  The date of entry for this entry is the date the merchandise was released as recorded in CBP's ACE and is identified in the table below."  *Id*.  The Government then appended a table supplying the information that it did possess, which included the date of entry on the penalty notice, and the "Entry Summary Date" for each entry at issue.  *Id*.  These responses demonstrated the inquiry the Government did undertake, and then supplied what records it did uncover.  In short, it "detail[ed] the reasons why [it could not] truthfully admit or deny the matter."  *Milbank Holding Corp.*, 2006 WL 8434708, at *2.

Mr. Liu cannot contend that the Government's response did not comply with Rule 36.  Rather, he simply declares, *ipse dixit*, that it is not true:  "such data is collected by CBP in the ordinary course of operations and is collected and maintained by U.S. Customs automated

7

recordkeeping system." Motion at 6. Mr. Liu then asserts that because the Government, "used the ACE system to obtain certain dates, [it] necessarily would have had access to the data sought by defendant." *Id*. But the Government has inquired into the records maintained by CBP regarding GL PAPER's entries, and did not find information that would support Mr. Liu's claim.

In sum, Mr. Liu is boxed in by his subterfuge that he did not control GL PAPER or the other shell companies through which he executed his fraud scheme. If he admitted his role at GL PAPER and supplied more information about the circumstances of GL PAPER's entries, this might supply better evidence of when GL PAPER "submitted" documents to CBP.

The remainder of Mr. Liu's argument complains because he is dissatisfied that the Government offered qualified admissions to his RFA. Motion at 7. But Rule 36(a)(4) expressly instructs that, "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Mr. Liu's complaint that the Government admitted certain facts, but qualified its response, neglects the plain text of this rule. And consistent with his practice throughout his brief, he otherwise supplies no legal support for his notion.

Finally, Mr. Liu's insistence that the Government must "explain" its denial of two RFA is similarly divorced from the text of Rule 36. Mr. Liu's RFA 70 through 72 made several simple, clear assertions about Mr. Liu's role at GL PAPER. These simple statements deserved and received a simple, clear answer: denied. Rule 36 expressly instructs that, "[i]f a matter is not admitted, the answer must *specifically deny it* or state in detail why the answering party cannot truthfully admit or deny it." USCIT R. 36(a)(4). The Government's responses to each of these RFA "specifically den[ied] it." Nothing more is required.

**CONCLUSION**

For reasons discussed above, Mr. Liu's motion to compel further responses to his RFA should be denied.

The Government concurs with Mr. Liu's motion regarding the production of records, and will continue to respond to his production requests. The Government does not oppose an extension of the discovery period, but defers to the Court as to the date discovery should end.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | */s/ William Kanellis* |
| OF COUNSEL:<br>STEVEN HOLTKAMP | WILLIAM KANELLIS<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch |
| U.S. Customs and Border Protection<br>Office of the Associate Chief Counsel<br>610 S. Canal St., Ste. 767<br>Chicago, IL 60607 | 1100 L Street, NW, Suite 10000<br>Washington, D.C. 20009<br>(202) 532-5749 |
|  | Attorneys for Plaintiff |

Dated: March 6, 2023