Before: Hon. Jane A. Restani, Senior Judge
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| United States<br><br>                                         *Plaintiff,*<br><br>v.<br><br>Zhe "John" Liu and<br>GL Paper Distribution, LLC<br><br>                                         *Defendants*. | Ct. No. 22-000215 |

Response to Plaintiff's Motion to
Amend the Complaint

Defendant Zhe "John" Liu ("Liu"), by and through his attorney hereby responds to plaintiff's motion to amend the complaint by adding non-Party AB MA Distribution Corporation ("AB MA"). As discussed herein, this motion should not be granted. Critically, the motion to amend the complaint filed by the United States withheld certain key information and if granted would prejudice Liu.

Pursuant to Rule 81 of the Rules of the U.S. Court of International Trade, defendant supplies the following:

## Table of Contents

|      |                                                                                      |     |
|------|--------------------------------------------------------------------------------------|-----|
|      | Table Of Contents ................................................................. | 2   |
|      | Table Of Authorities ............................................................... | 3   |
| I.   | Questions Presented ............................................................... | 4   |
| II.  | Statement Of Facts ................................................................ | 4   |
| III. | Summary Of Argument ......................................................... | 4   |
| IV.  | Argument ............................................................................... | 6   |
|      | 1. The Plaintiff Failed to Disclose All Relevant Facts ............. | 7   |
|      | 2. It Would be Inappropriate to Add AB MA ........................... | 10  |
|      | 3. Discovery is Already Ongoing ............................................... | 10  |
|      | 4. The Plaintiff Will be Forced to Relitigate the Issues Presented by AB MA ................................................................... | 11  |
|      | 5. The Plaintiff is Taking Different Positions Administratively and in Court ............................................. | 12  |
| V.   | Conclusion ............................................................................. | 14  |
|      | Attachment I, Response to FOIA ............................................ | 16  |

# Table of Authorities

*Court Cases:*

*Budd Co. v. Travelers Indem. Co.* 109 F.R.D, 561.563 (E.D. Mich.1986) .................................................................................................. 6

*Foman v. Davis,* 371 U.S. 178. 182. 83 S.Ct. 227. 9 L.Ed.2d 222 (1962) ..................................................................................................... 6

*Giorgio Foods, Inc. v. United States*, 515 F.Supp. 2d 1313, 1317 (Ct. Int'l Trade 2007) .................................................................................. 6, 9

*Intrepid v. Pollock*. 907 F.2d 1125. 1129 1317 (Fed.Cir.1990) ..................... 6

*Tomoegawa (U.S.A. ). Inc, v. United States,* 15 CIT 182, 186. 763 F.SUP 2d. 614 (1991) ................................................................................. 6

*Statutes:*

5 U.S.C. § 552 ............................................................................................. 12

5 U.S.C. § 552a ........................................................................................... 12

5 U.S.C. § 552(b)(4) ................................................................................... 13

5 U.S.C. § 552(b)(5) ................................................................................... 13

5 U.S.C. § 552(b)(7)(A) .............................................................................. 13

*Regulations:*

19 C.F.R. Part 103 ...................................................................................... 12

3

*I. Questions Presented*

A. Whether it is appropriate to grant leave to amend a complaint where the motion for leave omits critical facts;

B. Whether it is appropriate to amend a complaint to include an entity not included in the summons; and

C. Whether it is appropriate to amend a complaint seeking to apply a default of an unrelated entity to a party still involved in the administrative process.

*II. Statement of Facts*

In the matter before the Court, Defendant Zhe "John" Liu has argued:

- There is no proof that Defendant Liu owns, controls, or otherwise is related to co-defendant G.L. Paper.
- There is no proof that Liu owns, controls, or otherwise is related to proposed defendant AB MA.
- The current litigation involves importations from Malaysia from a producer based in Malaysia.
- The proposed defendant (AB MA) imported product from producers based in Republic of India and the Kingdom of Thailand.
- The current litigation involves importations from 2017.
- The proposed defendant (AB MA) imported product in 2018 and 2019.
- Zhe "John" Liu is actively participating in a penalty matter involving the importations by AB MA. In this administrative matter, Liu noted that he had no legal authority to make any filing on behalf of AB MA.

