Before Hon. Jane A. Restani, Sr. Judge
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| United States<br><br>         *Plaintiff,*<br><br>v.<br><br>Zhe "John" Liu and<br>GL Paper Distribution, LLC<br><br>         *Defendants.* | Ct. No. 22-000215 |

Motion to Set Deadline for Rule 26(a)(1) Disclosure

  Pursuant to Rule 26(b) of the Rules of the U.S. Court of International Trade, Defendant Zhe "John" Liu, by and through his attorney hereby moves for the establishment of a deadline for submission of the "initial" disclosure mandated by Rule 26(a)(1).

  Pursuant to Rule 81 of the Rules of the U.S. Court of International Trade, defendant supplies the following:

# Table Of Contents

Table Of Contents ...............................................................................................2

Table Of Authorities ...........................................................................................3

I. Questions Presented ...............................................................................4
II. Statement of Facts ..................................................................................4
III. Summary of Argument ...........................................................................4
IV. Argument ................................................................................................5
   1. Rule 26(a)(1)(B) Disclosures Should be Ordered .................5
   2. The Court Should Set the Timing for Such Disclosure ..........6
V. Conclusion ..............................................................................................7

# Table Of Authorities

Rule 26(a)(1), Rules of the U.S. Court of International Trade....................1, 5

Rule 26(a)(1)(B), Rules of the U.S. Court of International Trade ..........2, 4, 5

Rule 26(a)(C), Rules of the U.S. Court of International Trade......................6

Rule 26(b), Rules of the U.S. Court of International Trade ...........................1

Rules 26(f), Rules of the U.S. Court of International Trade ..........................6

Rule 81, Rules of the U.S. Court of International Trade................................1

### I.     Questions Presented

    A.     Whether the Court should set a date for parties to provide their Rule 26(a)(1)(B) disclosures.

### II.     Statement of Facts

In the matter before the Court, the following are relevant facts:

- The Court did not hold a Rule 26 Conference;
- Initial disclosures pursuant to Rule 26(a)(1)(B) are triggered by the date of Rule 26 conference or by order of the Court;
- The initial disclosure under Rule 26(a)(1)(B) is intended to provide both plaintiffs and defendants with information critical to the litigation of a matter; and
- Other discovery is conducted based on the initial disclosure.

### III.     Summary of Argument

The Rules of the U.S. Court of International Trade has specific procedures for conducting discovery. Rule 26(a)(1)(B) provides for an initial disclosure to all parties. This disclosure provides critical information to the parties. As this disclosure is triggered by one of three events, and as defendant does not have sole control over such events, intervention by the Court is necessary to trigger this disclosure.

### IV.     Argument

1. *Rule 26(a)(1)(B) Disclosures Should be Ordered*

Rule 26(a)(1) provides for initial disclosures of information. Such information is a critical part of the discovery process, and such disclosures have not yet been made in this matter.

Rule 26(a)(1) states in pertinent part:

(a) Required Disclosures.
  (1) Initial Disclosure.
    (A)   In General. Except as exempted by Rule 26(a)(1)(B), or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

This disclosure contains information needed by defendant to complete discovery by identifying those individuals who may have information of relevance. Absent such information, defendant will be unable to identify any those individuals which are known to CBP, but which be unknown to defendant that have information that are relevant to the matter.

2. *The Court Should Set the Timing for Such Disclosure*

The required disclosure is triggered by one of three events – the holding of the Rule 26(f) conference, a stipulation of the parties, or a Court order. Specifically, under Rule 26(a)(C) such disclosures should be made within 14 days of the Rule 26(f) conference unless a difference time is set by stipulation or court order. In this case, a Rule 26(f) conference has not been held and the Court has not yet set a date for such disclosures by court order. Liu respectfully submits that it needs to have access to the information that would be provided in such disclosure and to frame discovery based on such disclosure. Accordingly, the Court should both set a deadline for this disclosure and also extend the deadline to permit Liu to conduct discovery based on this disclosure. Liu notes, that the United States has actively

resisted discovery in this matter, including engaging in extreme parsing of defendant's requests to minimize responses, and thus sufficient time is needed to request this data based on the initial disclosure, to review such responses and compel complete responses. A motion to be filed shortly seeking to compel the United States to complete discovery requests, including information previously ordered to be provided by this court.

## V. Conclusion

In conclusion, Liu respectfully requests that the Court order that initial disclosures be provided within 14 days of the date of any order resulting from this motion.

        Respectfully Submitted,

        /s/ David J. Craven

        David J. Craven
        Craven Trade Law LLC
        3744 N Ashland Avenue
        Chicago, IL 606013
        (773) 709-8506

        Counsel to Zhe "John" Liu