**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE**

| | |
|---|---|
| THE UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Consol. Court No. 22-215 |
| v. ) | |
| ) | |
| ZHE "JOHN" LIU, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS AND
### RESPONSE TO DEFENDANT LIU'S MOTION TO QUASH

Pursuant to Rules 26, 30, and 37 of the Rules of the United States Court of International Trade (USCIT R.), plaintiff, the United States, respectfully requests that the Court sanction Zhe "John" Liu (Mr. Liu) for his failure to cooperate in discovery[1] and deny Mr. Liu's motion to quash the Government's subpoena of Mr. Liu's daughter, Ms. Chen Liu (Ms. Liu).[2]

<u>Procedural and Factual Background</u>

In these three consolidated cases the Government alleges that Mr. Liu, a United States citizen, operated shell companies GL Paper Distribution, LLC (*GL Paper*, No. 22-215), AB MA Distribution Corporation (*AB MA*, No. 23-116), and CEK Group, LLC (*CEK*, No. 24-132). GL Paper, AB MA, and CEK, under the control of Mr. Liu, all acted as importer of record to enter

---

[1] The Government anticipated filing a more comprehensive motion for Rule 37 sanctions at the close of discovery, on October 31, 2025. However, Mr. Liu's opposition to the Government subpoena to Ms. Chen Liu necessitates that the Government promptly apprise the Court of relevant ongoing issues concerning discovery in this case, resulting in this more abbreviated motion.

[2] If the Government is provided certain remedies pursuant to its Motion for Rule 37 Sanctions the Government will forego Ms. Liu's deposition as unnecessary.

steel wire hangers into the United States. The entities transshipped the Chinese hangers and declared that they were manufactured in Malaysia (GL Paper), India (AB MA), and Thailand (AB MA and CEK). The statements to the United States Customs and Border Protection (CBP) concerning country of origin on entry documents were false because the hangers were manufactured in China. Mr. Liu used the shell companies to distance himself from making false statements to CBP on entry documents.

Mr. Liu also operated a fourth company, NC Supply, Inc., which purported to buy the hangers imported by GL Paper, AB MA, and CEK, and subsequently sell them to various long-standing customers in the United States. The crux of the Government's allegations is that despite Mr. Liu's attempts to obfuscate this scheme, he formed all these companies and then exercised control over them to import hangers from China while fraudulently, or negligently, declaring otherwise to the United States.

Mr. Liu denies these allegations. For *GL Paper* and *AB MA*, he denies any relation to these companies "in any fashion,"[3] and claims that he "lacks knowledge or information sufficient to form a belief about the truth of the allegations as to whether the steel hangers in question were produced in the People's Republic of China[.]" Ans. 22-215, p. 1 and ¶ 1; Ans. 23-116, p. 1 and ¶ 1. For CEK, Mr. Lui admits ownership, but states that the hangers were a product of Thailand. Ans. 24-132, ¶ 1.

The Government's discovery aims to resolve these disputed facts.

The Government filed these cases in 2022 (*GL Paper*), 2023 (*AB MA*), and 2024 (*CEK*), respectively. After a brief period of discovery in *GL Paper* in early 2023, Mr. Liu filed, in July

---

[3] In the Answers to the complaints in GL Paper and AB MA, Mr. Liu, represented by Mr. David Craven, emphasizes that he is only responding on behalf of himself, Mr. Liu, not GL Paper nor AB MA.

2023, a motion to stay the case pending resolution of a continuing criminal investigation based on similar allegations, and the Government did not oppose.  Docket No. 22-215 at ECF No. 42. The Court granted the stay in *GL Paper*.  *Id.* at ECF No. 43.

In June 2023 the Government filed suit against *AB MA*.  Docket No. 23-116 at ECF No. 2.  Similar to what occurred in *GL Paper*, in December 2023 the Government filed an unopposed motion to stay *AB MA* due to the continuing criminal investigation involving Mr. Liu.  *Id.* at ECF No. 11.  The Court granted the motion.  *Id.* at ECF No. 13.

In July 2024 the Government filed suit against *CEK*.  Docket No. 24-132 at ECF No. 2. Similar to both *GL Paper* and *AB MA*, in October 2024 the parties filed a joint motion to stay the case against CEK, which the Court granted.  *Id.* at ECF Nos. 9-10.