*III. Summary of Argument*

The Court of International Trade precedent makes it clear that while the Court has discretion to grant leave to amend a complaint such leave should not be granted under certain circumstances including prejudice to the parties. In its motion to

amend the complaint, the plaintiff failed to disclose all relevant facts to the Court, and in particular omitted the fact that the administrative process involving Liu has not yet been completed and that Liu is actively participating in the underlying administrative matter. Liu submits that plaintiff withheld this information because it provided clear evidence of prejudice to Liu, and thus such omission was intentional.

The omitted fact was critical, and permitting an amendment to the complaint by adding this unrelated third party would prejudice Liu by depriving him of the opportunity to have the administrative process being concluded.

Further, discovery is already ongoing in this matter, and such discovery is complex and adding an additional unrelated defendant would further complicate discovery. In this litigation and in the administrative process plaintiff has taken conflicting positions – claiming no relationship for purposes of disclosure while alleging a relationship for purposes of the motion to amend.

Finally, it appears that the motion to amend the complaint is part of a pattern to raise the costs to Liu. Specifically, in the discovery process the plaintiff has been uncooperative – refusing to timely respond to certain discovery requests and forcing defendant to obtain an order compelling a response by plaintiff. Incredibly, notwithstanding the clear and unequivocal order of the Court directing plaintiff to provide certain discovery responses by March 31, 2023, the plaintiff has not done

so. This is a pattern of conduct which strongly suggests that the true goal of the plaintiff is to grind down defendant Liu, rather than litigating this matter on the merits.

*IV.    Argument*

The Court of International Trade has set forth standards for amending a complaint. In *Giorgio Foods, Inc. v. United States*, 515 F.Supp. 2d 1313, 1317 (Ct. Int'l Trade 2007) the Court stated:

> USCIT R. 15(a), which parallels Rule 15(a) of the Federal Rules of Civil Procedure, governs amendments to a party's complaint. When a party seeks to amend its pleading more than 20 days after service of the pleading, amendments may be granted only by leave of the court or by written consent of the adverse party. USCIT R. 15(a). "Leave shall be given freely when justice so requires." Id.; Foman v. Davis. 371 U.S. 178. 182. 83 S.Ct. 227. 9 L.Ed.2d 222 (1962). The granting of a motion for leave to amend the pleadings is within the sound discretion of the court. Intrepid v. Pollock. 907 F.2d 1125. 1129 1317 (Fed.Cir.1990). Absent any dilatory motive, undue cause for delay, repeated failures to cure deficiencies by amendments, futility of amendment, or undue prejudice to the opposing party, leave to amend should be liberally given. Foman. 371 U.S. at 182. 83 S.Ct. 227. In exercising its discretion, the court will consider a variety of factors including, but not limited to, "1) the timeliness of the motion to amend the pleadings; 2) the potential prejudice to the opposing party; 3) whether additional discovery will be necessary; 4) the procedural posture of the litigation; 5) whether the omitted counterclaim is compulsory; 6) the impact on the court's docket; and 7) the public interest." Tomoegawa (U.S.A. ). Inc, v. United States. 15 CIT 182, 186. 763 F.SUP 2d. 614 (1991)(citing Budd Co. v. Travelers Indem. Co. 109 F.R.D, 561.563 (E.D. Mich.1986)

As discussed below, the standard for amending the complaint has not been met and such amendment would result in a fundamental unfairness to defendant Liu.

1. ***The Plaintiff Failed to Disclose All Relevant Facts***

As an initial matter, the Court is not operating with a full set of facts as plaintiff, in its motion, failed to disclose all relevant facts. Plaintiff's motion to amend stated: "AB MA is added only now because the administrative penalty process against AB MA, which precedes filing a complaint in section 1592 action, has now been perfected." This is an incomplete statement of fact.  The CBP penalty matter was pursued against both Zhe "John" Liu and AB MA.  As it is, and continues to be, Liu's position that he does not own, control or otherwise direct AB MA, he had no authority or standing to file a pre-penalty and penalty response on AB MA's behalf.  The motion to amend the complaint omits the fact that Liu has filed both a pre-penalty and penalty petition in his own name and relating to his own conduct, along with a waiver of the statute of limitations.   Critically, the underlying administrative proceeding is still ongoing and is not final with respect to Liu.  Liu also, in the responses already filed, noted that he was unable to respond for AB MA and further noted that as AB MA was no longer operating, a fact known to CBP, the purpose of including AB MA in the pre-penalty matter was apperently to deprive Liu of important rights. In the pre-penalty response Liu stated:

> This response is not submitted on behalf of AB MA Distribution Corporation ("AB MA") as John Liu has no authority to present any

> response on behalf of AB MA as John Liu does not own, nor is not an officer, director, or employee of AB MA

Liu also stated:

> Further, as CBP was aware, and even claimed in a Court filing, AB MA, was dissolved in January 0f 2020. It was thus impossible for AB MA to execute a waiver of the statute of limitations and under established CBP policy, any waiver by John Liu would be ineffective. With the knowledge that no waiver of the statute of limitations could be properly obtained, CBP's delay in bringing this action necessarily, and improperly, limited John Liu's time for preparing a response.