In January 2025, the Government decided not to pursue criminal charges against Mr. Liu, and the parties requested the Court to lift the stays in all three cases.  The Court lifted the stays on February 3, 2025.  The parties subsequently requested discovery schedules for the three cases and in February 2025, the Court entered scheduling orders in all three cases, with fact discovery to be completed by October 31, 2025.

Pursuant to the Government's motion, the Court ordered the cases consolidated in July 2025.

<u>Fact Discovery</u>

Prior to consolidation of the cases, Mr. Liu served requests for admissions and requests for production in *GL Paper* and the Government responded by March 2023.  Since then neither Mr. Liu nor CEK[4] has served additional discovery.

---

[4] *See* footnote 3 (Mr. Liu does not contest affiliation with CEK).

In contrast, the Government has attempted to conduct the following discovery:[5]

1)      September 15, 2025.  First requests for admission.  Mr. Liu responded to these on October 15, 2025.

2)      September 26, 2025.  First requests for production.  Mr. Liu responded to these on October 29, 2025.[6]

3)      September 30, 2025.  Second requests for admission.  Mr. Liu's deadline to respond is October 30, 2025.

4)      September 30, 2025.  Second requests for production.  Mr. Liu's deadline to respond is October 30, 2025.

5)      September 30, 2025.  First interrogatories.  Mr. Liu's deadline to respond is October 30, 2025.

6)      On October 4, 2025, the Government emailed Mr. Craven explaining that counsel for the Government were furloughed, undersigned counsel must request to be excepted from the furlough to continue to effectuate discovery in this case, and undersigned counsel requested to schedule a phone call to discuss scheduling depositions.

---

[5] The Government trial attorneys working on this case have been furloughed since October 1, 2025, due to the lapse in appropriations, and have thus sought and obtained multiple exceptions to the furlough to continue to execute discovery responsibilities in this case.

[6] Mr. Liu's responses, however, produced nothing to the Government that the Government did not already have access to, nor did Mr. Liu expound on how the documents supported his responses in his answers in *GL Paper*, *AB MA*, and *CEK*.  In all, Mr. Liu produced 3847 pages of documents.  The first 3805 pages were the public record from EAPA consolidated case 7501.  Request for production (RFP) pages 3806-3819 are a copy of 19 U.S.C. 1592, pages 3820-3829 are a copy of a document provided by the Government in its complaint in *GL Paper*, and pages 3830-3847 are a copy of the penalty issued to AB MA by the United States Customs and Border Protection.

7)    On October 6, 2025, the Government noticed Mr. Liu for a deposition on Monday, October 27, 2025.  Mr. Liu, through his counsel Mr. Craven, has not facilitated this deposition—seeming relying on Mr. Liu being in China.

    a. On October 14, 2025, the Government informed Mr. Liu that the best option for Mr. Liu to participate in a deposition is for him to travel to another jurisdiction.[7] Mr. Liu failed to respond to our October 14, 2025 inquiry regarding Mr. Liu's willingness to travel.

    b. On October 15, 2025, the Government followed up on this question again asking if Mr. Liu was going to make himself available for the scheduled October 27, 2025, deposition by traveling to the United States or to a country that would allow the United States to take a virtual deposition.  Mr. Liu again failed to respond to this matter.

8)    Also on October 15, 2025, the Government noticed USCIT R. 30(b)(6) depositions for GL Paper, AB MA, and CEK, for October 28, 29, and 30, respectively.  *See* Attachments A, B, and C.

9)    On October 20, 2025, the Government followed up with Mr. Liu's counsel, Mr. Craven, and requested to meet and confer by telephone regarding various outstanding discovery matters, including:

    a. The deposition of Mr. Liu, scheduled for October 27, 2025.  In that October 20, 2025 email the Government reiterated that it was still awaiting to hear from Mr. Liu regarding whether he would be making himself available for a deposition

---

[7] On October 14, 2025, the Government informed Mr. Liu that he cannot participate in a virtual deposition in China because China has declared that Chapter II provisions of the Hague Evidence Convention do not apply to China.

by traveling outside of China to a location the Government would be able to depose him.

b.  The USCIT R. 30(b)(6) deposition for CEK, scheduled for October 28, 2025.

c.  The USCIT R. 30(b)(6) deposition for AB MA, scheduled for October 29, 2025.

d.  The USCIT R. 30(b)(6) deposition for GL Paper, scheduled for October 30, 2025.

e.  The Government also raised the topic of the written discovery, and whether Mr. Liu foresaw any obstacles to responding.