Ultimately, Liu executed a waiver of the statute of limitations, which the CBP accepted, but apparently, such acceptance of the statute of limitations was done in bad faith based on the apparent view that CBP could independently proceed against AB MA, thus depriving John Liu of the right to effectively participate in the administrative process.

Plaintiff further compounded this error by only noting in the proposed complaint that CBP issued a pre-penalty notice to AB MA without noting that it also issued a pre-penalty notice to Liu. (Proposed Amended Complaint at ¶ 29 – 31) This is a crucial omission, depriving the Court of the relevant information.

It is clear that the intent of the plaintiff is to further ratchet up the pressure on Liu, increase the litigation cost by forcing Liu to respond to meritless motions and to deprive Liu of important protections provided by the Administrative Process. It is critical to note that G.L. Paper, the other defendant in this action, has defaulted and

is no long in operations and AB MA, the proposed additional defendant in this action, has defaulted administratively and is no longer in operation. In essence, the action is only against Liu and the sole purpose of the complaint is to increase the liability for Liu and to render Liu's various arguments a nullity.

Liu submits that the failure of the plaintiff to note this key fact is telling, and its absence is clear evidence that plaintiff knows that the addition of AB MA under the true facts, would be inappropriate. Accordingly, contrary to the claims of plaintiff, justice is not served by adding AB MA to this Court action.

This omission also raises concerns under the (2) potential prejudice; (4) the procedural posture of the litigation; and (7) the public interest aspects discussed in *Giorgio Foods. See Giorgio Foods, Inc. at* 1317 . Specifically, the omission of Liu's administrative action from the motion to amend raises serious issues as to whether Liu would be potentially prejudiced by loss of the administrative process. The litigation is already advanced with multiple motions addressed by the Court. The addition of AB MA would result in additional procedural motions, and thus the procedural posture of the litigation does not support adding AB MA. Finally, the public interest is not served by granting a motion based on the filing of documents with the Court which omit critical facts, nor is the public interest served by cutting off administrative procedures. In contrast, granting the motion would not be in the

public interest as it would encourage the filing of less than complete filings with the Court.

### 2. It Would be Inappropriate to Add AB MA

The underlying case against G L Paper relates to the question as to whether or not G L Paper engaged in simple negligence with a limited universe of entries and whether or not Liu's ownership or control of G L Paper can be established. The proposed case against AB MA deals with an simple negligence for entirely separate universe of entries and the nature of Liu's ownership or control, or lack thereof, of AB MA. There are no overlap of entries, nor has this case been brought under an allegation of fraud. Furthermore, the hangers at issue were sourced from different countries and different manufacturers and from different time periods. Simply put, the only "common" issue is some overheated and factually unsupported allegation of a conspiracy between Liu and a number of entities. The ultimate decision of the Court, however, will depend on the specific conclusions for each of these entities.

### 3. Discovery is Already Ongoing

In the current matter, discovery is already ongoing and is currently scheduled to be completed by May 15, 2023.[1] The plaintiff failed to comply with the original discovery requests and, as a result of an order to compel on March 20, 2023, the

---

[1] Counsel for Liu notes that the United States has not, and continues to be, less than forthcoming with respect to discovery. Liu does not believe that discovery will be completed by the scheduled date.

10

plaintiff was under an obligation to provide a substantial discovery request by Friday, March 31, 2022. Plaintiff failed to provide the response by the date set in the order to compel, has not advised defendant of plaintiff's inability to meet the date in the order, and has not requested an extension of time to comply with the order. Adding another defendant with an entirely different set of manufacturers from different countries, periods of entry and the like, would require significant additional discovery, and would also likely involve responses from additional U.S. government officials. Accordingly adding AB MA would likely significantly further complicate the discovery process and the record, greatly adding to the cost and administrative burden on Liu – a single individual being subjected to the full pressure of the United States Department of Justice for a simple negligence action.