10)  In response to the Government's October 20, 2025, discovery email, in what was Mr. Liu's first response to the Government's discovery communications since October 14, 2025, Mr. Craven – without addressing any of the other issues raised by the Government – stated: "I want to make sure you understand that I am only representing John Liu and CEK.  I do not represent any of the other parties to this matter."

a.  The Government's 1:38 P.M. email response that same day stated the Government's intention to provide Mr. Liu the opportunity to respond to the allegations against him, GL Paper, and AB MA *now* via USCIT R. 30(b)(6) depositions, and that should the Court find that Mr. Liu did in fact cause to be formed and control GL Paper and AB MA, the Government's position would be that Mr. Liu knowingly waived his right to present evidence via 30(b)(6) deposition regarding AB MA and GL Paper.  Additionally, the Government notified Mr. Liu that it would be scheduling the court reporter for Mr. Liu's October 27 and CEK's October 28 depositions, and that we would be seeking fees if the deponents did not attend.  Additionally, we reminded Mr. Liu that he has a

duty to make arrangements to facilitate the deposition, and that we would seek remedies consistent with the Court's rules.

    b. At 4:11 P.M. that same day, Mr. Liu responded stating "[i]t is impossible for Mr. Liu to attend" and that he would argue that the Government scheduled these depositions in bad faith to "set up a 'failure' to appear." Additionally, Mr. Liu argued, for the first time, that the Government had not actually notified GL Paper or AB MA of the requirement to attend the depositions.

11) On October 21, 2025, the Government sent an email to Mr. Liu asking that he:

    a. Confirm that Mr. Liu would not attend his deposition on October 27.

    b. Confirm that CEK would not attend its deposition on October 28.

    c. Confirm that Mr. Liu is disputing service on GL Paper.[8]

    d. Confirm that Mr. Liu is disputing service on AB MA.[9]

    e. Confirm that Mr. Liu would not provide a representative for the GL Paper deposition set for October 29.

    f. Confirm that Mr. Liu would not provide a representative for the AB MA deposition set for October 30.

---

[8] The Government's October 21, 2025, email also explained to Mr. Liu why the Government believes service on Mr. Liu for GL Paper and AB MA was effective, and that it is the Government's position that both GL Paper and AB MA are in fact in default. We went on to explain that though technically in default, in the interest of justice the Government set GL Paper and AB MA for USCIT R. 30(b)(6) depositions to allow the companies to explain their roles – and thereby Mr. Liu's alleged lack of role – in the companies' respective importations. The Government concluded the email by stating that if Mr. Liu did not agree with the Government's analysis we would take these issues to the Court to determine how to proceed.

[9] *See* footnote 8.

      g.  *Respond and let the Government know what amount of additional time for discovery would allow Mr. Liu to facilitate any of the above depositions.* [10]

12)    Having not received any response to our October 21, 2025, email, the Government sent Mr. Liu a follow-up email on October 24, 2025 stating our understanding that:

      a.  Mr. Liu will not attend his deposition on October 27.

      b.  CEK will not attend its deposition on October 28.

      c.  Mr. Liu disputes service on GL Paper and will not attend the GL Paper deposition scheduled for October 29.

      d.  Mr. Liu is disputes service on AB MA and will not attend the AB MA deposition scheduled for October 29. [11]

13)    Mr. Liu is the sole witness noticed by the defense to likely have discoverable information and who may be used to support their claims and defenses.  With Mr. Liu refusing to sit for deposition or provide 30(b)(6) deponents for GL Paper, AB MA, and CEK, the Government sought to speak to someone located in the United States related to these events, and thus subpoenaed Mr. Liu's daughter, Chen Liu.  *See* subpoena of Chen Liu, Attachment D.

<u>Plaintiff's Motion for Rule 37 Sanctions Against Mr. Liu</u>

    Under USCIT R. 37(d), the Court "may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent – fails, after being served with proper notice, to

---

[10] The Government further explained that if Mr. Liu and USCIT R. 30(b)(6) representatives for CEK, GL Paper, and AB MA are willing to be deposed if given additional time, the Government would go to this Court and motion to extend discovery for this purpose. The Government further posited that an extension of fact discovery would not impact the overall discovery schedule because it would simply extend into a time period currently reserved for expert discovery (and neither side has noticed experts).