### 4. *The Plaintiff Will be Forced to Relitigate the Issues Presented by AB MA*

Assuming that AB MA were to be added to this Court case, it is likely that the entire matter would need to be relitigated upon conclusion of the administrative process with respect to Liu. As discussed above, but as not disclosed by the Plaintiff in the motion to amend the complaint, the administrative process with respect to Liu is still ongoing. His right to due process includes the right to fully address this issue administratively, and then, depending on the results of the administrative determination, to litigate those issues and positions resulting from the administrative

action. Liu would not be estopped or otherwise precluded from fully litigating his rights, for to do so, would deprive him of his procedural due process rights.

### 5. *The Plaintiff is Taking Different Positions Administratively and in Court*

Diaz Trade Law, counsel for Liu in the Administrative matter relating to the penalty proceeding against Mr. Liu relating to AB MA, filed a freedom of Freedom of Information Act (FOIA) request with U.S. Customs and Border Protection (CBP) on January 17, 2023, and was assigned FOIA Request Number CBP-FO-2023-042908. In an effort to obtain information and documents allegedly tying John Liu to actions alleged by AB MA, the FOIA request specifically sought the following: On behalf of John Liu, located at: 1448 Holts Grove Circle Winter Park, FL 32814, we hereby request, pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. 552a, and 19 C.F.R. Part 103, the following:

The complete case file reviewed by CBP Office of Trade, Regulations and Rulings, Commercial Violations Branch (Headquarters) (signed by Branch Chief Jacinto Juarez) containing all case documents, including, but not limited to, e-mail messages, corporate documentation, customs entries (including CBP 7501s), reviewed by CBP Headquarters for the Penalty issued to John Liu under: FPF Case Numbers 2023-4601-300221-01 and 2023-4601-300159-01 and associated with: AB MA Distribution Corporation. We specifically request any and all documentation which CBP Headquarters relied upon in order to issue a decision denying the Petition submitted by Diaz Trade Law on January 12 (case 159-01) and January 27, 2023 (case 221-01). For your reference, attached is the CBP Denial letter.

On March 21, 2023, CBP provided a final response to the FOIA request denying the release of requested documents because, in pertinent part:

"You are seeking documents pertaining to AB MA and two penalties, **for which authorization from AB MA was not supplied**. CBP has considered the foreseeable harm standard when reviewing the record set and has applied the FOIA exemptions as required by the statute and the

Attorney General's guidance. Any records that may be responsive would be withheld in full pursuant to Title 5 U.S.C. § 552 (b)(4), (b)(5), and (b)(7)(A), as they are part of pending CBP actions." (emphasis added)

Copies of the request and FOIA response are attached to this response as Attachment I. The Government's position at the CIT alleging John Liu "is", "has ownership and control" and/or "directs" AB MA is in direct contradiction with CBP's response that records pertaining to AB MA penalty cases, assessed jointly and severally against John Liu, cannot be released to him because no authorization from AB MA was provided. If the Government claims John Liu and AB MA are one and the same, as it is trying to convince this Honorable Court by filing a motion to amend the complaint to add AB MA, then CBP's FOIA division's own reasoning that documents pertaining to AB MA cannot be released to John Liu because "no authorization from AB MA was provided" is fatally flawed. The Government cannot expect to amend the instant complaint to add AB MA when the Government itself, by way of CBP's FOIA division is admitting that AB MA documents cannot be released to John Liu because John Liu has no authorization from AB MA and therefore, is not entitled to receive these documents. If, in fact, AB MA and John Liu were one and the same as the Government is attempting to convince the Court in the instant case, then the Government would have released the records to John Liu because then, following the Government's theory, John Liu would be entitled to them. The Government wants to say AB MA and John Liu are the same and, to John

Liu's detriment and violation of due process, also wants to say that John Liu is not entitled to receive AB MA documents because there is no such authorization. Both things cannot be true and, the fact that the Government is taking two opposite positions in two different forums is not only violative of due process but also has the potential to mislead the Court.