[11] We concluded by stating that if we did not receive any further response from Mr. Liu by October 29, 2025, we would seek remedies from the Court.

appear for that person's deposition[.]"  "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) [and i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  USCIT R. 37(d)(3).

Mr. Liu, through his counsel, indicated that he would not sit for a deposition prior to the close of fact discovery.  Furthermore, Mr. Liu has ignored the Government's numerous attempts to further coordinate the time and location where Mr. Liu—and 30(b)(6) witnesses for CEK, GL Paper, and AB MA—would be able to attend.  The Government is unable to motion the Court to compel Mr. Liu's attendance while he is in China, because Chinese law prohibits evidence discovery for foreign courts.  As Mr. Liu has failed to cooperate with discovery, the Government is seeking a just remedy.

Rule 37(b)(2)(A)(i) allows for "designated facts be taken as established for purposes of the action, as the prevailing party claims."  Rule 37(b)(2)(A)(ii) allows for prohibiting the uncooperative party "from supporting or opposing designated claims or defenses, or from

introducing designated matters in evidence." And Rule 37(b)(2)(A)(vi) permits "rendering a default judgment against the disobedient party."

The Government is requesting (in priority order):

1)       Default judgment against all defendants pursuant to Rule 37(b)(2)(A)(vi); or

2)       The Court to designate the allegations in the three complaints as admitted pursuant to Rule 37(b)(2)(A)(i), *and* prohibit Mr. Liu, GL Paper, AB MA, and CEK from offering evidence to support or oppose claims or defenses pursuant to Rule 37(b)(2)(A)(ii); or

3)       Prohibit Mr. Liu, GL Paper, AB MA, and CEK from offering evidence to support or oppose claims or defenses pursuant to Rule 37(b)(2)(A)(ii); or

4)       If defendants agree to participate in depositions given additional reasonable time, then the Government respectfully requests the Court extend fact discovery to January 30, 2026,[12] for the depositions of Mr. Liu, Ms. Liu, and Rule 30(b)(6) representatives for GL Paper, AB MA, and CEK.[13] Additionally, pursuant to Rule 37(d)(3), the Government requests that the Court

---

[12] We do not anticipate this extension to impact the Court's overall Scheduling Order in this case, as expert discovery is scheduled through January 30, 2026. It appears that neither side intends to use experts. Furthermore, if Mr. Liu elects to provide a virtual deposition from a foreign country that allows for evidence collection by the United States (rather than participating in the United States or a territory of the United States), additional time will be needed for the Government to obtain permission from the foreign government.

[13] If Mr. Liu continues to contest the validity of the Government's service on GL Paper and AB MA then the Government asks the Court to rule on the validity of service such that Mr. Liu can make an informed decision whether or not to offer 30(b)(6) witnesses for GL Paper and AB MA.

require Mr. Liu and Mr. Craven, both, to pay the reasonable expenses and attorney's fees of the Government necessitated by Mr. Liu's non-responses to the Government's deposition requests.

<u>Plaintiff's Response to Mr. Liu's Motion to Quash the Ms. Liu Subpoena</u>

Counsel for Mr. Liu has stated that he does not represent Ms. Chen Liu, but opines that Ms. Liu would be unable to produce the documents requested in the deposition subpoena by the noticed date of deposition—October 29, 2025.  Mr. Liu also takes issue with this deposition occurring towards the end of (but within the period of) fact discovery.  After weeks of attempting to coordinate a deposition with the defendants in this case, the Government seeks to depose Ms. Liu—the remaining witness who may be able to speak to some of the allegations and defenses in this case, and who was believed to live in the United States.  After multiple failed attempts to serve Ms. Liu and based on Mr. Craven's representations that Ms. Liu is currently located outside the United States, it is clear as a practical matter that the Government will not be able to depose Ms. Liu tomorrow, October 30, 2025, or prior to the close of fact discovery.  And, as of 5:04 pm this evening, the Court has granted Mr. Liu's motion to quash the October 30, 2025 deposition.

If the Government's request for sanctions is granted, the Government will no longer need to pursue a deposition of Ms. Liu, thus the Government will no longer pursue a deposition of Ms. Liu, and any remaining motion of Mr. Liu to quash will be mooted.  If the Government's request for sanctions is denied, the Government requests this Court extend fact discovery to January 30, 2025, to allow time to facilitate and complete the deposition of Ms. Liu.  This extension will not impact the overall Scheduling Order in this case.  *See* footnotes 10 and 12.