V.   *Conclusion*

In conclusion, Zhe "John" Liu respectfully submits that it would be inappropriate for the Court to grant leave to the plaintiff to amend the complaint. In its motion, the plaintiff omitted a key fact – that defendant Liu was still actively participating in an administrative proceeding – and suggesting in its pleadings that AB MA's default somehow was a default of Liu. Furthermore, as the administrative process with respect to Liu has not been completed, it would be inappropriate to amend the complaint. Finally, it appears, based on requests for information, the discovery process, and the plaintiff's failure to comply with orders of the Court, that the primary purpose of seeking leave to amend the complaint was done for the purpose of increasing the cost of litigation for Liu and to wear down Liu with the intention of forcing him into giving up.

Accordingly, the Court should deny this motion for leave to file with prejudice, find that the motion was substantially unjustified, and award costs and fees as appropriate to Liu.

                                    Respectfully Submitted,

                                    /s/   David J. Craven

                                    David J. Craven
                                    Craven Trade Law LLC
                                    3744 N Ashland Avenue
                                    Chicago, IL 606013
                                    (773) 709-8506

                                    Counsel to Zhe "John" Liu

April 2, 2023

# Attachment I

# Response to FOIA Request

1300 Pennsylvania Avenue, NW
Washington, DC 20229

U.S. Customs and
Border Protection

March 21, 2023

Sent via email: jen@diaztradelaw.com

Jennifer Diaz
Diaz Trade Law, P.A.
12700 Biscayne Boulevard
North Miami, FL 33181

Re: **FOIA Request Number CBP-FO-2023-042908**

Dear Ms. Diaz:

This is a final response to your Freedom of Information Act (FOIA) request to U.S. Customs and Border Protection (CBP) on January 17, 2023.  You are seeking documents pertaining to AB MA and two penalties, for which authorization from AB MA was not supplied.

CBP has considered the foreseeable harm standard when reviewing the record set and has applied the FOIA exemptions as required by the statute and the Attorney General's guidance[1].  Any records that may be responsive would be withheld in full pursuant to Title 5 U.S.C. § 552 (b)(4), (b)(5), and (b)(7)(A), as they are part of pending CBP actions.

**FOIA Exemption 4** protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential.  The courts have held that this subsection protects (a) confidential commercial information, the disclosure of which is likely to cause substantial harm to the competitive position of the person who submitted the information and (b) information that was voluntarily submitted to the government if it is the kind of information that the provider would not customarily make available to the public.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked

---

[1] Department of Justice (DOJ), "Freedom of Information Act Guidelines," March 15, 2022, https://www.justice.gov/ag/page/file/1483516/download

Jennifer Diaz
March 21, 2023
Page 2

privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.

**Exemption (7)(A)** protects from disclosure records or information compiled for law enforcement purposes; the release of which could reasonably be expected to interfere with enforcement or administrative proceedings.

Additional information regarding the applicable exemptions and response can be found at the following link: https://www.cbp.gov/document/guidance/exemption-definitions.

Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

This completes the CBP response to your request.  You may contact CBP's FOIA Public Liaison, Charlyse Hoskins, by sending an email via your SecureRelease account, mailing a letter to 90 K St, NE MS 1181, Washington DC, 20229 or by calling 202-325-0150.  The FOIA Public Liaison is able to assist in advising on the requirements for submitting a request, assist with narrowing the scope of a request, assist in reducing delays by advising the requester on the type of records to request, suggesting agency offices that may have responsive records and receive questions or concerns about the agency's FOIA process. Please notate file number **CBP-FO-2023-042908** on any future correspondence to CBP related to this request.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. 552(c).  This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you are not satisfied with the response to this request, you have a right to appeal the final disposition.  Should you wish to do so, you must file your appeal within 90 days of the date of this letter following the procedures outlined in the DHS regulations at Title 6 C.F.R. §5.8.  Please include as much information as possible to help us understand the grounds for your appeal.  You should submit your appeal via SecureRelease by creating a Portal account, through FOIA.gov, or you may send your appeal and a copy of this letter to:  FOIA Appeals, Policy and Litigation Branch, U.S. Customs and Border Protection, 90 K Street, NE, 10th Floor, Washington, DC 20229-1177.  Your envelope and letter should be marked "FOIA Appeal."

Jennifer Diaz
March 21, 2023
Page 3

Additionally, you have a right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Please note that contacting the CBP FOIA Public Liaison or OGIS **does not** stop the 90-day appeal clock and **is not** a substitute for filing an administrative appeal.

Sincerely,


U.S. Customs and Border Protection/FOIA Division
Privacy & Diversity Office