<u>Conclusion</u>

For these reasons, the Government respectfully requests that the Court grant the Government's motion for Rule 37 sanctions against Mr. Liu and his counsel – including sanctions under Rule 37(b)(2)(A)(i) - (vi), and Rule 37(d)(3) (reasonable expenses, including attorney's fees) – and deny Mr. Liu's motion to quash the subpoena of Ms. Liu.

Respectfully submitted,

BRETT A. SHUMATE
 Assistant Attorney General

PATRICIA M. McCARTHY
Director

<u>/s/ Franklin E. White, Jr.</u>
FRANKLIN E. WHITE, JR.
Assistant Director

<u>/s/ Anne M. Delmare</u>
ANNE DELMARE
DANIEL HOFFMAN
Trial Attorney
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0531
Email: anne.m.delmare@usdoj.gov

October 29, 2025                          *Attorneys for Plaintiff*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE**

|  |  |
|---|---|
| THE UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Consol. Court No. 22-215 |
| v. ) | |
| ) | |
| ZHE "JOHN" LIU, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S CERTIFICATION OF ATTEMPTS TO CONFER IN GOOD FAITH**

Pursuant to Rule 37(d)(1)(B) of the Rules of the United States Court of International Trade (USCIT R.), plaintiff, the United States certifies that it has in good faith conferred and attempted to confer with Mr. Liu, GL Paper Distribution, LLC (GL Paper), AB MA Distribution Corporation (AB MA), and CEK Group, LLC (CEK)—as outlined in plaintiff's Motion for Rule 37 Sanctions—in an effort to obtain the requested depositions without Court action.

Respectfully submitted,

BRETT A. SHUMATE
 Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/Anne M. Delmare
ANNE DELMARE
Trial Attorney
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202)
Email: @usdoj.gov

October 29, 2025                    *Attorneys for Plaintiff*

# ATTACHMENT A

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE**

|  |  |
|---|---|
| THE UNITED STATES, )<br><br>Plaintiff, )<br><br>v. )<br><br>ZHE "JOHN" LIU and )<br>GL PAPER DISTRIBUTION, LLC, )<br><br>Defendant. ) | No. 22-215 |
| THE UNITED STATES, )<br><br>Plaintiff, )<br><br>v. )<br><br>ZHE "JOHN" LIU and )<br>AB MA DISTRIBUTION )<br>CORPORATION, )<br><br>Defendant. ) | No. 23-116 |
| THE UNITED STATES, )<br><br>Plaintiff, )<br><br>v. )<br><br>ZHE "JOHN" LIU and CEK GROUP, LLC, )<br><br>Defendant. ) | No. 24-132 |

**NOTICE OF DEPOSITION OF GL PAPER DISTRIBUTION, LLC
PURSUANT TO USCIT R. 30(b)(6)**

Please take notice that pursuant to Rules of the United States Court of International Trade (USCIT R.), Plaintiff, the United States, will take the deposition of GL Paper Distribution, LLC. The deposition will start at 9:00 AM on Thursday, October 30, 2025, before a notary public or other officer duly authorized to administer oaths, at the Department of Justice offices at 1100 L St. NW Washington, D.C. 20005. The deposition shall be taken for purposes of discovery and/or evidence at trial in this action, and the deposition may be recorded by stenographic and/or audiovisual means.

Pursuant to USCIT R. 30(b)(6), defendant shall designate persons competent to testify on defendant's behalf as to the topics identified in the attached Exhibit A. Plaintiff reserves the right to identify more topics for which we will seek testimony.

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/Anne M. Delmare
ANNE DELMARE
Trial Attorney
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202)
Email: @usdoj.gov

October 15, 2025                    *Attorneys for Plaintiff*

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of October 2025, I caused to be served by electronic mail the foregoing "NOTICE OF DEPOSITION OF GL PAPER DISTRIBUTION, LLC PURSUANT TO USCIT R. 30(b)(6)" to David J. Craven at:

david.craven@tradelaw.com

dcraven@craventrade.com

   /s/ Anne M. Delmare   

### <u>EXHIBIT A</u>

1.   Knowledge of defendant GL Paper Distribution LLC's (GL Paper) general business information, including its formation and corporate paperwork, ownership and management, employees, phone number, and address.

2.   Knowledge of the operation and handling of the importation of merchandise by GL Paper.

3.   Knowledge of the pre-penalty notice dated March 23, 2022, and the penalty notice dated May 2, 2022, sent to GL Paper, and all written and oral responses to the pre-penalty and penalty notices.

4.   Knowledge of GL Paper's May 16, 2022, petition seeking mitigation of the penalty in this case.

5.   Knowledge of the information sought in the First Request for Admission, dated September 16, 2025 (Exhibit B), in paragraphs 81-132.

6.   The authenticity of GL Paper's business documents and records.

# ATTACHMENT B

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE**

| | | |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-215 |
| | ) | |
| ZHE "JOHN" LIU and | ) | |
| GL PAPER DISTRIBUTION, LLC, | | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-116 |
| | ) | |
| ZHE "JOHN" LIU and | ) | |
| AB MA DISTRIBUTION | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-132 |
| | ) | |
| ZHE "JOHN" LIU and CEK GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF DEPOSITION OF AB MA DISTRIBUTION CORPORATION, LLC
PURSUANT TO USCIT R. 30(b)(6)**

Please take notice that pursuant to Rules of the United States Court of International Trade (USCIT R.), Plaintiff, the United States, will take the deposition of AB MA Distribution Corporation, LLC (AB MA). The deposition will start at 9:00 AM on Wednesday, October 29, 2025, before a notary public or other officer duly authorized to administer oaths, at the Department of Justice offices at 1100 L St. NW Washington, D.C. 20005. The deposition shall be taken for purposes of discovery and/or evidence at trial in this action, and the deposition may be recorded by stenographic and/or audiovisual means.

Pursuant to USCIT R. 30(b)(6), defendant shall designate persons competent to testify on defendant's behalf as to the topics identified in the attached Exhibit A. Plaintiff reserves the right to identify more topics for which we will seek testimony.

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/Anne M. Delmare
ANNE DELMARE
Trial Attorney
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202)
Email: @usdoj.gov

October 15, 2025                *Attorneys for Plaintiff*

2

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October 2025, I caused to be served by electronic

mail the foregoing "NOTICE OF DEPOSITION OF AB MA DISTRIBUTION

CORPORATION, LLC PURSUANT TO USCIT R. 30(b)(6)" to David J. Craven at:

david.craven@tradelaw.com

dcraven@craventrade.com


   /s/ Anne M. Delmare   

## EXHIBIT A

1. Knowledge of defendant AB MA Distribution Corporation, LLC's (AB MA) general business information, including its formation and corporate paperwork, ownership and management, employees, phone number, and address.

2. Knowledge of the operation and handling of the importation of merchandise by AB MA.

3. Knowledge of the pre-penalty notice dated December 7, 2022, and the penalty notice dated December 30, 2022, sent to AB MA, and all written and oral responses to the pre-penalty and penalty notices.

4. Knowledge of AB MA's January 12, 2023, petition seeking mitigation of the penalty in this case, and AB MA's April 14, 2023, supplemental petition.

5. Knowledge of the information sought in the First Request for Admission, dated September 16, 2025 (Exhibit B), in paragraphs 133-162.

6. The authenticity of AB MA's business documents and records.

# ATTACHMENT C

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE**

| | |
|---|---|
| THE UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22-215 |
| ) | |
| ZHE "JOHN" LIU and ) | |
| GL PAPER DISTRIBUTION, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

| | |
|---|---|
| THE UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 23-116 |
| ) | |
| ZHE "JOHN" LIU and ) | |
| AB MA DISTRIBUTION ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

| | |
|---|---|
| THE UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 24-132 |
| ) | |
| ZHE "JOHN" LIU and CEK GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NOTICE OF DEPOSITION OF CEK GROUP, LLC**
**PURSUANT TO USCIT R. 30(b)(6)**

Please take notice that pursuant to Rules of the United States Court of International Trade (USCIT R.), Plaintiff, the United States, will take the deposition of CEK Group, LLC (CEK). The deposition will start at 9:00 AM on Tuesday, October 28, 2025, before a notary public or other officer duly authorized to administer oaths, at the Department of Justice offices at 1100 L St. NW Washington, D.C. 20005. The deposition shall be taken for purposes of discovery and/or evidence at trial in this action, and the deposition may be recorded by stenographic and/or audiovisual means.

Pursuant to USCIT R. 30(b)(6), defendant shall designate persons competent to testify on defendant's behalf as to the topics identified in the attached Exhibit A. Plaintiff reserves the right to identify more topics for which we will seek testimony.

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/Anne M. Delmare
ANNE DELMARE
Trial Attorney
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202)
Email: @usdoj.gov

October 15, 2025                    *Attorneys for Plaintiff*

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of October 2025, I caused to be served by electronic

mail the foregoing "NOTICE OF DEPOSITION OF CEK GROUP, LLC PURSUANT TO

USCIT R. 30(b)(6)" to David J. Craven at:

david.craven@tradelaw.com

dcraven@craventrade.com


___/s/ Anne M. Delmare___

## <u>EXHIBIT A</u>

1.  Knowledge of defendant CEK Group, LLC's (CEK) general business information, including its formation and corporate paperwork, ownership and management, employees, phone number, and address.

2.  Knowledge of the operation and handling of the importation of merchandise by CEK.

3.  Knowledge of the pre-penalty notice dated March 8, 2023, and the penalty notice dated May 12, 2023, sent to CEK, and all written and oral responses to the pre-penalty and penalty notices.

4.  Knowledge of the information sought in the First Request for Admission, dated September 16, 2025 (Exhibit B), in paragraphs 163-174.

5.  The authenticity of CEK's business documents and records.

# ATTACHMENT D

# S U B P O E N A

## *United States Court of International Trade*

The United States

                v.

Zhe "John" Liu, GL Paper Distribution, LLC, AB MA Distribution Corporation, CEK Group, LLC

:
:
:
:
:
:

COURT NUMBER:    22-215, 23-116, 24-132

TO:    Chen Liu
4884 New Broad St., Apt. 224
Orlando, FL 32814

☐ YOU ARE COMMANDED to appear in the United States Court of International Trade at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| VTC, Details to be provided (see Attachment A) | 10/30/25, 9AM EST |

Identify the method of recording: Video Recording

Any organization that is subpoenaed for the taking of a deposition must promptly confer in good faith with the party serving this subpoena about the matters set forth below, or those set forth in an attachment. The organization must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. See Rule 30(b)(6). These matters are:

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Via Document Sharing Platform, Details to Be Provided (see Attachment B) | 10/30/25, 9AM EST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Anne Delmare, Trial Attorney, Plaintiff | 10/24/25 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Anne Delmare, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, (202) 305-0531 | |

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | TITLE | |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                          SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

*Rule 45(d), (e), and (f):*

(d) <u>Protecting a Person Subject to a Subpoena; Enforcement</u>.

(1) <u>Avoiding Undue Burden or Expense; Sanctions</u>. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply.

(2) <u>Command to Produce Materials or Permit Inspection</u>.

(A) <u>Appearance Not Required</u>. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) <u>Objections</u>. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) <u>Quashing or Modifying a Subpoena</u>.

(A) <u>When Required</u>. On timely motion, the court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) <u>When Permitted</u>. To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) <u>Specifying Conditions as an Alternative</u>. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) <u>Duties in Responding to a Subpoena</u>.

(1) <u>Producing Documents or Electronically Stored Information</u>. These procedures apply to producing documents or electronically stored information:

(A) <u>Documents</u>. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) <u>Form for Producing Electronically Stored Information Not Specified</u>. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) <u>Electronically Stored Information Produced in Only One Form</u>. The person responding need not produce the same electronically stored information in more than one form.

(D) <u>Inaccessible Electronically Stored Information</u>. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) <u>Claiming Privilege or Protection</u>.

(A) <u>Information Withheld</u>. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) <u>Information Produced</u>. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(f) <u>Contempt</u>. The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

(As amended June 19, 1985, eff. Oct. 1, 1985; July 28, 1988, eff. Nov. 1, 1988; Oct. 3, 1990, eff. Jan. 1, 1991; Sept. 25, 1992, eff. Jan. 1, 1993; Sept. 30, 2003, eff. Jan. 1, 2004; Mar. 23, 2021, eff. May 3, 2021; Dec. 14, 2021, eff. Jan. 14, 2022.)

402

ATTACHMENT A
TO DEPOSITION
SUBPOENA

## DEPOSITION SUBJECTS

Chen Liu's name has appeared in various documents of businesses associated with defendant Zhe "John" Liu (Zhe Liu), including but not limited to:

- Signature card for NC Supply Bank of America account number 898047134866
- Signature card for NC Supply Wells Fargo account number 2290578836
- Receiving $64,765 in rent payments from NC Supply's Wells Fargo account number 2000014122972.
- NC Supply 2018 form 1099-MISC
- NC Supply 2019 form 1099-MISC
- NC Supply 2021 form 1099-NEC

The term "relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

Please be prepared to discuss all knowledge you have of Zhe Liu's business activities, including activities related to:

- NC Supply, Inc.
- NC Supply Group, LLC
- Garment Cover Supply LLC
- GL Paper Distribution LLC
- AB MA Distribution Corporation
- CEK Group, LLC
- Any other business related to anything imported into the United States

# ATTACHMENT B
# TO DOCUMENT SUBPOENA

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE**

|  |  |  |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-215 |
| | ) | |
| ZHE "JOHN" LIU and | ) | |
| GL PAPER DISTRIBUTION, LLC, | | |
| | ) | |
| Defendant. | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-116 |
| | ) | |
| ZHE "JOHN" LIU and | ) | |
| AB MA DISTRIBUTION | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-132 |
| | ) | |
| ZHE "JOHN" LIU and CEK GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S SUBPOENA FOR DOCUMENTS

Pursuant to Rule 30(b)(2) of the Rules of the United States Court of International Trade (USCIT R.), plaintiff, the United States, requests that Chen Liu produce the following requested documents.

## DEFINITIONS

1.      "Plaintiff," "The United States" or "the Government" refers to employees of United States Customs and Border Protection ("CBP" or "Agency"), and other Government agencies, who acted on behalf of the United States in enforcing the laws at issue in this case.

2.      "Defendants" refers to defendants, Zhe "John" Liu, GL Paper Distribution, LLC, AB MA Distribution Corporation, and CEK Group, LLC, and any of their subsidiaries, parents, divisions, affiliated companies and all other entities owned or controlled by it, its predecessors and successors, and its present and former officers, directors, agents, employees, representatives, consultants, attorneys, and all other persons acting or purporting to act on its behalf and under its control.

3.      "Liu" refers to Zhe "John" Liu.

4.      The term "correspondence" refers to every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether made or accomplished orally or by document, whether face to face, by telephone, mail, electronic mail, telex, facsimile, personal delivery, or otherwise.

5.      "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

6.      The term "person" means any natural person or legal entity, including but not limited to any business or governmental entity, organization, or association.  Any reference to a specifically named person, corporation, or other entity and any reference generally to a "person" shall include the employees, agents, representatives, or other person(s) acting on behalf of the referenced person.

7.      The term "document" is synonymous in meaning and equal in scope to its use in USCIT Rule 34(a)(1)(A), which states "any designated documents or electronically stored information— including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form[.]"  "Document" refers to any document now or at any time in defendants' possession, custody, or control.  A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person having physical possession of it.

8.      The terms "and" and "or" should be construed conjunctively or disjunctively as is necessary to make the request inclusive, rather than exclusive.

9.      The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

10.      The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

11.      In general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly literal, or otherwise restrictive manner.  A term not defined herein shall have the meaning ascribed to such term in the Complaints.

## REQUESTS FOR DOCUMENTS

DOCUMENT REQUEST NO. 1

All Documents related to Chen Liu's work with, or knowledge of, NC Supply, Inc.

DOCUMENT REQUEST NO. 2

All Documents related to Chen Liu's work with, or knowledge of, NC Supply Group, LLC.

DOCUMENT REQUEST NO. 3

All Documents related to Chen Liu's work with, or knowledge of, Garment Cover Supply LLC.

DOCUMENT REQUEST NO. 4

All Documents related to Chen Liu's work with, or knowledge of, GL Paper Distribution LLC.

DOCUMENT REQUEST NO. 5

All Documents related to Chen Liu's work with, or knowledge of, AB MA Distribution Corporation.

DOCUMENT REQUEST NO. 6

All Documents related to Chen Liu's work with, or knowledge of, CEK Group, LLC.

DOCUMENT REQUEST NO. 7

All Documents related to Chen Liu's work with, or knowledge of, any other business related to anything imported into the United States.

Respectfully submitted,

 /s/ Anne M. Delmare
ANNE M. DELMARE
Trial Attorney
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-0531
E-mail: Anne.M.Delmar@usdoj.gov

Attorney for Defendant